# EXHIBIT 1

I, Pi Yin Chiang, hereby declare:

That I possess advanced knowledge of Mandarin and English. My qualifications are as follows:

- BA from National Cheng Chi University in Taipei Taiwan and an MBA from Baruch College
- 20 years of experience in the translation and interpretation field
- A New York court certified interpreter in 2018

The attached translation of "Civil Judgment-(2018) Guangdong 20minchu30-Emerson_EN_02.27.2021" is, to the best of my knowledge and belief, a true and accurate translation from Mandarin to English.

All statements made in this declaration of my own knowledge are true and all statements made on information and belief are believed to be true. I make these statements with the understanding that willful false statements are the like are punishable by fine or imprisonment, or both.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on this 27 day of February, 2021.

At: email

_Pi Yin Chiang_

_____
                                        Pi Yin Chiang

# 中 华 人 民 共 和 国

# 广 东 省 中 山 市 中 级 人 民 法 院

# 民 事 判 决 书

（2018）粤20民初30号

原告：艾默生电气公司（Emerson Electric Co.），住所地美利坚合众国密苏里州圣路易斯市佛罗里森西大街8000号（8000 West Florissant Avenue St.Louis,Missouri USA）。

法定代表人：John M Groves。

委托诉讼代理人：孙涛，北京市君合律师事务所律师。

委托诉讼代理人：余翔，君合律师事务所上海分所律师。

被告：好而吉工业有限公司（HOMEEASY INDUSTRIAL CO.,LIMITED），住所地香港特别行政区九龙佐敦白加士街56号凯豪商业中心7楼1室。

法定代表人：雷飞，该公司董事。

被告：TCL空调器（中山）有限公司，住所地广东省中山市南头镇南头大道。

1

Exhibit 1, Page 2

法定代表人：李书彬，该公司董事长。

共同委托诉讼代理人：王向东，广东雅商律师事务所律师。

共同委托诉讼代理人：刘斌，广东雅商律师事务所律师。

原告艾默生电气公司（以下简称艾默生公司）诉被告好而吉工业有限公司（以下简称好而吉公司）、TCL 空调器（中山）有限公司（以下简称 TCL 公司）侵害商标权纠纷一案，本院于 2018 年 7 月 31 日立案受理后，依法适用普通程序，TCL 公司于 2018 年 9 月 19 日提起反诉，艾默生公司于 2018 年 9 月 29 日申请追加好而吉公司为共同被告参加诉讼，本院依法驳回 TCL 公司提出的反诉，依法追加好而吉公司作为共同被告参加诉讼，于 2018 年 12 月 20 日及 2019 年 5 月 9 日两次组织进行了证据交换，于 2019 年 5 月 15 日公开开庭进行了审理。原告艾默生公司的委托诉讼代理人孙涛、余翔，被告好而吉公司、TCL 公司的共同委托诉讼代理人王向东、刘斌均到庭参加诉讼。本案现已审理终结。

艾默生公司向本院提出诉讼请求：1. 判令好而吉公司、TCL 公司立即停止侵犯艾默生公司第 8571479 号、第 1979417 号、第 11042543 号注册商标专用权的行为；2. 判令好而吉公司、TCL 公司共同赔偿艾默生公司经济损失人民币 500 万元；3. 判令好而吉公司、TCL 公司共同赔偿艾默生公司为制止侵权行为而支付的相关合理费用共计人民币 50 万元。事实和理由：一、艾默生公司

Exhibit 1, Page 3

系第 8571479 号、第 1979417 号、第 11042543 号注册商标专用权人，上述商标均具有极高的显著性和影响力，其注册商标专用权受法律保护。二、未经艾默生公司许可，好而吉公司委托 TCL 公司生产涉案空调机等产品，且在该产品上使用了与艾默生公司注册商标完全相同或高度近似的 " EMERSON "（EMERSON QUIET KOOL）标识，并在中国内地宣传、推销、销售使用该标识的空调机及其他产品，足以造成相关公众混淆误认，其行为已构成对艾默生公司注册商标专用权的侵害。此外，经艾默生公司调查，好而吉公司还通过互联网及其在中国内地地区的分支机构在中国内地宣传、推销、销售涉案空调机及其他产品，且在该产品上均擅自使用了与艾默生公司注册的第 8571479 号、第 1979417 号、第 11042543 号注册商标相同或近似的 " EMERSON " 标识。好而吉公司的行为已构成对艾默生公司注册商标专用权的侵害，应承担相应的法律责任。三、TCL 公司接受好而吉公司委托，未经艾默生公司许可，在其生产、销售、出口的涉案空调机产品上擅自使用了与艾默生公司注册商标相同或高度近似的 " EMERSON " 标识，构成对艾默生公司第 8571479 号、第 1979417 号、第 11042543 号注册商标专用权的侵害。TCL 公司与艾默生公司同属业内公司，基于 "EMERSON" "EMERSON QUIET KOOL" 商标的知名度，TCL 公司明知艾默生公司在中国有 "EMERSON" "EMERSON QUIET

3

KOOL"商标的存在以及该商标在空调机等产品上的知名度,其仍然接受好而吉公司的委托,在其生产、销售、出口的空调机产品上使用涉案的" EMERSON "标识,与艾默生公司已注册的"EMERSON""EMERSON QUIET KOOL"等商标相同或高度近似,其与好而吉公司均已构成共同侵犯艾默生公司注册商标专用权的行为,应当承担连带侵权责任。综上,好而吉公司与 TCL 公司的行为侵犯了艾默生公司的注册商标专用权,应承担停止侵权、赔偿损失等侵权责任。

艾默生公司为支持其诉讼请求,向本院提交了如下主要证据:

1. 第 8571479 号、第 1979417 号、第 11042543 号注册商标证书。拟此证明其享有该注册商标的专用权。

2. 慧聪网、新浪网、中华网、中关村在线网页资料;

3.《中国工业机房空调行业年度研究报告》及来源于上海图书馆检索"EMERSON"在中国内地期刊中的报道。

拟以上述证据证明艾默生公司在空调机产品上使用相关注册商标,EMERSON 品牌在中国享有极高知名度。

4. 拱北海关进出口货物知识产权状况通知书及扣留相关产品的材料;

5.（2018）粤广南方第 052269 号、第 058716 号、第 062011 号公证书;（2018）沪东证经字第 10824 号、第 10825 号、第

17961 号公证书及部分内容的翻译。

　　拟以上述证据证明好而吉公司、TCL 公司的侵权行为。

　　6.（2019）沪东证经字第 1009 号公证书及部分内容翻译、《美国商标审查指南 American Trademark Manual of Examining Procedure》第 4688893 号美国商标信息及其翻译。拟证明第 1119176 号、第 1612846 号美国注册商标均已被注销，艾默生静酷有限公司不可能继受第 1119176 号、第 1612846 号两个在先注册商标的任何权利，"Prior Registrations" 信息仅仅是为了方便商标审查，并不代表相关商标之间存在继受或延续关系。

　　7.（2018）沪徐证经字第 90063 号公证书。拟证明 www.geekol.com 网站内容与好而公司网站 www.home-easy.net 内容相同。

　　好而吉公司辩称，一、好而吉公司接受美国商标权人艾默生静酷有限公司的授权，再许可 TCL 公司贴牌加工窗式空调机产品，由于该贴牌加工生产的产品全部出口至美国，属于涉外贴牌加工行为，不构成商标侵权，好而吉公司认同 TCL 公司的答辩意见，以 TCL 公司的答辩为准。二、好而吉公司未在中国内地实际使用 "EMERSON QUIET KOOL" 商标，并未在中国内地对 "EMERSON QUIET KOOL" 进行商标法意义上的商标使用，艾默生公司的公证书证据属于故意设置陷阱取证，不能证明好而吉公司的行为属于商标使

用行为。（一）艾默生公司提交的公证书不能证明好而吉公司在中国内地销售了 "EMERSON QUIET KOOL" 商标的空调器，好而吉公司在中国内地不进行任何商品的销售，在中国内地也没有任何销售门店或者场所。艾默生公司两份公证书中所描述的 "申请人的代理人李春贵以普通消费者的身份在上述地点购买了 1 件商品" 完全不属于客观事实，该描述是完全错误的，该公证书在没有核实李春贵真实身份的情况下做出该种描述完全失实，实际情况是艾默生公司代理人李春贵使用虚假的名片（名片显示是李文斌），冒充纽威集团（中国）采购中心的李文斌，谎称其有南非客户想要订购空调、除湿机产品，并且还明确要求好而吉公司在提供给南非客户的样机上使用 "EMERSON QUIET KOOL" 标识，要求好而吉公司提供样机给他，由他再提供给南非客户进行性能测试，好而吉公司办事处人员以为真是南非客户想要订购产品，按照李春贵的要求向代工厂下单定制了空调和除湿机样品给李春贵，由李春贵发给其南非客户测试产品性能。好而吉公司本身没有任何的库存商品可以进行销售。（二）本案中好而吉公司提供样机给南非客户的行为并非是商标法意义上的商标使用行为，是艾默生公司故意设置陷阱引诱好而吉公司在定制的样机上使用 "EMERSON QUIET KOOL" 标识并向其提供。且提供的样机采用的是南非标准，产品面板是英文标注，说明书也是全英文，电源插

头只能适用于南非，在国内无法使用。且该样机没有中国国内法律法规要求的强制 3C 认证标识，也没有国内法律法规强制要求的能效标识，中国国内根本是不能销售和使用，好而吉公司向李春贵提供样机的行为并不构成商标法意义上的销售。好而吉公司无论是从主观上还是客观上并没有在中国内地销售带有"EMERSON QUIET KOOL"商标商品的意图，并不是向国内普通消费者销售，且该样机在国内无法使用，没有损害商标的识别功能，不构成商标法意义上的商标使用。（三）至于（2018）沪东证经字第 17961 号公证书中好而吉公司的网站，艾默生公司在国内公证处打开该网站并进行公证不能证明好而吉公司在国内对"EMERSON QUIET KOOL"商标进行了商标使用。首先该网站网页是全英文的，网站展示的产品采用的是美国标准，其本身就是面向美国客户，该美国标准的产品在国内是无法使用的。而且好而吉公司是经过美国注册商标权人授权的，其有权在自己的网站上展示标有"EMERSON QUIET KOOL"商标的商品（该行为属于许诺销售），因为商标权本身具有地域性，而互联网是全球化的，不能认为国内能够打开该网站，就认为其构成商标法意义上商标使用。且好而吉公司在中国内地的办事处仅是用于办理涉外贴牌加工的联系代工厂事宜，产品也是全部出口至国外的，不具体从事商品销售宣传推广业务，没有对"EMERSON QUIET KOOL"商标进

行过商标性使用。(四)对于公证的京东全球购网页上的"EMERSON QUIET KOOL"除湿机商品,该产品已经下架,显示是美国直邮,即需要从美国进口,且该产品标准使用的是美国标准,使用时电压是不一样的,而且该京东全球购网页内容中没有任何内容与好而吉公司有关,更加不可能构成商标侵权。综上,好而吉公司授权 TCL 公司进行涉外贴牌加工不构成商标侵权,且好而吉公司未在中国内地对 "EMERSON QUIET KOOL" 商标进行商标性使用,好而吉公司的行为不构成商标侵权,应当驳回艾默生公司的全部诉讼请求。

