# EXHIBIT 4

Trademark Law of the People's Republic of China

(Adopted at the 24th Meeting of the Standing Committee of the Fifth National People's Congress on August 23, 1982; amended for the first time in accordance with the Decision on Revising the Trademark Law of the People's Republic of China adopted at the 30th Meeting of the Standing Committee of the Seventh National People's Congress on February 22, 1993; amended for the second time in accordance with the Decision on Revising the Trademark Law of the People's Republic of China adopted at the 24th Meeting of the Standing Committee of the Ninth National People's Congress on October 27, 2001；and amended for the third time in accordance with the Decision on Revising the Trademark Law of the People's Republic of China adopted at the 4th Meeting of the Standing Committee of the Twelfth National People's Congress on August 30, 2013)

Contents

Chapter   I       General Provisions
Chapter   II      Application for Trademark Registration
Chapter   III     Examination and Approval of Trademark Registration
Chapter   IV      Renewal, Alteration, Transfer and Licensing of Registered Trademarks
Chapter   V       Declaration of the Invalidity of Registered Trademarks
Chapter   VI      Administrative Control of the Use of Trademarks
Chapter   VII     Protection of the Exclusive Right to the Use of a Registered Trademark
Chapter   VIII    Supplementary Provisions

Chapter I
General Provisions

Article 1 This Law is enacted for the purpose of improving the administration of trademarks, protecting the exclusive right to the use of a trademark, and encouraging producers and dealers to guarantee the quality of their goods and services and preserve the credibility of trademarks, so as to protect the interests of consumers, producers and dealers and promote the development of the socialist market economy.

1

Article 2 The trademark office of the administrative department for industry and commerce under the State Council shall be in charge of the work of trademark registration and administration throughout the country.

The administrative department for industry and commerce under the State Council shall establish a trademark review and adjudication board to be responsible for handling trademark disputes.

Article 3 Registered trademarks refer to trademarks that are registered with the approval of the trademark office, including trademarks for goods and services, collective trademarks and certification trademarks. The owner of a registered trademark shall enjoy the exclusive right to the use of the trademark, which shall be protected by law.

For purposes of this Law, a collective trademark refers to one that is registered in the name of a group, association, or any other organization for use in business by its members to indicate membership.

For purposes of this Law, a certification trademark refers to one that is controlled by an organization which is capable of exercising supervision over a particular kind of goods or services and that is used by a unit other than the organization or by an individual for its or his goods or services, and is designed to certify the indications of the place of origin, raw materials, mode of manufacture, quality, or other specified properties of the said goods or services.

Particulars pertaining to the registration and administration of collective trademarks and certification trademarks shall be formulated by the administrative department for industry and commerce under the State Council.

Article 4 Any natural person, legal person or other organization that needs to obtain the exclusive right to use a trademark for its goods or services during production and business operations shall apply for trademark registration with the trademark office.

Provisions regarding the trademarks for goods in this Law shall be applicable to service trademarks.

Article 5 Two or more natural persons, legal persons, or other organizations may jointly file an application with the trademark office for the registration of one and the same trademark and jointly enjoy and exercise the exclusive right to the use of the

Exhibit 4, Page 2

trademark.

Article 6 Where a registered trademark is required to be used for some goods by laws or administrative regulations, an application for trademark registration shall be made. No such goods may be marketed without an approved and registered trademark.

Article 7 The principle of good faith shall be upheld in the application for trademark registration and in the use of trademarks.

The user of a trademark shall be responsible for the quality of the goods on which the trademark is used. The administrative departments for industry and commerce at all levels shall, through the administration of trademarks, put an end to any practice that deceives consumers.

Article 8 Any signs, including words, graphs, letters, numbers, three-dimensional symbols, color combinations, sound or any combination thereof, that are capable of distinguishing the goods of a natural person, legal person or other organization from those of others may be applied for registration as trademarks.

Article 9 A trademark submitted for registration shall bear noticeable characteristics and be readily distinguishable, and it may not conflict with the legitimate rights obtained by others earlier.

A trademark registrant shall have the right to indicate the wording "Registered Trademark" or the sign showing that the trademark is registered.

Article 10 None of the following signs may be used as trademarks:

(1) Those identical with or similar to the State name, the national flag, emblem or anthem, the military flag, emblem or songs, or medals of the People's Republic of China; or those identical with the names or emblems of Central State organs, the names of the specific locations where the Central State organs are seated; or those identical with the names or designs of landmark buildings;

(2) Those identical with or similar to the State name, national flag, national emblem or military flag etc., of a foreign country, except with the consent of the government of that country;

(3) Those identical with or similar to the name, flag or emblem of an international inter-governmental organization, except with the consent of that organization or except where it is unlikely to mislead the public;

3

(4) Those identical with or similar to an official mark or inspection stamp that indicates control and guarantee, except where authorized;

(5) Those identical with or similar to the symbol or name of the Red Cross or the Red Crescent;

(6) Those having the nature of discrimination against any nationality;

(7) Those that are deceptive and likely to mislead the public in terms of the quality, place of production or other characteristics of the goods; and

(8) Those detrimental to socialist ethics or customs, or having other unwholesome influences.