好而吉公司为支持其抗辩主张,向本院提交了如下证据:

罗晓南与李春贵微信聊天记录及李春贵的名片。拟证明艾默生公司公证取证的证据属于陷阱取证,是在李春贵的要求下印上商标,好而吉公司并未在中国内地进行商业性的商标使用,不构成商标法意义上的商标使用。

TCL 公司辩称,一、TCL 公司接受好而吉公司授权为之贴牌加工的美国商标 EMERSON QUIET KOOL 是一个历史悠久、具有较高知名度的美国商标 ( 注册号 4688893 ),最早由 Emerson Radio Corporation ( 以下称:艾默生无线电公司 ) 于 1949 年在美国投入商业使用,经多次转让后,该美国商标现为 EMERSON QUIET KOOL CO. Ltd ( 艾默生静酷有限公司 ) 所有,艾默生静酷有限公

司将该美国商标授权许可给好而吉公司使用,好而吉公司又再许可给 TCL 公司贴牌加工。二、艾默生公司主张 TCL 公司侵害其第 8571479 号 EMERSON QUIET KOOL 注册商标专用权,该主张不成立。TCL 公司接受境外委托人的委托加工空调机产品,在空调机产品上贴附 " EMERSON QUIET KOOL " 商标标识属于涉外贴牌加工行为,且贴牌加工的商品全部出口至美国商标权人所在国。贴牌加工的商品未进入国内流通环节,产品上所贴附的商标无法在国内起到识别商品来源的作用,因此 TCL 公司贴附商标行为非商标法意义上的使用行为,不构成商标侵权。而且,根据艾默生公司与美国"EMERSON QUIET KOOL" 商标原权利人欧威尔香港技术有限公司于 2009 年签署的《和解协议》的约定,艾默生公司在美国并不能在空调机产品上使用 "EMERSON QUIET KOOL" 商标, 所以带有 "EMERSON QUIET KOOL" 商标的空调机产品全部出口至美国销售, 并不会损害艾默生公司的任何权益。 再者, 艾默生公司在国内注册第 8571479 号 EMERSON QUIET KOOL 商标明显具有恶意, 属于违背《中华人民共和国商标法》所规定的诚实信用原则的抢注行为, 现在又以商标侵权为由提起诉讼,试图达到打压境外委托人的意图, 艾默生公司的诉求不应当得到支持。艾默生公司主张 TCL 公司侵害其第 8571479 号 EMERSON QUIET KOOL 注册商标权是不成立的。 三、 艾默生公司主张 TCL 公司侵害其第 1979417 号

9

"EMERSON"注册商标专用权不成立。艾默生公司在空调类产品上对"EMERSON"标识不享有任何商标权益,其无权主张"EMERSON"标识在空调类产品上的商标权,而且TCL公司在空调机产品上贴附"EMERSON"标识与艾默生公司第1979417号"EMERSON"商标不相同、不近似,艾默生公司第1979417号注册商标核定使用的商品中也没有空调类产品,与空调类产品也不属于类似商品,TCL公司不侵害其商标专用权。四、艾默生公司主张TCL公司侵害其第11042543号"EMERSON"注册商标专用权不成立。TCL公司涉外贴牌加工在空调机产品上贴附的"EMERSON"标志与第11042543号"EMERSON"商标不构成近似,TCL公司贴牌加工的空调机产品与第11042543号注册商标所指定的商品也不类似,不侵害其商标专用权。综上,TCL公司在委托加工的空调机产品上使用"EMERSON"标志,属于涉外贴牌加工,既不具有区分所加工商品来源的功能,也不能实现识别该商品来源的功能,故其贴附的"EMERSON"标志不具有商标的属性,在产品上贴附标志行为亦不能被认定为商标意义上的使用行为,不构成商标侵权。

　　TCL公司为支持其抗辩主张,向本院提交了如下主要证据:

　　1.美国专利商标局官网上"EMERSON QUIET KOOL"商标的注册信息及其翻译件、商标转让证明及翻译件、艾默生静酷有限公

司的主体资格证明及翻译件。拟证明艾默生静酷有限公司是该商标的商标权人、商标的继受人，依法享有和解协议所约定的权利。

2. "EMERSON QUIET KOOL"商标授权书及翻译件、好而吉公司的商业登记证。拟证明好而吉公司获得商标权人的许可并有权许可他人贴牌加工。

3. 承揽加工协议。拟证明好而吉公司委托 TCL 公司贴牌生产带该商标的空调机并全部出口到美国。

4. 出口货物报关单、中山海关扣留决定书和扣留清单、进出口货物知识产权状况通知书。拟证明 TCL 公司生产的空调机全部出口到美国。

5. TCL 公司关于 TCL 涉外贴牌加工空调机被扣押的说明。

6. 欧威尔香港技术有限公司与艾默生公司和解协议。拟证明艾默生公司明知 "EMERSON QUIET KOOL" 的商标继受人在美国享有该商标的专用权，恶意在中国抢注 "EMERSON QUIET KOOL"。

7. 注册号为 1119176 号美国注册商标"EMERSON QUIET KOOL"的相关注册材料及转让情况。拟证明 "EMERSON QUIET KOOL" 商标在美国早在 1977 年就申请注册，第 4688893 号"EMERSON QUIET KOOL" 商标承继自 1119176 号商标。

8. 第 954975 号 "EMERSON"、第 7272623 号 "EMERSON" 注册商标打印件。拟证明艾默生无线电公司拥有该两个注册商标。

Exhibit 1, Page 12

9.第9694557号"EMERSON"商标申请的商标档案资料。拟证明艾默生公司曾试图在移动式家用窗式空调、壁挂式空调等商品上申请"EMERSON"商标,但由于艾默生无线电公司在相同或类似商品上有近似商标,该商标申请被驳回。

10.第11042543号"EMERSON"商标申请的商标档案。拟证明艾默生公司在驳回复审中承认其是生产工业产品,而不是生产家用消费品,所以商标不会混淆,而且该商标是取得了艾默生无线电公司的同意函后才取得注册成功的,所以,家用窗式空调与该商标所指定使用的商品不类似,同时,既然相同文字都能共存,本案"EMERSON QUIET KOOL"商标与"EMERSON"也不会混淆近似。

11.艾默生公司与艾默生无线电公司的历史比较图表。拟证明"EMERSON QUIET KOOL"注册商标的历史沿革。

12.美国专利商标局官网上关于"Prior registrations"定义网页打印件及该定义的翻译。拟证明"Prior registrations"的含义是商标申请人或者商标权人拥有的其他美国注册商标的注册号,即可以证明本案的在先注册商标第1119716号与第4688893号商标均是同一商标权人,自然享有对原第1119176号商标的商标权益。

本院组织当事人就上述证据进行了证据交换和质证:

对艾默生公司提交的证据,好而吉公司和 TCL 公司共同认为:对证据一的真实性、合法性确认,关联性不予确认。对证据二中除中关村在线外的其余网页资料的真实性确认,但对网页报道内容的真实性不予确认。对证据三中研究报告的真实性、合法性、关联性均不予确认,对期刊报道形式上的真实性予以确认,内容的真实性不予确认。对于证据四中海关查扣资料的真实性、合法性确认。对于证据五、证据六、证据七的真实性、合法性确认,关联性均不予确认。

对于好而吉公司提交的证据,艾默生公司对证据的真实性确认,关联性不确认。TCL 公司对证据的真实性、合法性、关联性均予以确认。

对 TCL 公司提交的证据,艾默生公司认为:对证据一、证据二、证据三、证据四、证据五、证据七的真实性、合法性确认,关联性不确认。对证据六的真实性确认,但此并非和解协议,应当是同意协议,与其他公司无关,不确认 TCL 公司所述证明目的。对证据八的真实性确认,关联性不确认。对证据九、证据十的真实性确认,但认为该证据取得途径涉嫌违法,TCL 公司应当提供解释,同时,该证据与 TCL 公司使用的商标是否侵权无关。对证据十一的真实性不确认,且与本案无关。对证据十二的真实性确认,但与本案无关。好而吉公司对证据的真实性、合法性、关联

Exhibit 1, Page 14

性均予以确认。

　　本院对双方彼此提交的证据的真实性、合法性无异议的证据均予以确认，对于双方彼此存在争议的证据，认证如下：对于艾默生公司提交的证据三真实性、合法性予以确认。对于 TCL 公司提交的证据八、九、十、十一部分系网页搜索材料的打印件，且上述证据与本案无关，不予评述。对于双方证据的关联性以及证明力后述。

　　本院根据艾默生公司的调查取证申请，依法向拱北海关发函调查。艾默生公司、好而吉公司、TCL 公司对法院调查证据的真实性、合法性、关联性均予以确认，本院对此均予以确认。

　　针对海关出具的材料，反映 TCL 公司自 2016 年已开始出口 EMERSON 品牌空调机，好而吉公司、TCL 公司庭后补充提交了如下证据：

　　1. 两份商标授权书及翻译件；

　　2. 好而吉公司与 TCL 公司签订的承揽加工协议三份；

　　3. 经公证认证的艾默生静酷有限公司首席执行官的授权宣誓公证书及其翻译件。

　　拟证明 2016 年、2017 年好而吉公司已接受美国商标权人的授权使用涉案商标，且有权许可和委托 TCL 公司贴牌加工带该商标的产品并出口，该行为不应当认定为商标侵权。

　　艾默生公司对上述补充证据质证认为：好而吉公司与 TCL 公司属于逾期举证，其对该补充证据不予质证，不应当被采纳。同时认为：两份商标授权书、三份承揽加工协议均由好而吉公司与 TCL 公司掌握，不存在难以取得的情形，故意庭后提交，显属恶意拖延诉讼，应予以惩戒，且该证据未经公证认证，且未经质证，对其真实性不予认可。对授权宣誓书的真实性、合法性均有异议，认为授权宣誓书至多是案外人的单方面陈述，没有商标许可协议印证，且与之前提供商标授权书上的签字人不一，未提供其他材料证明该签字人有权代表艾默生静酷有限公司对外签署文件。

　　好而吉公司与 TCL 公司庭后提交的补充证据，均与原件一致，且系基于开庭时出现的新证据进行的补充，不逾举证期限，对其真实性、合法性予以确认，是否具备关联性及证明力后述。

　　根据上述经本院认证的证据及当事人的有关陈述，本院查明以下事实：

　　一、关于艾默生公司系列商标注册情况

　　艾默生公司于 1890 年成立于美国，在中国申请注册了"EMERSON""EMERSON QUITE COOL"等商标。具体注册情况如下：第 8571479 号 EMERSON QUIET KOOL 商标，核定使用商品是第 11 类的空气调节装置；空调机；空气冷却装置；空气调节设备；除湿器；家用除湿器；暖通空调；工业用空气除湿器，注册有效期

限自 2011 年 9 月 28 日至 2021 年 9 月 27 日。第 1979417 号 **EMERSON**
商标，核定使用的商品为第 11 类的空气净化器、照明器械及装
置、吊扇、促进空气循环装置等商品，注册有效期限自 2002 年
11 月 28 日至 2012 年 11 月 27 日止，后续展至 2022 年 11 月 27
日。第 11042543 号 **EMERSON** 商标，核定使用的商品为第 11
类的以水为冷却剂的冷却装置；水冷却装置；冷藏柜、冷藏集装
箱等商品，注册有效期限自 2015 年 7 月 28 日至 2025 年 7 月 27
日。