No geographical names of administrative divisions at or above the county level or foreign geographical names known to the public may be used as trademarks, except where geographical names have other meanings or constitute part of a collective trademark or certification trademark. Registered trademarks in which geographical names are sued shall remain valid.

Article 11 None of the following marks may be registered as trademarks:

(1) Where the mark bears only the generic name, design, or model number of the goods concerned;

(2) Where it only directly indicates the quality, principal raw materials, function, use, weight, quantity or other features of the goods; and

(3) Signs that otherwise lack any distinctive character.

Any mark mentioned in the preceding paragraph may be registered as a trademark if it has acquired distinctive features through use and is readily distinguishable.

Article 12 No application for registration of a three-dimensional symbol as a trademark may be granted, where the sign merely indicates the shape inherent in the nature of the goods concerned, or it is only dictated by the need to achieve technical effects or the need to give the goods substantive value.

Article 13 A holder of a trademark that is well known by the relevant public may, if he holds that his rights have been infringed upon, request for well-known trademark protection in accordance with this Law.

Where the trademark of an identical or similar kind of goods is a reproduction, imitation, or translation of another person's well-known trademark not registered in China and is liable to cause public confusion, no application for its registration may be

granted and its use shall be prohibited.

Where the trademark of a different or dissimilar kind of goods is a reproduction, imitation, or translation of another person's well-known trademark not registered in China and it misleads the public so that the interests of the owner of the registered well-known trademark are likely to be impaired, no application for its registration may be granted and its use shall be prohibited.

Article 14 A well-known trademark shall be recognized as a fact that needs to be ascertained in dealing with a trademark-related case upon request by the party concerned. The following factors shall be taken into consideration in the recognition of a well-known trademark:

(1) The recognition degree of the trademark among the relevant public;

(2) The duration in which the trademark has been in use;

(3) The duration, extent and geographical scope of all publicity operations carried out for the trademark;

(4) The records of protection of a well-known trademark provided for the trademark and

(5) Other factors making the trademark well-known.

Where the party concerned claims rights according to Article 13 of this Law in a trademark registration review or during the process whereby the administrative department for industry and commerce investigates and deals with a case involving trademark infringement, the trademark office concerned may, based on the need for reviewing or dealing with the case, decide whether or not to recognize the relevant trademark as a well-known one.

Where the party concerned claims rights according to Article 13 of this Law, during the handling of a trademark dispute, the trademark review and adjudication board may, based on the need for handling the cases, decide whether or not to recognize the relevant trademark as a well-known one.

Where the party concerned claims rights according to Article 13 of this Law during the hearing of a civil or administrative case involving a trademark, the people's court designated by the Supreme People's Court may, based on the need for trying the case, decide whether or not to recognize the relevant trademark as a well-known one.

No manufacturers and business operators may indicate the words "well-known trademark" upon the goods, the packaging or the containers of the goods, nor may they use the same for advertising, exhibition or other commercial activities.

Article 15 Where an agent or representative, without authorization of the client, seeks to register in its own name the client's trademark and the client objects, the trademark shall not be registered and its use shall be prohibited.

An application for registering a trademark for the same kind of goods, or similar goods shall not be approved if the trademark under application is identical with or similar to an unregistered trademark already used by another party, the applicant is clearly aware of the existence of the trademark of such another party due to contractual, business or other relationships with the latter other than those prescribed in the preceding paragraph, and such another party raises objections to the trademark registration application in question.

Article 16 Where a trademark bears a geographical indication of the goods when the place indicated is not the origin of the goods in question, thus misleading the public, the trademark shall not be registered and its use shall be prohibited. However, where the registration is obtained in goodwill, it shall remain valid.

The geographical indication mentioned in the preceding paragraph means the origin of the goods the special qualities, credibility or other characteristics of the goods and it is primarily determined by the natural factors or other humanistic factors of the place indicated.

Article 17 Where a foreigner or foreign enterprise applies for trademark registration in China, the matter shall be handled in accordance with any agreement concluded between the country to which the applicant belongs and the People's Republic of China, or any international treaty to which both countries are parties, or on the basis of the principle of reciprocity.

Article 18 A party may apply for trademark registration or handle trademark-related matters on its own or by entrusting a trademark agency established according to the law.

A foreigner or foreign enterprise shall entrust a trademark agency established according to the law for applying for trademark registration and handling other trademark-related matters in China.

Article 19 Trademark agencies shall uphold the principle of good faith, comply with laws and administrative regulations, apply for trademark registration or deal with other trademark-related matters as entrusted by the principals, and keep confidential

Exhibit 4, Page 6

the principals' trade secrets that come to their knowledge during the agency process.

Where a trademark entrusted by a principal for registration application may fall under the circumstances prescribed by this Law under which registration is not allowed, the trademark agency shall explicitly so inform the principal.