　　二、关于艾默生公司品牌知名度以及企业知名度的情况

　　艾默生公司属于世界 500 强企业。

　　根据北京智信道科技有限公司发布的《2015 年中国工业机
房空调行业年度研究报告》《2016 年中国工业机房空调行业年度
研究报告》记载：艾默生品牌占据行业主导地位，机房空调销售
额及销售占比均居第一，其中 2015 年销售额占据国内市场将近
40％的市场份额。2017 年政府采购机房空调清单有品牌 Emerson。

　　根据上海图书馆上海科学技术情报研究所文献服务部出具
的《检索报告》显示：1. 2018 年的《国际商报》载明：70 年代
艾默生进入中国市场，地暖空调一体机的问世标志着艾默生中国
业务的进一步拓展以及在中国舒适家居市场参与度的提升。目前
已在中国 10 个城市设立了 20 家生产设施，15 家工程及研发中

Exhibit 1, Page 17

心，中国目前是艾默生全球第二大市场。2.《深圳都市报》（2017-12-01）记载：从数据中心制冷方案提供商来看，国际上领先的三家企业分别是美国的艾默生（EMERSON），德国的世图兹，法国的施耐德。这几家公司在传统的机房空调领域占据了很大的市场份额。这些在中国市场行销的国际品牌，曾经营销最顺畅的就是艾默生。3.数份招标公告、媒体报道记载艾默生公司机房空调系统的销售区域有广东、重庆、江苏、陕西、辽宁以及中央国家机关等。

根据慧聪网、新浪网等报道，艾默生公司在 2018 年 3 月 9 日发布面向消费者的地暖空调，艾默生自上世纪 70 年代便已进入中国市场，目前已在中国 10 个城市设立了 30 多家企业，包括 20 家生产设施、15 家工程及研发中心。

三、关于被诉侵权行为的情况

2018 年 5 月 28 日，拱北海关扣留了一批由 TCL 公司出口至美国的窗式空调器 604 台，总价 59237.98 美元，商品及其外包装上均有" EMERSON "。

2018 年 8 月 24 日广东省广州南方公证处出具的（2018）粤广南方第 052269 号公证书记载：2018 年 8 月 20 日，公证员及公证员助理会同艾默生公司的代理人李春贵来到位于广东省顺德区容桂街道昌宝西路天富来国际工业城二期 2 楼，标示有

"HOMEEASY INDUSTRIAL CO.LTD" 字样的办公场地，李春贵以普通消费者的身份在上述地点购买了 1 件商品，当场取得单据一张、名片一张，公证员对现场，所购得的商品、单据、名片进行拍照。照片显示：现场展示的空调器以及购买的空调器上均有 "  "。

销售罗晓南的名片显示：香港办事处：香港九龙佐敦白加士街 56 号凯豪商业中心 7 楼 701 室，国内办事处：广东省佛山市顺德区容桂街道容里昌宝西路 37 号天富来国际工业城二期 1 座 201 室，http://www.home-easy.net。

2018 年 9 月 29 日广东省广州南方公证处出具的（2018）粤广南方第 058716 号公证书记载：2018 年 9 月 25 日，公证员及公证员助理会同艾默生公司的代理人李春贵来到位于广东省顺德区容桂街道昌宝西路天富来国际工业城二期 1 座 2 楼，标示有 "HOMEEASY INDUSTRIAL CO.LTD" 字样的办公场地，李春贵以普通消费者的身份在上述地点购买了 2 件商品当场取得单据一张、名片一张，公证员对现场，所购得的商品、单据、名片进行拍照。照片显示：现场展示的除湿机以及购买的除湿机上均有"EMERSON QUIET KOOL"。

2018 年 10 月 30 日广东省广州南方公证处出具的（2018）粤广南方第 062011 号公证书记载：2018 年 10 月 16 日，艾默生

公司的代理人李春贵向公证处申请证据保全公证，公证员及公证员助理随李春贵来到广州"中国进出口商品交易会"中标注"广东省中山食品水产进出口集团有限公司""GeeK"字样的展位，李春贵在该展位获得了名片二张与宣传图册一本。公证员对所处位置、展位外观进行拍照，取得照片17张，对名片及图册封面、封底及部分内页进行拍照，取得照片20张，名片显示林健森，业务经理，电话+86-13702998372/+86-757-28878372, Asia Pacific: Rm201, Building1, No.37 Changbao WestRoad , Ronggui, Shunde, Foshan City, Guangdong, China. 名片背面为"GeeK 极咖 WWW.geekol.com"，宣传画册封底显示好而吉公司，http://www.home-easy.net，地址与名片的地址相同。

2018 年 6 月 13 日，上海维甄知识产权代理有限公司向上海市东方公证处申请办理保全证据公证，2018 年 6 月 27 日，上海市东方公证处出具的（2018）沪东证经字第 10824 号、第 10825 号两份公证书记载：公证员、公证人员及申请人的代理人一同来到公证处保全证据取证室，由公证人员按照申请人的指引在公证处的电脑上进行操作，通过 Google Chrome 浏览器，在地址栏输入 "www.blbaidu.com" 进入该网址页面，在搜索栏输入"盒子比价网"点击百度一下链接，输入 "EMERSON QUIET KOOL"，显示亚马逊及京东网上有美国直邮 "EMERSON QUIET KOOL" 50 品

脱、30 品脱除湿机商品销售。通过 Google Chrome 浏览器，在地址栏输入 "www.b1baidu.com" 进入该网址页面，在搜索栏输入 "emerson quiet kool 京东"，点击百度一下链接，进入京东全球购，显示美国直邮 "EMERSON QUIET KOOL" 50 品脱除湿机，并标注该商品已下架，非常抱歉！。

2018 年 10 月 8 日，君合律师事务所上海分所向上海市东方公证处申请办理保全证据公证，2018 年 10 月 18 日，上海市东方公证处出具的（2018）沪东证经字第 17961 号公证书记载：公证员、公证人员及申请人的代理人一同来到公证处保全证据取证室，由公证人员按照申请人的指引在公证处的电脑上进行操作，通过 Google Chrome 浏览器，在地址栏输入 "www.b1baidu.com" 进入该网址页面，在搜索栏输入 "HOMEEASY"，点击百度链接进入 HOMEEASY 的网页，网页上对标有 "EMERSON QUIET KOOL" 商标的空调机、除湿机进行了宣传。有 30 Pints、50 Pints、70 Pints 空调等。

此外，本院依据艾默生公司的调查申请，依法向拱北海关调取了 TCL 公司的出口数据材料，材料反映 TCL 公司自 2017 年 1 月至 2018 年 5 月，向美国出口 "EMERSON QUIET KOOL" 牌空调器共计 41126 台，金额为人民币 27383374 元。

四、"EMERSON QUIET KOOL" 商标在美国的注册、使用及授

权情况

　　注册号为第 468893 号的 "EMERSON QUIET KOOL" 商标于 2010 年 3 月 1 日在美国申请注册，公示时间是 2013 年 6 月 11 日，注册日期是 2015 年 2 月 17 日，商品及服务类别是国际分类第 11 类，美国分类第 013 021 031 034 类，商品及服务：便携式紧凑型住宅门窗和墙壁室内空调机组，首次使用时间 20141105，进入商业使用时间 20141105，注册人是艾科荷兰私人有限公司，受让人是全美分体空调公司，最新登记所有人是艾默生静酷有限公司。2017 年 1 月 10 日，该注册商标的所有利益和商誉由全美分体空调公司转让给艾默生静酷有限公司。2018 年 1 月 1 日，艾默生静酷有限公司总裁 Zhou Yuan Hui 出具商标授权书，内容为：艾默生静酷有限公司作为注册号为 77946976、注册号为 468893 的商标的所有权人，授权给好而吉公司在家用窗式和墙式空调，移动空调和除湿机上使用该注册商标，好而吉公司有权再许可和委托第三方贴牌加工带有该注册商标的产品，第三方公司包括但不限于……TCL 公司。上述空调产品仅可在美国进行销售/分销/消费。授权书有效期为 2018 年 1 月 1 日至 2018 年 12 月 31 日。

　　2016 年 6 月 1 日、2017 年 1 月 1 日，艾默生静酷有限公司总裁 Zhou Yuan Hui 分别出具了两份商标授权书，内容与前述

2018 年的商标授权书内容相同，有效期限分别为 2016 年 6 月 1 日至 2016 年 12 月 31 日、2017 年 1 月 1 日至 2017 年 12 月 31 日。

2019 年 9 月 23 日，Haimo Zhong 出具授权宣誓公证文书，内容为：其是艾默生静酷有限公司的首席执行官，鉴于艾默生静酷有限公司是注册商标的拥有者，艾默生静酷有限公司自 2014 年在美国专利商标局注册，授权好而吉公司自 2016 年期有权使用 Emerson Quiet Kool 商标开展业务，本授权有效期为 5 年，自 2016 年 11 月 1 日起至 2021 年 10 月 1 日止。5 年之后经双方同意，续签授权书。

好而吉公司于 2005 年 6 月 28 日依据香港公司条例注册成立。依据前述三份商标授权书，好而吉公司与 TCL 公司分别于 2016 年 11 月 9 日、2017 年 11 月 1 日、2017 年 12 月 2 日、2018 年 1 月 15 日签订了四份《承揽加工协议》，好而吉公司委托 TCL 公司承揽加工 "EMERSON QUIET KOOL" 商标空调，上述空调仅出口到美国，在美国销售，不得在中国国内销售。好而吉公司确保获得合法的贴牌商标和标识的使用权，并须向 TCL 公司提供证明文件，如因商标与标识未经有效授权引起的法律纠纷与行政处罚与 TCL 公司无关，由好而吉公司全权负责，包括赔偿款、律师费等责任。上述 2018 年的承揽加工合同约定的加工数量是 604 台，

其余三份承揽加工合同约定的加工数量是 41126 台。

五、本院还查明的其他事实

好而吉公司认为艾默生公司提交的广东省广州南方公证处出具的（2018）粤广南方第 052269 号、第 058716 号公证书中记载的公证购买行为存在陷阱取证。为此，其提交了艾默生公司的代理人李春贵公证购买上述商品之前与好而吉公司的销售罗晓南的微信聊天记录，主要内容如下：

李：订购 WindowA/C 型号：EBRC5MD1 可移动空调（PortableA/C）：EBPC8RD1，除湿机(Dehumidifiers)EBD30E1，各一台作为样机，样品机应该有现货的吧？也要订？罗：肯定没有的，这些机型是卖美国的，南非估计用不了现成的面板。样机是用我们的品牌还是不加 logo?告诉客户在南非的主要销售渠道？李：与客户商量一下，还是使用你们的 logo，这个是客户的商业信息，客户恐怕不会告诉我们。罗：样机我们跟工厂沟通了，他们说目前的面板只能卖给我们美国，非洲市场的面板这周会到，然后发给您参考，工厂一般会把不同市场和客户用不同面板来区分。李：这款不是你们自己的品牌是吧？罗：logo 会改成我们自己的。李：我问问回复你，客户回复可以更改。什么时候可以给我？罗：预计下周，还要换 logo，做整机检测。……这次样机因工厂太忙，说没时间去印 logo。李：我刚刚与客户