A trademark agency shall not accept the entrustment of a principal if it knows or should have known that the trademark entrusted by the principal for registration application falls under any of the circumstances prescribed by Article 15 and Article 32 of this Law.

A trademark agency shall not apply for registration of trademarks other than the ones entrusted to it.

Article 20 The association of trademark agencies shall, pursuant to its articles of association, strictly enforce the conditions for admitting members, and mete out sanctions against the members violating industry self-disciplinary standards. The association of trademark agencies shall publish in time information on the members admitted and the disciplinary sanctions against its members.

Article 21 International trademark registration shall be governed by the systems established by relevant international treaties concluded or acceded to by the People's Republic of China. The specific measures in this regard shall be formulated by the State Council.

Chapter II

Application for Trademark Registration

Article 22 A trademark registration applicant shall make an application and, according to the prescribed categories of goods, indicate in the application the types and the names of goods for which the trademark is to be used.

A trademark registration applicant may apply for registration of the same trademark for multiple types of goods in one application.

A trademark registration application and other relevant documents may be submitted in writing or by way of data message.

Article 23 For obtaining the exclusive right to use a registered trademark on goods beyond the approved scope of use, a new registration application shall be made.

7

Article 24 If a change needs to be made in the signs of a registered trademark, an application shall be filed anew.

Article 25   Where an applicant, within six months from the date he applies for registration of his trademark for the fist time in a foreign country, again applies in China for registration of one and the same trademark for the same kind of goods, he may, in accordance with any agreement concluded between the foreign country concerned and the People's Republic of China or any international treaty to which both countries are parties, or on the basis of the priority principle mutually accepted, enjoy priority.

Where, in accordance with the preceding paragraph, an applicant claims priority, he shall so state in writing at the time when he files the application for trademark registration and shall, within three months, submit a copy of the original application he files for the first time. Failure on the part of the applicant to make the statement in writing or to submit a copy of the original application before the expiration of the time limit shall be regarded as not claiming priority.

Article 26 The applicant for registration of a trademark that is used for the first time on goods displayed at an international exhibition organized or recognized by the Chinese Government may, within six months from the date the said goods are placed on exhibition, enjoy priority.

Where, in accordance with the preceding paragraph, an applicant claims priority, he shall so state in writing at the time when he files the application for trademark registration and shall, within three months, submit the name of the exhibition, evidence supporting the use of the trademark on the goods displayed, documents proving the date the exhibition, etc. failure to make the statement in writing or to submit the documents before the expiration of the time limit shall be regarded as not claiming priority.

Article 27 Matters stated in the application for trademark registration and all information provided shall be truthful, accurate and complete.

Chapter III

Examination and Approval of Trademark Registration

Article 28 The trademark office shall complete the examination of a trademark under registration application within nine months from the date of receiving the application documents for trademark registration, and shall issue a preliminary review announcement if the said application is in compliance with the relevant provisions of this Law.

Article 29 If during the review, the trademark office is of the opinion that the contents of the trademark registration application need to be explained or corrected, it may require the applicant to do so. The failure of the applicant to provide explanations or make correction shall not affect the trademark office in making a decision upon review.

Article 30 Where a trademark, for the registration of which an application is made, that does not conform to the relevant provisions of this Law or that is identical with or similar to the trademark already registered by another person or is given preliminary examination and approval for use on the same kind of goods or similar goods, the trademark office shall reject the application and shall not announce that trademark.

Article 31 Where two or more applicants apply to register identical or similar trademarks for use on the same kind of goods or similar goods, the trademark office shall first conduct examination of, give approval to and announce the trademark whose registration is applied for earlier than the rest. Where the applications are filed on the same day, the trademark office shall first examine, give approval to and announce the trademark which is used earlier that the rest, and it shall reject the applications for registration of the other trademarks and shall not announce them.

Article 32   No applicant for trademark application may infringe upon another person's existing prior rights, nor may he, by illegitimate means, rush to register a trademark that is already in use by another person and has certain influence.

Article 33 If a holder of prior rights or an interested party holds that the trademark announced upon preliminary review is in violation of the second or third paragraph of Article 13, Article 15, the first paragraph of Article 16, Article 30, Article 31, or Article 32 of this Law, he may, within three months from the date of the

Exhibit 4, Page 9

preliminary review announcement, raise objections to the trademark office. Any party that is of the opinion that the aforesaid trademark is in violation of Article 10, Article 11 or Article 12 of this Law may raise objections to the trademark office within the same three-month period. If no objection is raised upon expiry of the announcement period, the trademark office shall approve the registration application, issue the certificate of trademark registration, and make an announcement thereon.

Article 34 Where an application for trademark is rejected and no preliminary review announcement is to be made, the trademark office shall so notify the trademark registration applicant concerned in writing. Where the applicant disagrees to the result, he may, within 15 days from the date he receives the notice, apply to the trademark review and adjudication board for a second review. The trademark review and adjudication board shall, within nine months upon receipt of the application, make a decision and notify the applicant in writing. Where it is necessary under special circumstance, an extension of three months may be granted upon approval by the administrative department for industry and commerce of the State Council. Where the applicant disagrees to the decision of the trademark review and adjudication board, he may, within 30 days from the date he receives the notice, bring a lawsuit to a people's court.