23

沟通了，对方说没有'logo 不好销售和展示。罗：我问了工厂 logo 丝印会在周四做好，所以最终样机要到周五了，麻烦周五过来取吧。……李：上次你说你们会参加广交会，是吗？我这边有几个客户会过来广州参加广交会，到时我介绍一下。罗：4.2 A 87，这是我们的展位号，欢迎过来。非洲客户吗？李：有非洲的，也有欧美的。罗：可以卖我们 emersong 的品牌吗？李：OK，这个我不是太清楚，你们主要展出自己的品牌，对吗？罗：也可以 OEM。

本院认为：艾默生公司是第 8571479 号 EMERSON QUIET KOOL、第 1979417 号 EMERSON、第 11042543 号 "EMERSON" 注册商标的商标权人，上述商标均在有效期内，依法应当受到法律保护。

本案的争议焦点有：一是好而吉公司、TCL 公司是否构成侵害第 8571479 号、第 1979417 号、第 11042543 号商标专用权的问题；二是如果构成侵权，应当如何承担民事责任。

关于争议焦点一，好而吉公司、TCL 公司是否构成侵害第 8571479 号、第 1979417 号、第 11042543 号商标专用权的问题。艾默生公司所诉侵权行为具体体现为：好而吉公司委托 TCL 公司在生产的空调机产品标有 " EMERSON QUIETKOOL " 标识，TCL 公司出口的空调机上标有 " EMERSON QUIETKOOL " 标识，从好而吉公司购买的空调机上标有 " EMERSON QUIETKOOL " 标识，除湿机上标有 "EMERSON QUIET KOOL"

Exhibit 1, Page 25

标识，好而吉公司的网页上宣传有"EMERSON QUIET KOOL"空调机、除湿机的内容。首先，依据《中华人民共和国商标法》第五十七条规定"有下列行为之一的,均属侵犯注册商标专用权:(一) 未经商标注册人的许可,在同一种商品上使用与其注册商标相同的商标的;（二）未经商标注册人的许可,在同一种商品上使用与其注册商标近似的商标,或者在类似商品上使用与其注册商标相同或者近似的商标,容易导致混淆的; ……"对于是否侵害艾默生公司第 1979417 号、第 11042543 号注册商标权的问题，由于第 1979417 号、第 11042543 号注册商标核定使用的商品为空气净化器、以水为冷却剂的冷却装置等商品,与被诉侵权商品---空调机、除湿机既不属于相同商品，也不属于类似商品，因此，无论是否构成近似均不构成侵害第 1979417 号、第 11042543 号注册商标权专用权,被诉侵权标识不构成对第 1979417 号、第 11042543 号注册商标专用权的侵害。好而吉公司、TCL 公司辩称不侵害第 1979417 号、第 11042543 号注册商标专用权的理由成立。

对于是否侵害艾默生公司第 8571479 号注册商标权的问题，该注册商标核定使用的商品有空调机、除湿机，被诉侵权标识 "  " "EMERSON QUIET KOOL" 使用在空调机以及除湿机上,与第 8571479 号  注册商标核定使用的商品相同，经比对，被诉侵权标识 "  " "EMERSON

QUIET KOOL"与第 8571479 号 EMERSON QUIET KOOL 注册商标相近似。因此，TCL 公司、好而吉公司构成在相同商品上使用与第8571479 号注册商标相近似的标识的行为。

是否构成侵害商标权,尚需判断该使用是否属于商标性使用,该使用行为是否导致混淆。此也是好而吉公司、TCL 公司抗辩不构成侵权的主要理由。依据《中华人民共和国商标法》第四十八条"本法所称商标的使用,是指将商标用于商品、商品包装或者容器以及商品交易文书上,或者将商标用于广告宣传、展览以及其他商业活动中,用于识别商品来源的行为。"好而吉公司、TCL公司的前述使用行为均属于在商品、广告宣传中使用被诉侵权标识的行为,是否属于商标的使用,则需考量该使用是否用于识别商品来源。好而吉公司、TCL 公司抗辩该使用属于涉外定牌加工,在国内不具备识别商品来源的作用。首先,关于加工承揽合同以及授权宣誓公证和微信聊天记录证据的证明力的问题。一是加工承揽合同和授权宣誓公证的证明力问题,二者的内容能彼此印证,足以证明艾默生静酷有限公司在 2016 年 6 月 1 日至 2016 年 12月 31 日、2017 年、2018 年已经授权好而吉公司使用美国注册的"EMERSON QUIET KOOL"商标的事实。二是关于微信聊天记录的证明力问题,艾默生公司提交的广东省广州南方公证处出具的（2018）粤广南方第 052269 号公证书、第 058716 号公证书显示,艾默生公司在好而吉公司的办公场所购买了标有被诉侵权标识

的商品,好而吉公司称艾默生公司的公证购买行为存在陷阱取证,该证据取得不合法。但是,从购买双方进行购买商议的微信聊天记录以及实际公证购买的过程看,艾默生公司委托他人进行购买行为并不违反法律规定,且在整个购买过程中,购买者并没有采取某种方式引诱好而吉公司出售标有被诉侵权标识的商品的行为,因此,艾默生公司的公证购买行为符合法律规定,TCL 公司辩称该证据不合法的理由不成立,不予采纳。本院确认公证购买证据的证明力。其次,涉外定牌加工是改革开放以来我国对外贸易的重要方式,通常是指国内生产商经国外合法商标权利人合法授权进行生产,并将所生产的产品全部出口至该商标权人享有商标权的国家和地区的国际贸易模式。构成涉外定牌加工贸易模式,至少具备两个要件,一是取得了国外合法商标权利人的授权,二是生产的产品全部出口至该商标权人享有商标权的国家和地区。就本案言,好而吉公司、TCL 公司提交的商标授权书能够证明 TCL 公司生产并出口的空调机,是艾默生静酷有限公司授权好而吉公司使用,好而吉公司委托 TCL 公司进行生产并出口,此符合第一个要件。但从公证购买商品的两份公证书记载的事实看,好而吉公司委托 TCL 公司生产的商品在国内进行了销售,此不符合涉外定牌加工的构成要件二。因此,好而吉公司、TCL 公司在空调机上使用"   EMERSON  "不符合涉外定牌加工的构成要件。另,由于艾默生静酷有限公司授权使用的第 468893 号商标的商品类别

27

并不包括除湿机，好而吉公司、TCL 公司在除湿机上使用"EMERSON QUIET KOOL"标识不符合涉外定牌加工的构成要件，好而吉公司、TCL 公司使用" EMERSON ""EMERSON QUIET KOOL"标识能够发挥识别商品来源的功能，属于商标的使用。好而吉公司、TCL 公司认为其属于涉外定牌加工，其对被诉侵权标识的使用不属于商标的使用的理据不充分，据此认为不侵犯第8571479号注册商标专用权的理由不成立，不予采纳。好而吉公司、TCL 公司未经注册商标权人艾默生公司的许可，在生产销售的空调机上使用" EMERSON "，除湿机上使用 "EMERSON QUIET KOOL" 标识，构成对艾默生公司第8571479号注册商标专用权的侵害。

关于争议焦点二，前述，好而吉公司、TCL 公司构成对第8571479号注册商标专用权的侵害，艾默生公司要求其停止侵权的理由成立，本院予以支持。

具体的赔偿数额，艾默生公司没有举证证明其因被侵权所受到的实际损失，也没有举证侵权人因侵权所获得的利益，艾默生公司请求法院结合侵权情节、侵权规模以及其商标的知名度酌定赔偿。据此，本院考虑艾默生公司所举证据中，多为证明其企业的知名度，少有专门证明其商标知名度的证据，艾默生公司也没有提交为制止侵权所支出的合理开支的证据，但其确实委托律师进行诉讼且因涉外案件，涉及公证认证等行为，客观上会存在开支，同时，本院还考虑到 TCL 公司、好而吉公司系获得国外商标

权人授权许可使用的事实，且生产的产品基本上都是销往国外，虽然 2016 年、2017 年销往国外的数量较多金额较大，但依当时的规定该种行为并不构成侵权，故好而吉公司、TCL 公司侵权的主观故意以及侵权情节轻微，综合考虑上述因素，本院酌定赔偿数额为人民币 50 万元。艾默生公司请求赔偿数额中超过上述金额部分本院不予采纳。

综上所述，依照《中华人民共和国商标法》第四十八条、第五十七条第一、二项、第六十三条规定，判决如下：

一、自本判决发生法律效力之日起，被告好而吉工业有限公司、TCL 空调器（中山）有限公司立即停止侵犯原告艾默生电气公司第 8571479 号注册商标专用权的行为；

二、自本判决发生法律效力之日起，被告好而吉工业有限公司、TCL 空调器（中山）有限公司赔偿原告艾默生电气公司经济损失（含合理费用）共人民币 50 万元；

三、驳回艾默生电气公司的其他诉讼请求。

如果被告好而吉工业有限公司、TCL 空调器（中山）有限公司未按本判决指定的期间履行给付金钱义务，应当依照《中华人民共和国民事诉讼法》第二百五十三条规定，加倍支付延迟履行期间的债务利息。

案件受理费 50300 元，财产保全申请费 2620 元，共计 52920 元，由原告艾默生电气公司负担 21168 元，由被告好而吉工业有

限公司、TCL 空调器（中山）有限公司共同负担 31752 元，

　　如不服本判决，原告艾默生电气公司、被告好而吉工业有限公司可在判决书送达之日起三十日内，被告 TCL 空调器（中山）有限公司可在判决书送达之日起十五日内向本院递交上诉状，并按对方当事人或者代表人的人数提出副本，上诉于广东省高级人民法院。

　　　　　　　　　审　　判　　长　　　徐红妮

　　　　　　　　　审　　判　　员　　　谢劲东

　　　　　　　　　审　　判　　员　　　章文佳



　　　　　　　　　二〇二〇年五月六日

本件与原本核对无异

　　　　　　　　　书　　记　　员　　　廖建锋

# People's Republic of China

# Intermediate People's Court of Zhongshan City, Guangdong Province

# Civil Judgment

(2018) Guangdong 20 minchu No. 30

Plaintiff: Emerson Electric Co., address: 8000 West Florissant Avenue St. Louis, Missouri USA.

Legal representative: John M Groves.

Agent ad litem: Tao SUN, counsel from Beijing Junhe Law Firm.

Agent ad litem: Xiang YU, counsel from Shanghai Office of Beijing Junhe Law Firm.

Defendant: HOMEEASY INDUTRIAL CO., LIMITED, address: Room 1, 7th Floor, Royal Commercial Centre, 56 Parkes Street, Yau Ma Tei, Kowloon, Kowloon, Hong Kong Special Administrative Region.

Legal representative: Fei LEI, director of the company.

Defendant: TCL Air Conditioner (Zhongshan) Co., Ltd., address: Nantou Avenue, Nantou, Zhongshan City, Guangdong Province.

Legal representative: Shubin LI, chairman of the company.

Co-agent ad litem: Xiangdong WANG, counsel from Guangdong Yashang Law Firm.

Co-agent ad litem: Bin LIU, counsel from Guangdong Yashang Law Firm.