Article 35 Where objections are raised against a trademark for which a preliminary review announcement has been made, the trademark office shall listen to the facts and grounds stated by both the opponent and the opposed, and after investigation and verification make a decision on whether or not to approve the registration of the trademark within 12 months from the expiry date of the announcement period and shall notify the opponent and the opposed of the decision in writing. Where it is necessary under special circumstances, an extension of six months may be granted upon approval by the administrative department for industry and commerce of the State Council.

Where the trademark office decides to approve a trademark registration, it shall issue the certificate of trademark registration to the applicant and make an announcement thereon. Where the opponent is dissatisfied with the decision, he may request the trademark review and adjudication board to declare the said registered trademark invalid in accordance with Article 44 or Article 45 of this Law.

Where the trademark office decides not to approve a trademark registration, the opposed party disagreeing to the decision may apply for a second review to the

trademark teview and adjudication board within 15 days upon receipt of the relevant notice. The trademark review and adjudication board shall make a decision after review, and notify both the opponent and the opposed parties of such a decision in writing within 12 months from the date of the receipt of the application for review. Where it is necessary under special circumstances, an extension of six months may be granted upon approval by the administrative department for industry and commerce of the State Council. If the opposed is dissatisfied with the decision made by the trademark review and adjudication board, he may bring a lawsuit to the people's court within 30 days from the date he receives the notice, in which case the people's court shall notify the opponent to participate in the litigation proceedings as a third party.

When carrying out review in accordance with the preceding paragraph, the trademark review and adjudication board may suspend the review if the prior rights involved can only be ascertained based on the outcomes of another case currently under the hearing by a people's court or under the handling by an administrative organ. The trademark review and adjudication board shall resume the review procedure once the circumstances for suspension are eliminated.

Article 36 Where, upon the expiry of the statutory time limit, a party concerned fails to apply for review of the decision on rejection of a registration application or decision on denial of registration made by the trademark office, or fails to bring a lawsuit to the people's court against the decision of review made by the trademark review and adjudication board, the decision on rejection of a registration application, the decision on denial of registration or the decision of review shall become effective.

Where the registration of a trademark is approved after the objection to its registration is found to be unsubstantiated upon examination, the time when the trademark registration applicant obtains the exclusive right to use the trademark shall commence from the date of the expiry of the three-month period of the preliminary examination announcement. During the period from the date of the expiry of the said announcement period to the time when decision is made to approve the registration of the trademark, the trademark shall have no retroactive effect on the use of an identical or similar mark by another party on the same kind of goods or similar goods. However, such other party shall be liable for compensating any losses caused, mala fide, to the trademark registrant.

Article 37 Applications for trademark registration and for review shall be examined without delay.

Article 38Where an applicant for trademark registration or a registrant discovers an obvious error in the trademark application or registration documents, he may apply for its correction. The trademark office shall, in accordance with law and within the limits of its functions and powers, make the correction and shall notify the party of the matter.

The correction of errors mentioned in the preceding paragraph shall not involve substantive matters in the application or registration documents.

Chapter IV

Renewal, Alteration, Transfer and Licensing of Registered Trademarks

Article 39 The period of validity of a registered trademark shall be 10 years, counted from the day the registration is approved.

Article 40 Where a trademark registrant intends to continue using the registered trademark upon expiry of the validity period of registration, the trademark registrant shall go through the renewal procedure within 12 months prior to the expiry date in accordance with relevant provisions; where the registrant fails to do so during the said time limit, an extension of six months may be granted. Each renewal of registration shall be valid for ten years calculating from the date immediately following the expiry date of the last validity period of the trademark. If no application for renewal is filed upon expiry of the extension period, the registered trademark shall be cancelled.

The trademark office shall announce the trademarks whose registration has been renewed.

Article 41 If a change needs to be made in the name or address of the owner of a registered trademark or in any other registered matter, an application for the change shall be filed.

Article 42 To assign a registered trademark, the assignor and assignee shall sign an assignment agreement and jointly file an application with the trademark office. The assignee shall guarantee the quality of the goods on which the registered trademark is used.

When transferring a registered trademark, the trademark registrant shall transfer, along with it, other similar trademarks he has registered for the same kind of goods,

and other identical and similar trademarks he has registered for similar goods.

The trademark office shall not approve the transfer of a registered trademark that is likely to cause confusion or result in other unfavorable effects, and shall notify the applicant concerned in writing and explain the reasons therefor.

After the assignment of a registered trademark is approved, it shall be announced. The assignee shall enjoy the exclusive right to the use of the trademark starting from the date the announcement is made.

Article 43 The owner of a registered trademark may, by concluding a trademark licensing contract, authorize another person to use his registered trademark. The licensor shall supervise the quality of the goods on which the licensee uses his registered trademark, and the licensee shall guarantee the quality of the goods on which the registered trademark is to be used.