The Plaintiff, Emerson Electric Co. (hereinafter referred to as Emerson) is suing Defendants, HOMEEASY INDUSTRIAL CO., LIMITED (hereinafter referred to as Homeeasy) and TCL Air Conditioner (Zhongshan) Co., Ltd. (hereinafter referred to as TCL) for disputes over trademark infringements. After this court accepted the case on July 31, 2018, ordinary procedures were applied in accordance with the law. TCL filed a counterclaim on September 19, 2018. Emerson applied for the addition of Homeeasy as a co-defendant to participate in the lawsuit on September 29, 2018. The court rejected TCL's counterclaim and added Homeeasy as a co-defendant to participate in the lawsuit. It organized two exchanges of evidence on December 20, 2018 and May 9, 2019, and a public hearing was held on May 15, 2019. Tao SUN and Xiang YU, the appointed litigation attorneys of the plaintiff, Emerson, and Xiangdong WANG and Bin LIU, the co-appointed litigation attorneys of the defendants, Homeeasy and TCL, all appeared in court to participate in the litigation. The case has now been concluded.

Emerson filed a lawsuit with this court requesting [a court] order: 1.  Homeeasy and TCL to immediately stop the infringements of Emerson No. 8571479, No. 1979417, and No. 11042543 registered trademarks; 2. Homeeasy and TCL jointly compensate Emerson for economic losses of RMB 5 million; 3. Homeeasy and TCL to jointly compensate Emerson for a total of RMB 500,000 for relevant reasonable expenses paid to stop the infringements. Facts and

reasons: I. Emerson is the owner of the exclusive right to use No. 8571479, No. 1979417, and No. 11042543 registered trademarks. The above-mentioned trademarks are highly distinctive and influential, and their right to use registered trademarks is protected by law. II. Without Emerson's permission, Homeeasy entrusted TCL to produce air conditioner products in question, and used the "EMERSON QUIET KOOL" logo that is identical or highly similar to the registered trademarks of Emerson on the products, and to publicize, promote and sell air conditioners and other products that use the logo in Mainland China, which is enough to cause confusion and misunderstanding by the relevant public, and its behaviors have constituted infringements of Emerson's registered trademarks. In addition, according to Emerson's investigation, Homeeasy also publicized, promoted, and sold the air conditioners in question and other products through internet and its branches in Mainland China, and used the "EMERSON QUIET KOOL" logo on those products without authorization that are identical or highly similar to No. 8571479, No. 1979417 and No. 11042543 trademarks registered by Emerson. Homeeasy's acts have constituted infringements of Emerson's registered trademarks, and it shall bear corresponding legal liabilities. III. TCL accepted Homeeasy's entrustment, without Emerson's permission, used the "EMERSON QUIET KOOL" logo which is the same as or highly similar to Emerson's registered trademarks on the air conditioner products in question in its production, sales, and export, which constitutes an infringement of Emerson's No. 8571479, No. 1979417, and No. 11042543 trademarks. TCL and Emerson are both in the same industry. Based on the popularity of the "EMERSON" and "EMERSON QUIET KOOL" trademarks, TCL was aware that Emerson has the "EMERSON" and "EMERSON QUIET KOOL" trademarks in China and the brand's popularity on air conditioners and other products and it still accepts Homeeasy's commission to use the "EMERSON QUIET KOOL" logo in the air conditioners in question it produces, sells, and exports, which are the same as or highly similar to Emerson's registered trademarks such as "EMERSON" and "EMERSON QUIET KOOL". Both TCL and Homeeasy have jointly infringed Emerson's registered trademarks and shall bear joint and several liabilities for infringement. In summary, Homeeasy and TCL's actions infringed Emerson's registered trademarks, and should bear the infringement responsibilities such as stopping the infringement and compensating for losses.

To support its litigation request, Emerson submitted the following major evidence to this court:

1. No. 8571479, No. 1979417, No. 11042543 registered trademark certificates. Emerson intends to proof it has the exclusive rights to use the registered trademarks.
2. HC360.com, Sina.com, China.com, and Zhongguancun online web pages;
3. "The Annual Research Report on China's Industrial Computer Room Air Conditioning Industry" and reports from the Shanghai Library's search of "EMERSON" in Mainland China journals.
Emerson intends to use the above evidence to prove that Emerson uses relevant registered trademarks on air conditioner products, and the EMERSON brand enjoys a high reputation in China.
4. Notification of Gongbei customs import and export goods intellectual property status and Detained related products materials;

5. (2018) Guangdong Guang Nanfang No. 052269, No. 058716, No. 062011 notary certificates; (2018) Hudong Zhengjing Zi No. 10824, No. 10825, No. 17961 notary certificates and translation of part of the content.
It is proposed to use the above evidence to prove the infringements of Homeeasy and TCL.

6. (2019) Hudong Zhengjing Zi No. 1009 notary certificate and part of the translation, "American Trademark Manual of Examining Procedure" No. 4688893 US trademark information and its translation. It is proposed to prove that the US registered trademarks No. 1119176 and No. 1612846 have been cancelled, and EMERSON QUIET KOOL CO., Ltd. cannot inherit any rights of the two prior registered trademarks (No. 1119176 and No. 1612846), "Prior Registrations" information just for the convenience of trademark review, it does not mean that there is a succession or continuation relationship between related trademarks.

7. (2018) Hu Xu Zhengjing Zi No. 90063 notary certifcate. It is proposed to prove that the contents of www.geekol.com are the same as the contents of Homeeasy's website, www.home-easy.net.

Homeeasy argued that I. Homeeasy accepts the authorization of the US trademark owner EMERSON QUIET KOOL CO. Ltd. to license TCL to process window air-conditioning products under the OEM labels. Since the products produced by the OEM process are all exported to the United States, they are foreign-related processing, which does not constitute a trademark infringement. Homeeasy agrees with TCL's defense, and TCL's defense shall prevail. II. Homeeasy did not actually use the "EMERSON QUIET KOOL" trademark in Mainland China, and did not use the "EMERSON QUIET KOOL" trademark in Mainland China in the sense of trademark law. The evidence from Emerson's notary certificates is a deliberate trap for evidence collection. It can't prove that Homeeasy's act is trademark use. (I) The notary certificate submitted by Emerson cannot prove that Homeeasy has sold "EMERSON QUIET KOOL" brand air conditioners in Mainland China. Homeeasy does not sell any products in Mainland China, nor does it have any sales stores or places in Mainland China. The description in Emerson's two notary certificates that "Chungui LI, the applicant's agent, purchased a product at the above location as an ordinary consumer" is not an objective fact. The description is completely wrong. The description made without verifying Chungui LI's true identity is completely untrue. The actual situation is that Emerson's agent Chungui LI used a false business card (the business card shows Wenbin LI) to impersonate Wenbin LI of the Niuwei Group (China) Purchasing Center. He lied that he had some customers from South Africa who wanted to order air conditioners and dehumidifiers, and he also explicitly asked Homeeasy to use the "EMERSON QUIET KOOL" logo on the prototypes for South African customers, and asked Homeeasy to provide him with the prototypes, and he would provide them to South African customers for performance tests. The staff from the Homeeasy office thought that it was really a South African customer who wanted to order the products. According to Chungui LI's request, he ordered customized air conditioner and dehumidifier prototypes from the foundry to Chungui LI and Chungui LI would send his South African customer to test the product performance. Homeeasy itself does not have any stock items for sale. (II) In this case, Homeeasy's act of

providing prototypes to a South African customer was not the use of a trademark in the sense of trademark law. Emerson deliberately set up a trap to induce Homeeasy to use the "EMERSON QUIET KOOL" logo on the customized prototypes and provide it to them. And the provided prototypes adopt the South African standard, the product panels are marked in English, and the instructions are also in English. The power plug can only be used in South Africa and cannot be used in China. Moreover, the prototypes do not have the mandatory 3C certification marks required by Chinese domestic laws and regulations, nor the energy efficiency marks required by domestic laws. It cannot be sold and used in China at all. Homeeasy's act of providing the prototypes to Chungui LI does not constitute sales in the sense of trademark law. Homeeasy does not intend to sell products with the "EMERSON QUIET KOOL" trademark in Mainland China subjectively or objectively, and does not sell to ordinary domestic consumers, and the prototypes cannot be used in China, which does not damage the identification function of the trademark, which does not constitute a trademark use in the sense of trademark law. (III) As for the Homeeasy company's website in the (2018) Hudong Zhengjing Zi No. 17961 notary certificate, Emerson opened the website at the domestic notary office and notarized it. It cannot prove that Homeeasy has carried out the trademark use of "EMERSON QUIET KOOL" in China. First of all, the web pages of the website are all in English, and the products displayed on the website are based on American standards, which are for American customers. Products in American standards cannot be used in China. Moreover, Homeeasy is authorized by the registered trademark owner in the United States, and it has the right to display goods marked with the trademark "EMERSON QUIET KOOL" on its website (this act is a promised sale), because the trademark right itself is regional, and the internet runs globally, it cannot be considered that the website can be opened in China, which constitutes the use of a trademark in the sense of trademark law. In addition, Homeeasy's office in Mainland China is only used to handle foreign-related OEM processing matters, and all products are exported to foreign countries. It does not specifically engage in product sales and promotion, and has not used the "EMERSON QUIET KOOL" trademark. (IV) For the notarized "EMERSON QUIET KOOL" dehumidifier product on the JD global shopping webpage, the product has been removed from the shelf, indicating that it is a direct mail from the United States, which means it needs to be imported from the United States, and the product uses the United States standards. The voltage is different, and there is no content in the JD Global Shopping website that is related to Homeeasy, and it is even more unlikely to constitute a trademark infringement. In summary, Homeeasy's authorization of TCL to conduct foreign-related OEM processing does not constitute a trademark infringement, and Homeeasy did not use the trademark "EMERSON QUIET KOOL" as a trademark in Mainland China. Homeeasy's act does not constitute a trademark infringement, and all Emerson's claims should be dismissed.

To support its defense, Homeeasy submitted the following evidence to this court:

Xiaonan LUO and Chungui LI's WeChat chat records and Chungui LI's business card. The evidence intended to prove that Emerson's notarized evidence is a trap for evidence collection. It was printed at the request of Chungui LI. Homeeasy did not use commercial trademarks in Mainland China and did not constitute trademark use in the sense of trademark law.