If any person is authorized to use the registered trademark of another person, the name of the licensee and the origin of the goods shall be indicated on the goods that bear the registered trademark.

A licensor who licenses others to use his registered trademark shall submit the trademark licensing to the trademark office for file, and the trademark office shall announce the trademark licensing. Without filing, the trademark licensing shall not be used against a bona fide third party.

Chapter V

Declaration of the Invalidity of Registered Trademarks

Article 44 A registered trademark shall be declared invalid by the trademark office if it is in violation of Article 10, Article 11 or Article 12 of this Law, or its registration is obtained by fraudulent or other illegitimate means. Other entities or individuals may request the trademark review and adjudication board to declare the aforesaid registered trademark invalid.

Where the trademark office makes a decision on declaring a registered trademark invalid, it shall notify the party concerned in writing of the decision. If a party concerned is dissatisfied with the decision made by the trademark office, he may apply for a review with the trademark review and adjudication board within 15 days upon the receipt of the notice from the trademark office. The trademark review and adjudication board shall make a decision and notify the party concerned in writing within nine months upon the receipt of the application for review. Where it is necessary under

13

special circumstances, an extension of three months may be granted upon approval by the administrative department for industry and commerce of the State Council. If a party concerned is dissatisfied with the decision made by the trademark review and adjudication board, he may bring a lawsuit to the people's court within 30 days upon the receipt of the notice from the trademark review and adjudication board.

Where other entities or individuals request the trademark review and adjudication board to declare a registered trademark invalid, the latter shall, upon receipt of the application, notify the party concerned in writing, and require the party concerned to respond within a time limit. The trademark review and adjudication board shall, within nine months upon the receipt of the application, render a ruling on either maintaining the validity of the registered trademark or declaring the registered trademark invalid, and notify the party concerned in writing. Where it is necessary under special circumstances, an extension of three months may be granted upon approval by the administrative department for industry and commerce of the State Council. If the party concerned is dissatisfied with the ruling made by the trademark review and adjudication board, he may bring a lawsuit to the people's court within 30 days upon the receipt of the notice, in which case the people's court shall notify the counterparty to the trademark ruling procedures to participate in the litigation proceedings as a third party.


Article 45 Where a registered trademark is in violation of the second and third paragraph of Article 13, Article 15, the first paragraph of Article 16, Article 30, Article 31 or Article 32 of this Law, the holder of prior rights or an interested party may, within five years upon the registration of the trademark, request the trademark review and adjudication board to declare the registered trademark invalid. Where the aforesaid registration is obtained mala fide, the owner of a well-known trademark is not bound by the five-year restriction.

The trademark review and adjudication board shall, after receiving an application for declaring the registered trademark invalid, notify the party concerned as such in writing, and require the party concerned to respond within a time limit. The trademark review and adjudication board shall, within 12 months upon the receipt of the application, render a ruling on either maintaining the validity of the registered trademark or declaring the registered trademark invalid, and notify the party concerned as such in writing. Where it is necessary under special circumstances, an extension of six months may be granted upon approval by the administrative department for industry and commerce of the State Council. If the party concerned is dissatisfied of

the ruling made by the trademark review and adjudication board, he may bring a lawsuit to the people's court within 30 days upon the receipt of the notice, in which case the people's court shall notify the counterparty to the trademark ruling procedures to participate in the litigation proceedings as a third party.

In reviewing an application for declaring a registered trademark invalid pursuant to the preceding paragraph, the trademark review and adjudication board may suspend the review if the prior rights involved can only be ascertained based on the outcomes of another case currently under the hearing by a people's court or under the handling by an administrative organ. The trademark review and adjudication board shall resume the review procedure once the circumstances for suspension are eliminated.

Article 46 Upon the expiry of the statutory time limit, if the party concerned fails to apply for review of the trademark office's decision on declaring a registered trademark invalid, or fails to bring a lawsuit to the people's court against the trademark review and adjudication board's review decision or its ruling on maintaining the validity of a registered trademark or declaring a registered trademark invalid, the trademark office's decision or the trademark review and adjudication board's review decision or ruling shall become effective.

Article 47 A registered trademark that is declared invalid in accordance with Article 44 or Article 45 of this Law shall be announced by the trademark office, and the exclusive right to use the registered trademark thereof shall be deemed as non-existent ab initio.

The decision or ruling on declaring a registered trademark invalid shall have no retroactive effect on a judgment, ruling or mediation statement on a trademark infringement case already rendered and enforced by a people's court, a decision on handling a trademark infringement case already made and enforced by an administrative department for industry and commerce as well as a trademark transfer or licensing contract already performed prior to such declaration. However, the trademark registrant shall be liable for compensation where losses are caused, mala fide, to another party.

Trademark infringement damages, trademark transfer fees or trademark royalties shall be refunded fully or partially if the non-refund thereof pursuant to the preceding paragraph is in obvious violation of the principle of fairness.