TCL argues that I. The US trademark EMERSON QUIET KOOL, which TCL has received authorization from Homeeasy for OEM processing, is a long-established and well-known US trademark (registration number 4688893). It was first developed by Emerson Radio Corporation (hereinafter referred to as Emerson Radio) and put into commercial use in the United States in 1949. After many transfers, this US trademark is now owned by EMERSON QUIET KOOL CO. Ltd. The US trademark is authorized to be used by Homeeasy, and Homeeasy is again licensed to TCL for OEM processing. II. Emerson claimed that TCL infringed its No. 8571479 registered trademark of EMERSON QUIET KOOL, and this claim was untenable. TCL accepts the entrusted processing of air conditioner products from overseas clients, and attaching the "EMERSON QUIET KOOL" trademark logo on the air conditioner products is an overseas OEM processing activity, and all OEM products are exported to the country where the US trademark owner is located. OEM products have not been distributed domestically, and the trademarks attached to the products cannot identify the source of the products in China. Therefore, the act of TCL attaching trademarks is not the use [of a trademark] in the sense of trademark law and does not constitute trademark infringement. Moreover, according to the "Consent Agreement" signed in 2009 between Emerson and the original right holder of the US "EMERSON QUIET KOOL" trademark, Airwell Hong Kong Technology Co., Ltd., Emerson cannot use the "EMERSON QUIET KOOL" trademark on air conditioner products in the United States, so all air conditioner products with the "EMERSON QUIET KOOL" trademark are exported to the United States for sale, and will not harm any rights and interests of Emerson. Furthermore, the fact that Emerson registered No. 8571479 EMERSON QUIET KOOL trademark in China is obviously malicious and is a preemptive act that violates the principle of good faith stipulated in the "Trademark Law of the People's Republic of China". Now it is suing for trademark infringement in an attempt to achieve the intention of suppressing overseas clients, Emerson's request should not be supported. Emerson's claim that TCL infringed its No. 8571479 "EMERSON QUIET KOOL" registered trademark is untenable. III. Emerson's claim that TCL's infringement of its No. 1979417 registered trademark "EMERSON" is untenable. Emerson does not have any trademark rights to the "EMERSON" logo on air-conditioning products, and it has no right to claim the trademark rights of the "EMERSON" logo on air-conditioning products, and TCL attaches "EMERSON QUIET KOOL" logo on air-conditioning products. This logo is not the same or similar to the Emerson's No. 1979417 "EMERSON" trademark. There are no air-conditioning products in the products for approved use of Emerson's No. 1979417 trademark, nor are they similar to air-conditioning products. TCL did not infringe its trademark. IV. Emerson's claim that TCL infringed on its No. 11042543 "EMERSON" registered trademark is untenable. The "EMERSON QUIET KOOL" logo affixed to the air conditioner products by TCL's foreign-related OEM processing does not constitute a similarity to the No. 11042543 "EMERSON" trademark. The air conditioner products processed by TCL's OEM are not similar to the products designated by No. 11042543 registered trademark and do not infringe on its trademark. In summary, TCL uses the "EMERSON QUIET KOOL" logo on the air conditioner products that TCL was entrusted to process, which is foreign-related OEM processing. The attached "EMERSON QUIET KOOL" logo does not have the attributes of a trademark, and the act of attaching a logo to a product cannot be recognized as the use of a trademark, and does not constitute a trademark infringement.

To support its defense, TCL submitted the following major evidence to this court:

1. The registration information and translation of the trademark "EMERSON QUIET KOOL" on the official website of the United States Patent and Trademark Office, the trademark transfer certificate and translation, and the entity qualification certificate and translation of Emerson Quiet Kool Co., Ltd. It is proposed to prove that Emerson Quiet Kool Co., Ltd. is the owner and successor of the target trademarks, and enjoys the rights stipulated in the settlement agreement in accordance with the law.

2. "EMERSON QUIET KOOL" trademark authorization letter and translation, and the business registration certificate of Homeeasy. It is proposed to prove that Homeeasy has obtained the license of the trademark owner and has the right to license others to OEM.

3. The processing contracts. It is proposed to prove that Homeeasy entrusts TCL to OEM production of air conditioners with the trademark and exports them to the United States.

4. The customs declaration form for export goods, the detention decision and detention list of Zhongshan Customs, and the notice of intellectual property status of import and export goods. It is proposed to prove that all air conditioners produced by TLC are exported to the United States.

5. TCL's statement on the detention of TCL foreign-related OEM processing air conditioners.

6. The settlement agreement between Airwell Hong Kong Technology Co., Ltd. and Emerson. It is proposed to prove that Emerson knows that the successor of the trademark "EMERSON QUIET KOOL" has the exclusive right to use the trademarks in the United States, and maliciously preemptively registered "EMERSON QUIET KOOL" in China.

7. Related registration materials and transfer status for registration No. 1119176 US registered trademark "EMERSON QUIET KOOL". It is proposed to prove that the "EMERSON QUTET KOOL" trademark was registered in the United States as early as 1977, and No. 4688893 "EMERSON QUIET KOOL" trademark was inherited from No. 1119176 trademark.

8. Printed copies of No. 954975 "EMERSON" and No. 7272623 "EMERSON" registered trademarks. It is proposed to prove that Emerson Radio owns these two registered trademarks.

9. The trademark archive data of the "EMERSON" No. 9694557 trademark application. It is proposed to prove that Emerson has tried to apply for the "EMERSON" trademark on products such as mobile home window air conditioners and wall-mounted air conditioners, but because Emerson Radio has similar trademarks on the same or similar products, the trademark application was rejected.

10. The trademark archive of No. 11042543 "EMERSON" trademark application. It is intended to prove that in the review of refusal, Emerson admitted that it produces industrial products, not household consumer products, so the trademark will not be confused, and the trademark is successfully registered after obtaining the consent letter of Emerson Radio. Therefore, household window air conditioners are not similar to the goods designated by the trademark. At the same time, since the same words can coexist, the trademark "EMERSON QUIET KOOL" and "EMERSON" in this case will not be confused and similar.

11. The historical comparison chart of Emerson and Emerson Radio. It is proposed to prove the historical evolution of the registered trademark "EMERSON QUIET KOOL".

12. A printout of the definition of "prior registrations" on the official website of the US Patent and Trademark Office and the translation of the definition. It is proposed to prove that the meaning of "prior registrations" is the registration number of other U.S. registered trademarks owned by the trademark applicant or trademark owner, which can prove that the prior registered trademark No. 1119716 and the trademark No. 4688893 in this case are both the same trademark owner. It naturally enjoys the trademark rights of the original No. 1119176 trademark.

This court organized the parties to exchange and cross-examine the above evidence:

Regarding the evidence submitted by Emerson, Homeeasy and TCL jointly believe that: The authenticity and legality of Evidence 1 are confirmed, but the relevance is not confirmed. The authenticity of the other web pages except Zhongguancun Online in Evidence 2 is confirmed, but the authenticity of the content of the webpage is not confirmed. The authenticity, legality and relevance of the research report in Evidence 3 are not confirmed, the authenticity of the journal report form is confirmed, and the authenticity of the content is not confirmed. The authenticity and legality of the data seized by the customs in Evidence 4 are confirmed. As for the authenticity and legality of Evidence 5, Evidence 6, and Evidence 7 are confirmed, the relevance is not confirmed.

Regarding the evidence submitted by Homeeasy, Emerson confirms the authenticity of the evidence, but does not confirm its relevance. TCL confirms the authenticity, legality and relevance of the evidence.

Regarding the evidence submitted by TCL, Emerson believes that the authenticity and legality of Evidence 1, Evidence 2, Evidence 3, Evidence 4, Evidence 5, and Evidence 7 are confirmed, but the relevance is not confirmed. It confirms the authenticity of Evidence Six, but this is not a settlement agreement, it should be an agreement and has nothing to do with other companies, and does not confirm the purpose of proof stated by TCL. The authenticity of Evidence 8 is confirmed, but the relevance is not confirmed. The authenticity of Evidence 9 and Evidence 10 is confirmed, but it is believed that the method of obtaining the evidence is suspected to be illegal, TCL should provide an explanation. At the same time, the evidence has nothing to do with whether the trademark used by TCL is infringing. The authenticity of Evidence 11 is not confirmed and has nothing to do with this case. The authenticity of Evidence 12 was confirmed, but it has nothing to do with this case. Homeeasy confirmed the authenticity, legality and relevance of the evidence.

The court confirms the authenticity and legality of the evidence submitted by the two parties without any objection. For the evidence in dispute between the two parties, the certification is as follows: the authenticity and legality of the evidence submitted by Emerson are confirmed. Parts of Evidence 8, 9, 10 and 11 submitted by TCL are printed copies of web search materials, and the above evidence has nothing to do with the case, so it will not be commented. The relevance and probative force of the evidence from both parties will be described later.

Based on Emerson's application for investigation and evidence collection, this court sent a letter to Gongbei Customs for investigation. Emerson, Homeeasy, and TCL have all confirmed the authenticity, legality, and relevance of the court investigation evidence, and this court has also confirmed

In response to the materials issued by customs, it is reflected that TCL has started to export EMERSON brand air conditioners since 2016, and Homeeasy and TCL have added the following evidence after the hearing:

1. Two trademark authorization letters and translations;

2. Three sets of processing contracts signed between Homeeasy and TCL;

3. A notary certificate of authorization from the CEO of Emerson QUIET KOOL Co., Ltd. and its translation.

It is proposed to prove that in 2016 and 2017, Homeeasy has accepted the authorization of the U.S. trademark owner to use the trademark in question, and has the right to license and entrust TCL to OEM products with the trademark and export. This behavior should not be recognized as a trademark infringement.

Emerson cross-examined the above-mentioned supplementary evidence and believed that: Homeeasy and TCL were overdue to provide evidence, and they did not cross-examine the supplementary evidence and should not be adopted. At the same time, it is believed that the two trademark authorization letters and the three processing contracts are in the possession of Homeeasy and TCL, and there is no way that is difficult to obtain. They are deliberately submitted after the hearing, which is obviously a malicious delay in litigation and should be punished, and the evidence has not been notarized and verified, and its authenticity will not be recognized. There are objections to the authenticity and legality of the affidavit of authorization, and it is believed that the affidavit of authorization is at most a unilateral statement by a person outside the case, without the trademark license agreement, and is different from the signatory on the previous trademark authorization letter, and no other materials are provided to prove that the signatory has the right to sign external documents on behalf of Emerson QUIET KOOL Co., Ltd.

The supplementary evidence submitted by Homeeasy and TCL after the hearing is consistent with the original, and is supplemented based on the new evidence that appeared during the hearing. The authenticity and legality of the evidence shall be confirmed within the time limit for proof and whether it is related. The nature and probative force are described later.

Based on the above-mentioned evidence certified by the court and relevant statements of the parties, this court has ascertained the following facts:

I.      Regarding the registration of Emerson's series of trademarks

Emerson was established in the United States in 1890 and applied for registration of trademarks such as "EMERSON" and "EMERSON QUIET[sic] COOL" in China. The specific registration situation is as follows:

No. 8571479 EMERSON QUIET KOOL trademark, the approved products are the 11th category of air conditioning equipment; air conditioners; air cooling devices; air conditioning equipment; dehumidifiers; household dehumidifiers; HVAC; industrial air dehumidifiers, the registration validity period is from September 28, 2011 to September 27, 2021. No. 1979417 EMERSON trademark, the approved products are the 11th category of air purifiers, lighting appliances and devices, ceiling fans, air circulation devices, etc.; the registration validity period is from November 28, 2002 to January 27, 2012, and has been extended until November 27, 2022. No. 11042543 EMERSON trademark, the approved products are the 11th category of cooling devices using water as the coolant; water-cooled hoods; refrigerated cabinets, refrigerated containers etc. The registration validity period is from July 28, 2015 to July 27,2025.

II. About Emerson's brand awareness and corporate awareness

Emerson is a Fortune 500 company. According to the "2015 Annual Research Report on China's Industrial Computer Room Air Conditioning Industry " and "2016 Annual Research Report on China's Industrial Computer Room Air Conditioning Industry " released by Beijing Smart Channel Technology Co., Ltd., the Emerson brand has achieved a leading position in the industry, the sales of computer room air conditioners ranked No. 1 and accounted for nearly 40% of the domestic market in 2015. Emerson was also on the government procurement list of computer room air conditioners in 2017.