Chapter VI

Administrative Control of the Use of Trademarks

Article 48 For the purpose of this Law, the use of trademarks shall refer to the use of trademarks on goods, the packaging or containers of goods and the transaction documents of goods, as well as the use of trademarks for advertising, exhibition and other commercial activities for the purpose of identifying the sources of goods.

Article 49 A trademark registrant that，without authorization, makes alternations with respect to the registered trademark, the name or address of the registrant or other registration items during the use of the registered trademark shall be ordered to make correction within a time limit by the relevant local administrative department for industry and commerce; if it fails to make correction within the prescribed time limit, the trademark office shall cancel the registered trademark thereof.

Where a registered trademark has become the generic name of the goods for which its use is approved or a registered trademark has not been put in use for three consecutive years without a justifiable reason, any entity or individual may apply to the trademark office for revocation of the registered trademark, and the trademark office shall make a decision within nine months upon the receipt of the application. Where it is necessary under special circumstances, an extension of three months may be granted for making a decision upon approval by the administrative department for industry and commerce of the State Council.

Article 50 Within one year from the time where a registered trademark is cancelled or declared invalid, or is not renewed upon the expiry of its validity period, the trademark office shall not approve any application for registration of a trademark identical with or similar to the aforesaid trademark..

Article 51 In the event of a violation of the provisions of Article 5 of this Law, the local administrative department for industry and commerce shall order the violator to file an application for registration within a time limit and if the illegal business revenue is RMB 50,000 yuan or more, a fine of up to 20% of the illegal business revenue may be imposed; if there is no illegal business revenue or the illegal revenue is less than RMB 50,000 yuan, a fine of up to RMB 10,000 yuan may be imposed.

Article 52 Where a party passes off an unregistered trademark as a registered trademark or uses an unregistered trademark in violation of Article 10 of this Law, the

relevant local administrative department for industry and commerce shall stop such acts, order the party to make correction within a time limit, and may circulate a notice on the matter. If the illegal business revenue is RMB 50,000 yuan or more, a fine of up to 20% of the illegal business revenue may be imposed; if there is no illegal business revenue or the illegal business revenue is less than RMB 50,000 yuan, a fine of up to RMB 10,000 yuan may be imposed.

Article 53 Whoever violates the fifth paragraph of Article 14 of this Law shall be ordered to make correction by the relevant local administrative department for industry and commerce, and be imposed with a fine of RMB 100,000 yuan.

Article 54 A party concerned who has objection to the decision made by the trademark office on revoking or not revoking a registered trademark may apply for review to the trademark review and adjudication board within 15 days upon receipt of the notification of the decision. The trademark review and adjudication board shall, within nine months upon the receipt of the application, make a decision and notify the party concerned in writing. Where it is necessary under special circumstances, an extension of three months may be granted upon approval by the administrative department for industry and commerce under the State Council. The party concerned who has objection to the decision made by the trademark review and adjudication board may bring a lawsuit to the people's court within 30 days from the date the notification is reviewed.

Article 55 Upon expiry of the statutory time limit, if the party concerned fails to apply for review of the trademark office's decision on revoking a registered trademark, or fails to bring a lawsuit to the people's court against a review decision made by the trademark review and adjudication board, such a decision or review decision shall become effective."

The trademark office shall make an announcement on the registered trademark that is revoked. The exclusive right to use the aforesaid registered trademark shall terminate as of the date of announcement.

Chapter VII
Protection of the Exclusive Right to the Use of a Registered Trademark

Exhibit 4, Page 17

Article 56 The exclusive right to the use of a registered trademark shall be limited to trademarks which are registered upon approval and to goods the use of a trademark on which is approved.

Article 57 Any of the following acts shall constitute an infringement on the exclusive rights to the use of a registered trademark:

(1) Using a trademark that is identical with a registered trademark on the same kind of goods without obtaining licensing from the registrant of the registered trademark;

(2) Using a trademark that is similar to a registered trademark on the same kind of goods, or using a trademark that is identical with or similar to the registered trademark on similar goods without obtaining licensing from the registrant of the registered trademark, and is likely to cause confusion

(3) Selling goods that infringe on the exclusive right to the use of a registered trademark;

(4) Counterfeiting, or making without authorization, representations of another person's registered trademark, or selling such representations;

(5) Altering a registered trademark without permission of its owner and selling goods bearing such an altered trademark on the market;

(6) Providing, intentionally, convenience for such acts as infringe upon others' exclusive right of trademark use, to facilitate others to commit infringement on the exclusive right of trademark use

(7) Impairing in other manners another person's exclusive right to the use of its registered trademark.

Article 58 Whoever uses a registered trademark or an unregistered well-known trademark of another party as the trade name in its enterprise name and mislead the public, which constitutes unfair competition, shall be dealt with in accordance with the Anti-unfair Competition Law of the People's Republic of China.

Article 59 The holder of the exclusive right to use a registered trademark shall have no right to prohibit others from properly using the generic name, graphics or models of a commodity contained in the registered trademark, or such information as directly indicates the quality, main raw materials, functions, purposes, weight, quantity or other features of the commodity, or the names of the geographical locations as contained therein.