According to the "Search Report" issued by the Document Service Department of the Shanghai Institute of Science and Technology Information of the Shanghai Library; 1. The International Business Daily in 2018 stated: Emerson entered the Chinese market in the 1970s, and the advent of the all-in-one floor heating and air conditioning unit marks the further expansion of Emerson's business in China and its further participation in the Chinese comfort home market. At present, 20 production facilities and 15 engineering and R&D centers have been established in 10 cities in China. China is currently Emerson's second largest market in the world. 2. "Shenzhen Metropolis Daily" (2017-12-01) reported: From the perspective of data center refrigeration solution providers, the three leading international companies are Emerson in the United States, STULZ in Germany, and Schneider in France. These companies occupy a large market share in the field of traditional computer room air conditioning. Among these international brands marketed in China, Emerson was the best in marketing. 3. Several tender announcements and media reports state that Emerson's computer room air-conditioning systems are sold in Guangdong, Chongqing, Jiangsu, Shaanxi, Liaoning, and central state agencies.

According to reports from Huicong.com and Sina.com, Emerson released consumer-oriented floor heating air conditioners on March 9, 2018. Emerson has entered the Chinese market since the 1970s and has now established more than 30 enterprises in 10 cities in China, including 20 production facilities, 15 engineering and R&D centers.

III. About the alleged infringement

On May 28, 2018, Gongbei Customs detained a batch of 604 window air conditioners exported from TCL to the United States, with a total price of US$59,237.98. The goods and their outer packaging had "EMERSON" on them.

On August 24, 2018, the (2018) Guangdong Guang Nanfang No. 052269 notary certificate issued by the Guangzhou Southern Notary Office of Guangdong Province recorded: On August 20, 2018, the notary and the notary assistant and the Emerson's agent Chungui LI came to an office space marked "HOMEEASY INDUSTRIAL CO.LTD" on the 2nd floor of Tianfulai International Industrial City Phase II, Changbao West Road, Ronggui Street, Shunde District, Guangdong Province. Chungui LI purchased a product at the above location as an ordinary consumer. A receipt and a business card were obtained on the spot, and the notary took some photos of the goods purchased on the spot, the receipt, and the business card. The photos show: the air conditioners displayed on site and the air conditioner purchased all have "EMERSON" on them.

The sales Xiaonan LUO's business card shows: Hong Kong Office: Room 701, 7th Floor, Royal Commercial Centre, 56 Parkes Street, Yau Ma Tei, Kowloon, office in China: Room 201, Block 1, Phase II, Tianfulai International Industrial City, No. 37, Changbao West Road, Rongli, Ronggui Street, Shunde District, Foshan City, Guangdong Province, http: //www. home-easy. net.

On September 29, 2018, the (2018) Guangdong Guang Nanfang No. 058716 notary certificate issued by the Guangzhou South Notary Office of Guangdong Province recorded: On September 25, 2018, the notary and the notary's assistant joined Emerson's agent Chungui LI to an office space marked "HOMEEASY INDUSTRIAL CO.LTD" on the 2nd floor of Tower 1, Tianfulai International Industrial City Phase II, Changbao West Road, Ronggui Street, Shunde District, Guangdong Province. Chungui LI, as an ordinary consumer, purchased 2 commodities at the above location. He obtained a receipt and a business card on the spot, and the notary took some photos of the purchased commodities, the receipt and the business card on the spot. The photos show: "EMERSON QUIET KOOL" on both the dehumidifiers displayed on site and the dehumidifier purchased.

On October 30, 2018, the (2018) Guangdong Guang Nanfang No. 062011 issued by the Guangzhou South Notary Office of Guangdong Province recorded: On October 16, 2018, Emerson's agent Chungui LI went to the notary office for the notarization of evidence preservation. The notary public and the notary assistant accompanied Chungui LI to the booth marked "Guangdong Zhongshan Food and Aquatic Products Import and Export Group Co., Ltd." and "Geek" in the "China Import and Export Fair" in Guangzhou. Chungui LI received two business cards and a promotional brochure at the booth. The notary took pictures of the location and the booth, for a total of 17 photos. He also took pictures of the business cards and the cover, back cover and part of the inside pages of the brochure, for a total of 20 photos. One business card showed Jiansen LIN, business manager, telephone +86-13702998372/ +86-757-28878372, Asia Pacific: Rm201, Building1, No. 37 Changbao West Road, Ronggui, Shunde, Foshan City,Guangdong, China. The back of the business card is "GeeK www.geeko1.com, and the back cover of the brochure shows Homeasy, http://www.homeasy.net[sic], the address is the same as the address of the business card.

On June 13, 2018, Shanghai Weizhen Intellectual Property Agency Co., Ltd. applied to the Shanghai Oriental Notary Public Office for the notarization of evidence preservation. On

June 27, 2018, two notary certificates, the (2018) Hudong Zheng Jingzi No. 10824 and No. 10825 issued by the Shanghai Oriental Notary Office stated that the notary, the notary's assistant, and the applicant's agent came together to the evidence preservation and collection room of the notary public office, and the notary operated a computer at the notary office based on the applicant's instructions. Through the Google Chrome browser, [he] entered www.baidu.com [sic] in the address bar to go to the URL page, then entered "Box Comparison Network"[http://www.boxz.com] in the search bar, clicked on the link on Baidu, and entered "EMERSON QUIET KOOL. [The results] show that Amazon and JD.com have US direct mail "EMERSON QUIET KOOL" 50 pints and 30 pints dehumidifiers for sale. Through the Google Chrome browser, he then entered "ww.baidu.com" [sic] in the address bar to go to the URL page, then [he] entered "emerson quiet kool Jingdong[JD]" in the search bar, and clicked the link on Baidu to enter Jingdong[JD] Global Shopping site, and it showed that US direct mail "EMERSON QUIET KOOL" 50-pint dehumidifier, and it indicated the product had been removed and saying "sorry [for the inconvenience]!"

On October 8, 2018, the Shanghai branch of Jun He Law Firm applied for the notarization of preservation evidence at the Shanghai Oriental Notary Office. On October 18, 2018, the Shanghai Oriental Notary Office issued the (2018) Hudong Zheng Jingzi No. No. 17961 notary certificate stated: the notary, the notary assistant and the applicant's agent came to the evidence preservation and collection room of the notary public office, and the notary public followed the applicant's instructions on the computer in the notary office. [He] entered www.baidu.com [sic] in the address bar through the Google Chrome browser to enter the website page, then entered "HOMEEASY" in the search bar, and clicked on the Baidu link to enter HOMEEASY webpage. There was some promotional information about the air conditioners and dehumidifiers with the trademark "EMERSON QUIET KOOL" on the webpage. There were 30 Pints, 50 Pints, 70 Pints air conditioners.

In addition, according to Emerson's investigation application, this court obtained TCL's export materials from Gongbei Customs in accordance with the law. The materials reflect that TCL's export of "EMERSON QUIET KOOL" brand air conditioners to the United States from January 2017 to May 2018. There are a total of 41,126 units, and the amount is RMB 27,383,374.

IV. The registration, use and authorization of the "EMERSON QUIET KOOL" trademark in the United States

The trademark "EMERSON QUIET KOOL" with registration number 4688893 was applied for registration in the United States on March 1, 2010. The announcement date was June 11, 2013, and the registration date was February 17, 2015. The category of goods and services is category 11 of the International Classification, Class 013 021 031 034 of the United States Classification, goods and services: portable and compact residential window and wall indoor air-conditioning units. The first use was on November 5, 2014 and the commercial use was November 5, 2014. The registered person is ELCOHolland Pte Ltd. The transferee is the National Split Air Conditioning Company, and the latest registered owner is Emerson Quiet Kool Co., Ltd. On January 10, 2017, all the interests and goodwill of the registered trademarks were

transferred from the National Split Air Conditioning Company to Emerson Quiet Kool Co., Ltd. On January 1, 2018, Zhou Yuan Hui, President of Emerson Quiet Kool Co., Ltd. issued a trademark authorization letter, which reads: Emerson Quiet Kool Co., Ltd., as the owner of the trademarks with registration number 77946976 and registration number 4688893[sic], authorizes Homeeasy to use the registered trademarks on household window and wall air conditioners, mobile air conditioners and dehumidifiers. Homeeasy has the right to re-license and entrust third-party OEMs to process products with the registered trademarks. Third-party companies include but are not limited to ...·TCL. The above air-conditioning products can only be sold/distributed/consumed in the United States. The authorization is valid from January 1, 2018 to December 31, 2018.

On June 1, 2016 and January 1, 2017, Zhou Yuan Hui, President of Emerson Quiet Kool Co., Ltd. issued two trademark authorization letters respectively. The contents are the same as that of in the aforementioned trademark authorization letter in 2018, and the validity periods are from June 1, 2016 to December 31st, 2016, and from January 1st, 2017 to December 31, 2017 respectively.

On September 23, 2019, Haimo Zhong issued a notarized authorization letter, which reads: He is the chief executive officer of Emerson Quiet Kool Co., Ltd., given that Emerson Quiet Kool Co., Ltd. is the owner of the registered trademarks, Emerson Quiet Kool Co., Ltd. has registered the trademarks in the U.S. Patent and Trademark Office since 2014 and authorized Homeeasy to use Emerson Quiet Kool's trademarks to conduct business from 2016. This authorization is valid for 5 years from November 1, 2016 to October 1, 2021. After 5 years, both parties agree to renew the authorization letter.

Homeeasy was incorporated in accordance with the Hong Kong Companies Ordinance on June 28, 2005. According to the aforementioned three trademark authorization letters, Homeeasy and TCL signed four "processing contracts" on November 9, 2016, November 1, 2017, December 2, 2017, and January 15, 2018 respectively. Homeeasy entrusted TCL to contract and process the "EMERSON QUIET KOOL" trademark air conditioners. The above-mentioned air conditioners are only exported to the United States and sold in the United States, and cannot be sold in China. Homeeasy ensures that it obtains the right to use legal OEM trademarks and logos, and must provide TCL with supporting documents. For example, legal disputes and administrative penalties caused by unauthorized trademarks and logos have nothing to do with TCL. Homeeasy is solely responsible for the liabilities, including compensation and legal fees. The processing quantity stipulated in the above-mentioned 2018 processing contract is 604 units, and the processing quantity stipulated in the remaining three processing contracts is 41126 units.

V. Other facts that this court has found

Homeeasy believes that the (2018) Guangdong Guang Nanfang No.052269 and No. 058716 notary certificates issued by the Guangzhou South Notary Office of Guangdong Province submitted by Emerson, which recorded notarized purchasing behaviors are a trap for evidence collection. Because of this, Homeeasy submitted a notarized WeChat chat records between

Emerson's agent Chungui LI and Homeeasy's sales Xiaonan LUO before purchasing the aforementioned products. The main contents are as follows:

Li: Order WindowA/C model: EBRC5MD1 Portable A/C: EBPC8RD1, Dehumidifiers (Dehumidifiers) EBD30E1, one each as a prototype and they should be in stock, right? Or [should we] order them? Luo: Certainly not. These models are sold in the United States. [They are] unable to use off-the-shelf panels in South Africa. Does the prototype use our brand or without a logo? Tell the customer the main sales channel in South Africa? Li: Discuss with the customer, or use your 1ogo. This is the customer's business information, and the customer will probably not tell us. Luo: We communicated with the factory for the prototype. They said that the current panels can only be sold to the United States. The panels for the African market will arrive this week and will be sent to you for your reference. The factory generally distinguishes different markets and customers with different panels. Li: This is not your own brand, is it? Luo: The logo will be changed to our own. Li: I will ask and get back to you. The customer said it can be changed. When can you give it to me? Luo: Next week. I will change the logo and do the whole machine inspection. ….·For the prototype, the factory was too busy this time and said there was no time to print the logo. Li: I just communicated with the customer, and they said that it is not good for sales and display without a logo. Luo: I asked the factory logo silk screen to be done on Thursday, so the final prototype will be done on Friday. Please come and get it on Friday. "·.. Li: Last time you said you would participate in the Canton Fair, didn't you? I have a few customers here who will come to Guangzhou to participate in the Canton Fair. I will introduce them to you then. Luo: 4.2A87, this is our booth number. Welcome to our booth. Are they African customers? Li: There are African, European and American customers. Luo: Can we sell our emersong [sic] brand? Li: OK, I'm not too clear about this. You mainly exhibit your own brands, right? Luo: Yeah, it can be OEM as well.