The holder of the exclusive right to use a registered trademark that is a three-dimensional symbol shall have no right to prohibit others from properly using such forms as contained in the registered trademark due to the inherent nature of a commodity or the commodity forms necessary for achieving technological effects or the forms that bring substantive value to the commodity as contained therein.

Where, before a trademark registrant applies for registration of a trademark, another party has used a trademark that is of certain influence and is identical with or similar to the registered trademark on the same kind of goods or similar goods, the holder of the exclusive right to use the registered trademark shall have no right to prohibit the said party from continued use of the trademark within the original scope of use, however, the holder may require the latter to add a proper mark for distinguishment.

Article 60 A dispute that arises from an acts infringing upon the exclusive right to use a registered trademark prescribed in Article 57 of this Law shall be settled by the parties concerned through consultation. Where the parties concerned are unwilling to engage in consultation or a consultation has failed, the trademark registrant or an interested party may bring a lawsuit to the people's court, or request the relevant administrative department for industry and commerce to address the dispute.

When addressing the dispute, if the administrative department for industry and commerce is of the opinion that the infringement is established, it shall order the relevant party to immediately cease the infringing acts, and shall confiscate and destroy the infringing goods and instruments mainly used for manufacturing the infringing goods and forging the registered trademark. Where the illegal business revenue is RMB 50,000 yuan or more, a fine of up to five times the illegal business revenue may be imposed thereon; where there is no illegal business revenue or the illegal business revenue is less than RMB 50,000 yuan, a fine of up to RMB 250,000 yuan may be imposed thereon. If a party has committed trademark infringement on two or more occasions within five years or falls under any other serious circumstances, it shall be subject to a heavier punishment. If a party is unaware of the infringing nature of such products and is able to prove that the products are obtained by legitimate means and can provide information on the suppliers of the products, it shall be ordered to stop selling the products by the administrative department for industry and commerce.

As to a dispute over the amount of damages for infringement on the exclusive right to use a trademark, the parties concerned may apply to the administrative

department for industry and commerce that addresses the infringing dispute for mediation, or may bring a lawsuit to the people's court in accordance with the Civil Procedure Law of the People's Republic of China. Where the parties concerned fail to reach any agreement upon mediation by the administrative department for industry and commerce, or fail to perform the mediation agreement after it becomes effective, the parties may bring a lawsuit to the people's court in accordance with the Civil Procedure Law of the People's Republic of China.

Article 61 The administrative department for industry and commerce shall have the power to investigate any act infringing upon the exclusive right to the use of a registered trademark. Where a crime is suspected to have been committed, it shall promptly transfer the case to a judicial department for handling in accordance with law.

Article 62    When an administrative department for industry and commerce at or above the county level, on the basis of the evidence or information, obtained for a suspected violation of law, conducts investigation into a suspected infringement of another person's exclusive right to the use of a registered trademark, it may exercise the following functions and powers:

(1) Questioning the parties concerned to find out the facts regarding the infringement of another person's exclusive right to the use of a registered trademark;

(2) Checking and reproducing the parties' contracts, invoices, account books, and other materials relating to the infringement;

(3) Conducting on-the-spot inspection of the premises where the suspected party carries out activities infringing upon another person's exclusive right to the use of a registered trademark; and

(4) Inspecting articles involved in the infringement; sealing or seizing the articles that are proven to been used for infringing upon another person's exclusive right to the use of a registered trademark.

When the administrative department for industry and commerce exercises the functions and powers provided for in the preceding paragraph in accordance with law, the parties shall assist and cooperate with it and may not refuse to do so or stand in its way.

During the investigation and handling of a trademark infringement case, an administrative department for industry and commerce may suspend the investigation and handling of the case if disputes arise over the ownership of the trademark or if the right holders simultaneously bring a trademark infringement lawsuit to the people's

courts. And the investigation and handling procedures shall be resumed or closed up after the circumstances for suspension are eliminated.

Article 63 The amount of damages for infringement on the exclusive right to use a trademark shall be determined based on the actual loss suffered by the right holder as a result of the infringement; if it is difficult to determine the actual loss, the amount of damages may be determined according to the profits gained therefrom by the infringer, if it is difficult to determine both the loss of the right holder and the profits gained by the infringing party, the amount of damages may be reasonably determined in reference to the multiples of the trademark for royalties. Where an infringer maliciously infringes upon another party's exclusive right to use a trademark and falls under serious circumstances, the amount of damages may be determined as not less than one time but not more than three times the amount that is determined according to the aforesaid methods. The amount of damages shall cover the reasonable expenses paid by the right holder for stopping the infringing act.

Where the right holder has exhausted its efforts in discharging the obligation of burden of proof, but the account books and materials related to the infringing acts are mainly controlled by the infringer, the people's court may, for the purpose of determining the amount of damages, order the infringer to submit account books and materials related to the infringing acts. Where the infringer fails to provide such account books or materials or provides false account books or materials, the people's court may render a judgment on the amount of damages in reference to the claims of the right holder and the evidence furnished thereby.