The court believes that: Emerson is the trademark owner of No. 8571479 "**EMERSON QUIET KOOL**", No. 1979417 "EMERSON" and No. 11042543 "**EMERSON**". The above-mentioned trademarks are still within the validity period and should be protected by law.

The focus of the dispute in this case is: First, whether Homeeasy and TCL constituted infringement of No. 8571479, No. 1979417, and No. 11042543 trademarks; second, how to bear civil liabilities if it constitutes infringement.

Regarding the first focus of the dispute, whether Homeeasy and TCL constituted infringements of No. 8571479, No. 1979417 and No. 11042543 trademarks. The infringements alleged by Emerson are specifically embodied as follows: Homeeasy entrusted TCL to produce the air conditioner products marked with the "EMERSON QUIET KOOL" logo, and the air conditioners exported by TCL are marked with the "EMERSON QUIET KOOL" logo, the air conditioners purchased from Homeeasy are marked with the " EMERSON QUIET KOOL" logo, and the dehumidifiers are marked with the "EMERSON QUIET KOOL" logo, Homeeasy's website promotes the contents of "EMERSON QUIET KOOL" air conditioners and dehumidifiers. First of all, according to Article 57 of the "Trademark Law of the People's Republic of China", "any of the following acts shall be considered as trademark infringement: (I) Without the permission of the trademark registrant, use the same trademark as its registered

trademark on the same product. (II) Without the permission of the trademark registrant, use a trademark similar to the registered trademark on the same product, or use a trademark that is the same or similar to the registered trademark on similar goods, which is likely to cause confusion ..." Regarding the infringements of Emerson's No. 1979417 and No. 11042543 registered trademarks, the products for approved use of No. 1979417 and No. 11042543 registered trademarks are air purifiers and cooling devices that use water as coolant, which are neither the same goods, nor are they similar goods as the alleged infringing air conditioners and dehumidifiers. Therefore, whether they are similar or not, they do not constitute infringements of No. 1979417 and No. 11042543 registered trademarks. The alleged infringing mark does not constitute infringements of No. 1979417 and No. 11042543 registered trademarks. The reasons why Homeeasy and TCL argued that they did not infringe the No. 1979417 and No. 11042543 registered trademarks were established.

Regarding the question of whether Emerson's No. 8571479 registered trademark is infringed, the products for approved use of the registered trademark include air conditioners and dehumidifiers. The alleged infringing marks "EMERSON QUIET KOOL" and "EMERSON QUIET KOOL" used on air conditioners and dehumidifiers are the same as the "EMERSON QUTET KOOL" mark used on products for approved use of No. 8571479 registered trademark. After comparison, the alleged infringing marks of " EMERSON QUIET KOOL" and "EMERSON QUIET KOOL" are similar to No. 8571479 EMERSON QUIET KOOL registered trademark. Therefore, TCL and Homeeasy constitute an act of using a logo similar to No. 8571479 registered trademark on the same product. Whether it constitutes trademark infringement, it is still necessary to determine whether the use is the use of a trademark or whether the use behavior causes confusion. This is also the main reason why Homeeasy and TCLargue that the use does not constitute infringement. According to Article 48 of the "Trademark Law of the People's Republic of China", " the use of trademarks in this law refers to the use of a trademark on commodities, commodity packaging or containers, and commodity transaction documents, or the use of a trademark in advertising, exhibitions, and other commercial activities to identify the source of goods." The aforementioned use behaviors of Homeeasy and TCL are all considered as the use of alleged infringing marks in goods and advertisements. Whether it is considered as the use of a trademark, it is necessary to consider whether the use is used to identify the source of goods. Homeeasy and TCL argue that the use is for foreign-related OEM processing and does not have the function of identifying the source of goods in China. First of all, this is about the probative force of the processing contracts and notarized authorization letters and WeChat chat records. The first is the probative force of the processing contracts and the notarized authorization letters. The contents of the two can be verified by each other, which is sufficient to prove the fact that Emerson Quiet Kool Co., Ltd. authorized Homeeasy to use "EMERSON QUIET KOOL" trademark registered in the United States between June 1, 2016 and December 31 and in 2016, 2017, and 2018. The second is about the probative force of WeChat chat records. The (2018) Guangdong Guang Nanfang Notary Certificates No. 052269 and No. 058716 issued by the Guangzhou Nanfang Notary Public Office of Guangdong Province submitted by Emerson show that Emerson purchased goods marked with the alleged infringing mark at Homeeasy's office. Homeeasy claimed that Emerson's notarized purchase was a trap for evidence collection, and the evidence obtained was illegal. However,

from the WeChat chat records of the purchase negotiation between the seller and buyer as well as the actual notarized purchase process, Emerson entrusting others to make the purchase does not violate the law, and the purchaser has not taken any way to lure Homeeasy to sell goods marked with the alleged infringing trademark during the entire purchase process. Therefore, Emerson's notarized purchase was in compliance with the law, and TCL argued that the reason for the unlawful evidence is not established and shall not be adopted. This court confirms the notarized purchase evidence is probative. Secondly, foreign-related OEM processing is an important method of China's foreign trade since the reform and opening up. It is an international trade model and usually means that domestic manufacturers are legally authorized by foreign legal trademark owners to produce and export all the products they produce to countries and regions where the trademark owner has trademark rights. To constitute a foreign-related OEM processing trade model, there are at least two requirements. One is to obtain the authorization of the foreign legal trademark owner, and the other is to export all the products to the countries and regions where the trademark owner has the trademark rights. In this case, the trademark authorization letters submitted by Homeeasy and TCL can prove that the air conditioners produced and exported by TCL were authorized by Emerson Quiet Kool Co., Ltd. to Homeeasy and Homeeasy entrusted TCL to produce and export, which meets the first requirement. However, judging from the facts recorded in the two notarizations of the notarized purchase of goods, the goods produced by TCL entrusted by Homeeasy are sold in China, which does not meet the second component of foreign-related OEM processing. Therefore, the use of "EMERSON QUIET KOOL" in air conditioners by Homeeasy and TCL does not meet the requirements of foreign-related OEM processing. In addition, because the product category of No. 4688893 trademark authorized by Emerson Quiet Kool Co., Ltd. does not include dehumidifiers. However, the use of the "EMERSON QUIET KOOL" logo on the dehumidifier by Homeeasy and TCL does not meet the requirements of foreign-related OEM processing. The use of the " EMERSON QUIET KOOL" and "EMERSON QUIET KOOL." logos by Homeeasy and TCL can play a function of identifying the source of goods, and is considered as the use of a trademark. Homeeasy and TCL believe that it is considered as foreign-related OEM processing, and the ground for its use of the alleged infringing mark is not considered as the use of a trademark is insufficient. Based on this, the reasons for not infringing No. 8571479 registered trademark are untenable and shall not be adopted. The use of "EMERSON QUIET KOOL" on air conditioners and the "EMERSON QUIET KOOL" logo on dehumidifiers by Homeeasy and TCL without the permission of the registered trademark owner, Emerson constitutes an infringement of Emerson's No. 8571479 registered trademark.

Regarding the second focus of the dispute, as mentioned above, Homeeasy and TCL constituted an infringement of No. 8571479 registered trademark. Emerson's reason for requesting them to stop the infringement is established, and this court supports it.

For the specific amount of compensation, Emerson did not provide evidence to prove the actual loss it suffered due to the infringement, nor did it prove the infringers' benefits from the infringement. Emerson requested the court to determine the compensation based on the circumstances of the infringement, the scale of infringement, and the reputation of its trademark. Based on this, among the evidence that this court considered most of them are proof of the

reputation of the company, and there are few evidence that specifically prove the reputation of its trademark. Emerson also did not submit evidence of reasonable expenses to stop infringement, but it did hire lawyers to start the lawsuit and because of it is a foreign-related case involving notarizations and certifications, there will be some expenses objectively. At the same time, this court also considers the fact that TCL and Homeeasy are authorized by foreign trademark owners to use them, and the products produced are basically sold abroad. Although the amount sold abroad in 2016 and 2017 was relatively large, this kind of behavior does not constitute infringement according to the regulations at the time. Therefore, there are subjective intention of the infringement by Homeeasy and TCL and the minor infringement circumstances, taking into account the above factors, this court determines the amount of compensation shall be RMB 500,000. Emerson's request for compensation that exceeds the aforesaid amount will not be accepted by this court.

In summary, in accordance with the provisions of Article 48, Paragraphs 1 and 2 of Article 57, and Article 63 of the Trademark Law of the People's Republic of China, the judgment is as follows:

I. Since the date of legal effect of this judgment, the defendants Homeeasy Industrial Co., Ltd. and TCL Air Conditioner (Zhongshan) Co., Ltd. immediately stop the acts of infringing the plaintiff, Emerson Electric's No. 8571479 registered trademark;

II. From the date of legal effect of this judgment, the defendants Homeeasy Industrial Co., Ltd. and TCL Air Conditioner (Zhongshan) Co., Ltd. compensatethe plaintiff Emerson Electric for the economic losses (including reasonable expenses), a total of RMB 500,000;

III. Other claims made by Emerson Electric are dismissed.

If the defendants Homeeasy Industrial Co., Ltd. and TCL Air Conditioner (Zhongshan) Co., Ltd. do not perform the payment obligation within the period specified in this judgment, they shall double payment of debt interest during the period of delayed fulfillment in accordance with Article 253 of the Civil Procedure Law of the People's Republic of China.

The case acceptance fee is RMB50,300, and the property preservation application fee is RMB2,620, totaling RMB52,920. The plaintiff Emerson Electric Co., Ltd. paid RMB21,168 yuan, and the defendants Homeeasy Industrial Co., Ltd. and TCL Air Conditioner (Zhongshan) Co., Ltd. jointly paid RMB31,752.

If any parties disagree with this judgment, the plaintiff, Emerson Electric Co., Ltd., and the defendant Homeeasy Industrial Co., Ltd. may submit the appeal petition within thirty days from the date of service of the judgment, and TCL Air Conditioner (Zhongshan) Co., Ltd. may submit the appeal petition within fifteen days from the date of service of the judgment. This court submits copies according to the number of parties or representatives of the parties, and the appellate court will be at the Guangdong Higher People's Court.

Chief Judge Hongni XU

Judge Jindong XIE

Judge Wenjia ZHANG

This is the same as the original copy

[Seal: People's Republic of China Intermediate People's Court of Zhongshan City, Guangdong Province]

May 6, 2020

Clerk Jianfeng LIAO