Where it is difficult to determine the actual loss suffered by the right holder as a result of the infringement, the profits gained by the infringer from the infringement or the royalties of the registered trademark concerned, the people's court shall render a judgment awarding damages in an amount not more than RMB three million yuan based on the circumstances of the infringing acts

Article 64 Where the holder of the exclusive right to use a registered trademark claims for damages, and the alleged infringer counterclaims that the right holder has never used the registered trademark, the people's court may require the right holder to provide evidence of its actual use of the registered trademark during the past three years prior to the lawsuit. The alleged infringer shall not be liable for compensation if the right holder is neither able to prove its actual use of the registered trademark during the past three years prior to the lawsuit, nor able to prove other losses suffered as a

21

result of the infringement.

Where a party is unaware that the goods he sells infringe upon another party's exclusive right to use a registered trademark, and the party is able to prove that the goods are obtained by legitimate means and provide information on the suppliers of the goods, it shall not be liable for compensation.

Article 65 Where a trademark registrant or an interested party has evidence proving that another party is committing or is soon to commit an act that infringes upon the former's exclusive right to use the registered trademark and that such an act, unless promptly stopped, will cause irreparable damage to its legitimate rights and interests, the trademark registrant or interested party may, in accordance with the law, apply to the people's court for an injunction and taking asset preservation before filing a lawsuit.

Article 66 In order to stop an infringing act, and where evidence may be destroyed or vanished, or may become unobtainable in the future, the relevant trademark registrant or interested party may, in accordance with the law, apply to the people's court for evidence preservation before filing a lawsuit.

Article 67 Where a person, without permission of the owner of a registered trademark, uses a trademark that is identical with the owner's on the same kind of goods, which constitutes a crime, he shall, in addition to compensating losses suffered by the infringed, be investigated for criminal responsibility in accordance with law.

Anyone who counterfeits or makes without permission the representations of another person's registered trademark or sells such representations which constitutes a crime, shall, in addition to compensating the losses suffered by the infringed, be investigated for criminal responsibility in accordance with law.

Anyone who knowingly sells goods bearing counterfeit registered trademarks, which constitutes a crime, shall, in addition to compensating the losses suffered by the infringed, be investigated for criminal responsibility in accordance with law.

Article 68 A trademark agency that commits any of the following acts shall be ordered to make correction within a time limit by the administrative department for industry and commerce, be given a warning, and be fined not less than RMB 10,000 yuan but not more than RMB 100,000 yuan; the persons in charge who are directly responsible and other persons directly responsible shall be given a warning and be

fined not less than RMB 5,000 yuan but not more than RMB 50,000 yuan; where a crime is constituted, criminal liabilities shall be investigated in accordance with the law:

(1) Fabricating or tampering with legal documents, seals or signatures, or using fabricated or tempered legal documents, seals or signatures during the handling of trademark-related matters;

(2) Soliciting trademark agency business by defaming other trademark agencies, or disrupting the order of the trademark agency market by other unjust means; or

(3) Violating the provisions of the third or fourth paragraph of Article 19 of this Law.

Where a trademark agency commits an act prescribed in the preceding paragraph, the administrative department for industry and commerce shall record such matters in the credit files; if the circumstances are serious, the trademark office or the trademark review and adjudication board may concurrently decide to cease the acceptance and handling the trademark agency business submitted by the trademark agency, and shall make an announcement thereon.

The trademark agency shall bear civil liabilities in accordance with the law if it violates the principle of good faith and infringes the legitimate rights and interests of a principal, and shall be given sanctions by the trade association of the trademark agencies pursuant to its articles of association.

Article 69 Functionaries of State organs engaged in trademark registration, administration, and review shall be impartial in implementing the law, honest and self-disciplined, and devoted to their duties, and shall provide services with civility.

No functionaries of State organs working in the trademark office and the trademark review and adjudication board or engaged in trademark registration, administration, and review may work for trademark agencies or engage in the manufacture or marketing of goods.

Article 70 Administrative departments or industry and commerce shall establish and improve an internal supervision system to supervise and inspect the way State organ functionaries in charge of trademark registration, administration, and review implement laws and administrative regulations and observe discipline.

Article 71 Where a State organ functionary working in trademark registration, administration, and review neglects his duty, abuses his power, and engages in

malpractice for personal gain, violates the law in trademark registration, administration, and review, accepts money or things of value from a party, or seeks illegitimate interests, and where the case is so serious as to constitute a crime, he shall be investigated for criminal responsibility in accordance with law. Where the case does not constitute a crime, he shall be given sanction in accordance with law.

Chapter VIII

Supplementary Provisions

Article 72 Applicants for trademark registration and persons having other trademark matters handled shall pay a fee, the specific rates of which shall be determined separately.

Article 73 This Law shall go into effect as of March 1, 1983. The Regulations on Trademark Administration promulgated by the State Council on April 10, 1963 shall be annulled simultaneously, and any other provisions concerning trademark administration that conflict with the provisions of this Law shall be nullified at the same time.

Trademarks registered before this Law goes into effect shall remain valid.