# EXHIBIT 5



**John D. Simmons**
(302) 394-6001/fax: (215) 965-1331
jsimmons@panitchlaw.com

February 22, 2021

<u>**Via ECF Filing**</u>

The Honorable Jennifer L. Hall
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

      Re:    *Emerson Electric Co. v. Emerson Quiet Kool Co. Ltd. and Home Easy Ltd*.,
               No. 17-cv-01846-LPS-JLH, D. Del.

Dear Judge Hall:

      Defendants Emerson Quiet Kool Co. Ltd. and Home Easy Ltd. submit this letter regarding a discovery dispute in accordance with the Court's February 17, 2021 Order (D.I. 102).

      Defendants, owners of the EMERSON QUIET KOOL trademark, seek to compel responses to Requests for Production, Interrogatories, and 30(b)(6) deposition topics regarding *Plaintiff's* use of the EMERSON QUIET KOOL mark, as shown in the attached Exhibits A-C.[1] First, Defendants seek discovery on Plaintiff's registration and use of the EMERSON QUIET KOOL mark.[2] Second, Defendants seek discovery on Plaintiff's filing of a legal proceeding with a Chinese customs office regarding the EMERSON QUIET KOOL mark in or around May 2018, wherein Plaintiff caused the Zhongshan Customs Office to seize Defendants' goods from export to the U.S. based on Plaintiff's claim that it, not Defendants, owned the EMERSON QUIET KOOL mark. Third, Defendants seek discovery on Plaintiff's sale in China of goods bearing Defendants' EMERSON QUIET KOOL mark.

      In this action, Defendants are charged with infringing Plaintiff Emerson Electric Co.'s trademarks through use of Defendants' EMERSON QUIET KOOL mark. D.I. at ¶ 5. Plaintiff acknowledges that in 2011 it consented to Defendants' predecessor's use and registration of EMERSON QUIET KOOL in connection with "portable compact residential window and wall room air conditioning units." *Id.*, ¶ 36. This description of goods covers at least some of the goods (air conditioners and dehumidifiers) sold by Defendants under the EMERSON QUIET KOOL brand. To overcome the consent it granted, Plaintiff contends that Defendants either have no rights under this 2011 Consent Agreement or that Defendants have breached the 2011 Consent Agreement, rendering it inapplicable. D.I. 1, Count VIII, ¶¶ 100-108.

---

[1] Specifically, Defendants seek to compel responses to RFPs 39-43, Interrogatories 21-22, and topics 8-11 in Defendants' Notice of 30(b)(6) Deposition of Emerson Electric Co. Plaintiff has refused to respond to each of these Requests, Interrogatories, and deposition topics. For brevity, Defendants have not copied the text of each request into this letter.

[2] Defendants discovered evidence of Plaintiff's actions through a search of the Chinese trademark register. Exhibit D, at 1, 2, 6-10.



Hon. Jennifer L. Hall
Page 2
February 22, 2021

Defendants, in turn, assert the 2011 Consent Agreement applies to them and bars Plaintiff's claims.  D.I. 34, Fifth Affirmative Defense, p. 12-13.  Defendants also assert Plaintiff's claims are barred due to unclean hands.  *Id.*, First Affirmative Defense, p. 12.

The requested discovery is relevant to Plaintiff's breach of contract claim.  "It is established Delaware law that to recover damages for a breach of contract, the plaintiff must demonstrate that it substantially complied with all of the provisions of the contract."  *Preferred Inv. Servs. v. T&H Bail Bonds, Inc.*, No. 5886-VCP, 2013 Del. Ch. LEXIS 190, at *34 (Ch. July 24, 2013).  One of the terms of the 2011 Consent Agreement is that "[e]ach party agrees not to promote, advertise, or distribute its respective goods and/or services in any way that would lead consumers to associate it with the other party or its goods and/or services."  Exhibit E, ¶ 6.  The requested discovery may show that Plaintiff breached Paragraph 6 of the 2011 Consent Agreement by using, registering, and/or claiming ownership of Defendants' EMERSON QUIET KOOL mark, thereby preventing Defendants from exporting their goods from China to the United States, or by preparing to ship EMERSON QUIET KOOL branded goods to the United States.  The requested discovery should therefore be compelled so that the factfinder can weigh whether Plaintiff complied with its own contractual obligations under the 2011 Consent Agreement.

The requested discovery is also relevant to Defendants' unclean hands defense to all of Plaintiff's claims (all of which are effectively trademark infringement claims).  "The equitable doctrine of unclean hands applies when a party seeking relief has committed an unconscionable act immediately related to the equity the party seeks in respect to the litigation.  The doctrine is applicable in actions seeking relief under the Lanham Act."  *Highmark, Inc. v. UPMC Health Plan*, 276 F.3d 160, 174 (3d Cir. 2001) (internal citations omitted).  The requested discovery will likely show Plaintiff's appropriation of Defendants' EMERSON QUIET KOOL mark.  This discovery is directly relevant to Defendants' unclean hands defense, as it shows that Plaintiff has engaged in exactly the behavior which it claims Defendants have done (except Defendants never consented to Plaintiff's use of the mark).

The requested discovery is also relevant to Defendants' request that this case be declared exceptional so that Defendants may be awarded their attorneys' fees.  D.I. 34, at 13.  The discovery will show that Plaintiff has accused Defendants of infringing their trademarks when in fact it is Plaintiff who has explicitly copied Defendants' EMERSON QUIET KOOL mark word-for-word.  Such unreasonableness can factor into whether a case is exceptional under the Lanham Act.  *Grasshopper House, LLC v. Clean & Sober Media LLC*, 394 F. Supp. 3d 1073, 1121 (C.D. Cal. 2019).

Plaintiff contends the requested discovery is not relevant because Defendants filed a separate lawsuit against Plaintiff alleging breach of the 2011 Consent Agreement and of a similar 2009 Consent Agreement, under which Defendants' predecessor consented to Plaintiff's registration of its own EMERSON trademark in an unrelated field of use.  However, the fact that there is a separate lawsuit in which the discovery is relevant does not prevent them from being relevant here, too.  Defendants established the relevance of the requested discovery above, which remains true even if the discovery is *also* relevant in another case.



Hon. Jennifer L. Hall
Page 3
February 22, 2021

Plaintiff further contends that Defendants breached the 2011 Consent Agreement first, and therefore, Plaintiff need not comply with its terms.  An unproven allegation is no basis to withhold discovery, particularly where Emerson Electric's first application for the EMERSON QUIET KOOL mark in China occurred in 2010, over five years before Defendants were even formed and likely without the knowledge of Defendants' predecessors.  Exhibit D, at 9.  Plaintiff has vaguely alleged that Defendants are using colors and fonts that violate paragraph 5(a) of the 2011 Consent Agreement.  However, the EMERSON QUIET KOOL mark is a word mark and the 2011 Consent Agreement makes no limitations regarding color or font size.  Thus, at best, whether Defendants could have breached is an issue in dispute that must be resolved by the factfinder with the benefit of all available evidence.  Plaintiff, on the other hand, clearly violated paragraph 6 of the 2011 Consent Agreement in July 2017 when it filed for the EMERSON QUIET KOOL mark in China.  See Exhibit E.  Accordingly, the requested discovery is also relevant to Plaintiff's counterargument to Defendants' unclean hands defense and should be brought into this case for resolution by the factfinder.

For the reasons outlined above, Defendants respectfully request this Court compel Plaintiff to fully respond to Requests for Production 39-43, Interrogatories 21-22, and deposition topics 8-11 as set forth in the attached Exhibits A-C.

Respectfully submitted,

John D. Simmons

Exhibit 5, Page 3

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| EMERSON ELECTRIC CO., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 17-cv-01846-LPS |
| v. | ) | |
| | ) | <u>Jury Trial Demanded</u> |
| EMERSON QUIET KOOL CO. LTD., and | ) | |
| HOME EASY LTD., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

---

**<u>EMERSON ELECTRIC CO.'S RESPONSES AND OBJECTIONS TO DEFENDANTS'
SECOND REQUESTS FOR PRODUCTION TO PLAINTIFF</u>**

Pursuant to Fed. R. Civ. P. 34, Plaintiff Emerson Electric Co. ("Plaintiff" or "Emerson Electric"), by and through its undersigned counsel, hereby responds to Defendants' Second Request for Production to Plaintiff ("Requests") with the following responses and objections.

**<u>GENERAL OBJECTIONS AND RESPONSES</u>**

Emerson Electric makes the following General Objections to each of the Requests, including the "Definitions and Instructions" included therein, whether or not set forth separately in each response below:

1.     Emerson Electric objects to the Requests, including the definitions and instructions, to the extent they purport to impose on Emerson Electric any obligations different from, or in addition to, those established or required by the Federal Rules of Civil Procedure, the Local Civil Rules, any applicable Orders of the Court, and/or any stipulation or agreement of the parties.

2.      Emerson Electric objects to the definition of "Plaintiff" as overly broad, unduly burdensome an not proportional to the needs and issues in this Litigation to the extent it is not limited to an entity that owns and/or entit(ies) which use the asserted Emerson Electric Marks on the relevant goods and/or services at issue in this Litigation.

3.      Emerson Electric objects to the Instruction regarding "business corporation, a non-profit corporation, an authority or other entity" as overly broad and unduly burdensome especially to the extent the instruction seeks information about "shareholders" managers, employees, servants, representatives, agents and/or other persons associated or affiliated with such entity."

4.      Emerson Electric objects to the definition of "Emerson Quiet Kool Goods" as vague and ambiguous because those products have not been identified by Defendants.

5.      Emerson Electric objects to these Requests to the extent Defendants attempt to interpret these Requests as covering e-mail documents in violation of the agreement reached between counsel excluding email from the scope of discovery requests.

6.      Emerson Electric objects to the Requests to the extent they assume disputed facts or legal conclusions in defining the documents and things requested. Emerson Electric hereby denies any such disputed facts or legal conclusions. Any documents or things provided by Emerson Electric with respect to any such request should not be construed as an adoption of or agreement with such disputed facts or legal conclusions.

7.      Emerson Electric objects to the Requests to the extent they seek documents and things that are in the possession of Defendants, are as easily obtained by Defendants as by Emerson Electric, are part of the public record, or are within Defendants' knowledge, custody, or control.

8.      Emerson Electric objects to the Requests to the extent they are unreasonably cumulative and/or duplicative.

2

9.      Emerson Electric objects to the Requests to the extent they are unduly burdensome, overly broad, oppressive, vague, and/or ambiguous.

10.     Emerson Electric objects to the Requests to the extent they are not reasonably calculated to lead to the discovery of admissible evidence, and to the extent they seek documents and things concerning products, information, documents, or activities other than those at issue in this case.

11.     Emerson Electric objects to the Requests to the extent they are premature, as discovery is ongoing. Emerson Electric reserves the right to supplement these objections and responses.

12.     Emerson Electric objects to the phrases "each," "all," and "any" as used throughout the Requests as being overly broad and unduly burdensome and not proportional to the needs and issues in this Litigation.

13.     Emerson Electric objects to the Requests to the extent they call for information constituting or reflecting privileged attorney-client communications or material protected from discovery by the work-product doctrine, including but not limited to the thoughts and mental impressions of Emerson Electric's attorneys in connection with the preparation, prosecution, or defense of any claim by or against Emerson Electric, or to the extent they call for information that is otherwise privileged or immune from discovery under the Federal Rules of Civil Procedure or other applicable authority, including but not limited to the joint defense or common interest privilege. Emerson Electric does not waive any of these limitations on the discoverability of information.  To the extent a disclosure containing such information occurs, it is inadvertent, shall not constitute a waiver, and should be brought to the attention of counsel for Emerson Electric immediately, and the provisions of Fed. R. Evid. 502 shall apply.

14.     Emerson Electric objects to the Requests to the extent they seek information that is not within Emerson Electric's possession, custody, or control, including information from agents, contractors, and/or other third parties whom Emerson Electric does not control. Emerson Electric's responses herein are based on information known to Emerson Electric Co..

15.     Emerson Electric objects to the Requests to the extent that they seek the disclosure of information that is not relevant to this action or that is not reasonably calculated to lead to the discovery of admissible evidence, or that is not proportional to the needs and issues of this litigation.

16.     Emerson Electric objects to the Requests to the extent they seek information that is equally accessible to, or readily available to, Defendants, including but not limited to documents available from publicly-accessible websites.

17.     All answers given below are made subject to each and every General Objection stated above, and to the specific objections made in the response in which the answer is given.  By providing a response, Emerson Electric has not waived any objection on the ground of competency, relevancy, materiality, privilege, admissibility as evidence, or any other ground, for any purpose, in any means in this proceeding or any other action.  Nor has Emerson Electric waived its right to make further objections to further discovery requests.  Nor is any response to be deemed an admission or acknowledgement that the information sought is within the proper scope of discovery.  Where the below specific Responses do not state that responsive documents are being or will be produced, Emerson Electric does not intend to produce documents in response to such Requests.

18.     The answers provided herein are based on Emerson Electric's current knowledge and are made in a good-faith effort to respond to the extent of the information currently known to

4

Emerson Electric. Discovery requests calling for or pertaining to ultimate conclusions are premature and are necessarily limited by the present lack of discovery. Emerson Electric has not completed its investigation of the facts, testimony, witnesses, or documents relating to this litigation, and has not completed its analysis of available data or begun preparation for trial. Emerson Electric expressly reserves the right to produce additional information that may come to its attention as this litigation proceeds, or to otherwise supplement its responses in accordance with the Federal Rules of Civil Procedure or other applicable rule, order, or stipulation of the parties. Discovery responses will be supplemented as appropriate and as provided in Fed. R. Civ. P. 26(e).

These general objections are incorporated into each and every specific answer below.

## **DOCUMENTS TO BE PRODUCED**

### **REQUEST NO. 39**

All documents related to the registration of the EMERSON QUIET KOOL Mark in China by Plaintiff or anyone affiliated with or related to Plaintiff.

**RESPONSE:** Emerson Electric incorporates its General Objections above. Emerson Electric objects to this Request as vague and ambiguous as to the meaning of the term "EMERSON QUIET KOOL Mark" because this term is undefined. Emerson Electric objects to this Request as seeking information that is not relevant to, and/or not proportional to, the issues in this litigation to as it seeks disclosure of information relating to "registration of the EMERSON QUIET KOOL Mark" outside the United States, which is not relevant to Emerson Electric's claims of trademark infringement against Defendants. Emerson Electric objects to this Request as overly broad and unduly burdensome because the request is not limited in time or scope (e.g., specific goods and services). Emerson Electric further objects to this Request to the extent the term "All documents" is intended to seek documents protected from disclosure by the attorney-client privilege, the work

product doctrine or any other applicable privilege or immunity.

Based on these objections, Emerson Electric will not produce documents to this Request as it is currently formulated. Emerson Electric notes that Defendants have brought a separate action asserting claims which arise from alleged actions taken by Emerson Electric in China. That action is pending under the case caption *Emerson Quiet Kool Co. Ltd., et.al*, 1:20-cv-01449 (D. Del.). Emerson Electric is willing to conduct a meet and confer with Defendants' counsel in order to discuss Emerson Electric's position on this Request.

**REQUEST NO. 40**

All documents related to the action filed in or around May 2018 with the Zhongshan Customs Office by Plaintiff regarding the EMERSON QUIET KOOL Mark and/or any goods bearing the EMERSON QUIET KOOL Mark.

**RESPONSE:** Emerson Electric incorporates its General Objections above. Emerson Electric objects to this Request as vague and ambiguous as to the meaning of the term "EMERSON QUIET KOOL Mark" because this term is undefined. Emerson Electric objects to this Request as seeking information that is not relevant to, and/or not proportional to, the issues in this litigation to as it seeks disclosure of information relating to an "action filed in or around May 2018 with the Zhongshan Customs Office," which is not relevant to Emerson Electric's claims of trademark infringement against Defendants. Emerson Electric objects to this Request as seeking information that is not relevant to, and/or not proportional to the issues in this litigation as any responsive information or actions occurred outside the United States. Emerson Electric further objects to this Request to the extent the term "All documents" is intended to seek documents protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity.

Exhibit 5, Page 10

Based on these objections, Emerson Electric will not produce documents to this Request as it is currently formulated. Emerson Electric notes that Defendants have brought a separate action asserting claims which arise from alleged actions taken by Emerson Electric in China. That action is pending under the case caption *Emerson Quiet Kool Co. Ltd., et.al*, 1:20-cv-01449 (D. Del.). Emerson Electric is willing to conduct a meet and confer with Defendants' counsel in order to discuss Emerson Electric's position on this Request.

**REQUEST NO. 41**

All documents relating to Plaintiff's possession of any goods bearing the EMERSON QUIET KOOL Mark.

**RESPONSE:** Emerson Electric incorporates its General Objections above. Emerson Electric objects to this Request as vague and ambiguous as to the meaning of the term "EMERSON QUIET KOOL Mark" because this term is undefined. Emerson Electric objects to this Request as seeking information that is not relevant to, and/or not proportional to, the issues in this litigation to as it seeks disclosure of information relating to "possession of any goods bearing the EMERSON QUIET KOOL Mark" by Emerson Electric, which is not relevant to Emerson Electric's claims of trademark infringement against Defendants. Emerson Electric objects to this Request as seeking information that is not relevant to, and/or not proportional to the issues in this litigation as any responsive information or actions occurred outside the United States. Emerson Electric objects to this Request as seeking information that is not proportional to the needs of, or issues in, this Litigation, because any "possession of any goods bearing the EMERSON QUIET KOOL Mark" by Emerson Electric is not relevant to Emerson Electric's claims of trademark infringement against Defendants. Emerson Electric objects to this Request as overly broad and unduly burdensome because the request is not limited in time, geography, or scope (e.g., specific goods and services).

7

Emerson Electric further objects to this Request to the extent the term "All documents" is intended to seek documents protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity.

Based on these objections, Emerson Electric will not produce documents to this Request as it is currently formulated. Emerson Electric notes that Defendants have brought a separate action asserting claims which arise from alleged actions taken by Emerson Electric in China. That action is pending under the case caption *Emerson Quiet Kool Co. Ltd., et.al*, 1:20-cv-01449 (D. Del.). Emerson Electric is willing to conduct a meet and confer with Defendants' counsel in order to discuss Emerson Electric's position on this Request.

**REQUEST NO. 42**

All documents relating to Plaintiff's sale of EMERSON QUIET KOOL branded goods in China.

**RESPONSE:** Emerson Electric incorporates its General Objections above. Emerson Electric objects to this Request as seeking information that is not relevant to, and/or not proportional to, the issues in this litigation to as it seeks disclosure of information relating to any alleged "sale of EMERSON QUIET KOOL branded goods in China" by Emerson Electric, which is not relevant to Emerson Electric's claims of trademark infringement against Defendants. Emerson Electric objects to this Request as overly broad and unduly burdensome because the request is not limited in time or scope (e.g., specific goods and services). Emerson Electric further objects to this Request to the extent the term "All documents" is intended to seek documents protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity.

Based on these objections, Emerson Electric will not produce documents to this Request

Exhibit 5, Page 12

as it is currently formulated. Emerson Electric notes that Defendants have brought a separate action asserting claims which arise from alleged actions taken by Emerson Electric in China. That action is pending under the case caption *Emerson Quiet Kool Co. Ltd., et.al*, 1:20-cv-01449 (D. Del.). Emerson Electric is willing to conduct a meet and confer with Defendants' counsel in order to discuss Emerson Electric's position on this Request.

**REQUEST NO. 43**

Any artwork or images used to create labels bearing the mark EMERSON QUIET KOOL.

**RESPONSE:** Emerson Electric incorporates its General Objections above. Emerson Electric objects to this Request as vague and ambiguous as to the meaning of the term "the mark EMERSON QUIET KOOL" because this term is undefined. Emerson Electric objects to this Request as seeking information that is not relevant to, and/or not proportional to the issues in this litigation as it seeks disclosure of information relating to "artwork or images used to create labels bearing the mark EMERSON QUIET KOOL," which is not relevant to Emerson Electric's claims of trademark infringement against Defendants. Emerson Electric objects to this Request as overly broad and unduly burdensome because the request is not limited in time, geography, or scope (e.g., specific goods and services). Emerson Electric objects to this Request as seeking information that is not relevant to, and/or not proportional to the issues in this litigation as any responsive information or actions occurred outside the United States. Emerson Electric further objects to this Request to the extent it seeks documents not in the possession, custody, or control of Emerson Electric.

Based on these objections, Emerson Electric will not produce documents to this Request as it is currently formulated. Emerson Electric notes that Defendants have brought a separate action

asserting claims which arise from alleged actions taken by Emerson Electric in China. That action is pending under the case caption *Emerson Quiet Kool Co. Ltd., et.al*, 1:20-cv-01449 (D. Del.). Emerson Electric is willing to conduct a meet and confer with Defendants' counsel in order to discuss Emerson Electric's position on this Request.

Dated: January 4, 2021                     Respectfully submitted,

                                           /s/ *Joel R. Samuels*
                                           George D. Moustakas (*pro hac vice*)
                                           Lisa M. DuRoss (*pro hac vice*)
                                           Joel R. Samuels (*pro hac vice*)
                                           Harness, Dickey & Pierce PLC
                                           5445 Corporate Drive,
                                           Suite 200
                                           Troy, MI  48098
                                           248-641-1600
                                           gdmoustakas@hdp.com
                                           lduross@hdp.com
                                           jsamuels@hdp.com

                                           YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                           Adam W. Poff (No. 3990)
                                           Robert M. Vrana (No. 5666)
                                           Rodney Square
                                           1000 North King Street
                                           Wilmington DE 19801
                                           302-571-6600
                                           apoff@ycst.com
                                           rvrana@ycst.com

                                           *Attorneys for Plaintiff Emerson Electric Co.*

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 4, 2021 a copy of the foregoing

## EMERSON ELECTRIC CO.'S RESPONSES AND OBJECTIONS TO DEFENDANTS'

## SECOND REQUESTS FOR PRODUCTION TO PLAINTIFF was served via Electronic

Mail to the following:

PANITCH SCHWARZE BELISARIO & NADEL, LLP
John D. Simmons (Bar. No. 5996)
Dennis J. Butler (Bar No. 5981)
Wells Fargo Tower
2200 Concord Pike, Suite 201
Wilmington, DE 19803
Telephone: (302) 394-6030
Facsimile: (302) 394-6031
jsimmons@panitchlaw.com
dbutler@panitchlaw.com

Keith A. Jones (*pro hac vice*)
Panitch Schwarze Belisario & Nadel LLP
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 965-1330
kjones@panitchlaw.com

*Attorneys for Defendant Emerson Quiet Kool Co Ltd. and Defendant Home Easy Ltd.*

/s/ *Joel R. Samuels*

11

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMERSON ELECTRIC CO., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 17-cv-01846-LPS |
| v. | ) | |
| | ) | <u>Jury Trial Demanded</u> |
| EMERSON QUIET KOOL CO. LTD., and | ) | |
| HOME EASY LTD., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

---

### EMERSON ELECTRIC CO.'S RESPONSES TO DEFENDANTS'
### THIRD SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, Plaintiff Emerson Electric Co. ("Plaintiff" or "Emerson Electric"), by and through their undersigned counsel, hereby responds to Defendants' Third Set of Interrogatories Directed to Plaintiff with the following answers and objections.

### GENERAL OBJECTIONS AND RESPONSES

Emerson Electric makes the following General Objections to each of the Interrogatories, including the "Definitions and Instructions" included therein, whether or not set forth separately in each response below:

1.       Emerson Electric objects to the Interrogatories, including the definitions and instructions, to the extent they purport to impose on Emerson Electric any obligations different from, or in addition to, those established or required by the Federal Rules of Civil Procedure, the Local Civil Rules, any applicable Orders of the Court, and/or any stipulation or agreement of the parties.

2.      Emerson Electric objects to the definition of "Plaintiff" as overly broad, unduly burdensome an not proportional to the needs and issues in this Litigation to the extent it is not limited to an entity that owns and/or entit(ies) which use the asserted Emerson Electric Marks on the relevant goods and/or services at issue in this Litigation.

3.      Emerson Electric objects to the Instruction regarding "business corporation, a non-profit corporation, an authority or other entity" as overly broad and unduly burdensome especially to the extent the instruction seeks information about "shareholders" managers, employees, servants, representatives, agents and/or other persons associated or affiliated with such entity."

4.      Emerson Electric objects to the definition of "Emerson Quiet Kool Goods" as vague and ambiguous because those products have not been identified by Defendants.

5.      Emerson Electric objects to the Interrogatories to the extent they assume disputed facts or legal conclusions in defining the information requested. Emerson Electric hereby denies any such disputed facts or legal conclusions. Any information provided by Emerson Electric with respect to any such request should not be construed as an adoption of or agreement with such disputed facts or legal conclusions.

6.      Emerson Electric objects to the Interrogatories to the extent they seek information that is in the possession of Defendants, are as easily obtained by Defendants as by Emerson Electric, are part of the public record, or are within Defendants' knowledge, custody, or control.

7.      Emerson Electric objects to the Interrogatories to the extent they are unreasonably cumulative and/or duplicative.

8.      Emerson Electric objects to the Interrogatories to the extent they are unduly burdensome, overly broad, oppressive, vague, and/or ambiguous.

9.      Emerson Electric objects to the Interrogatories to the extent they are not reasonably calculated to lead to the discovery of admissible evidence, and to the extent they seek information concerning products, information, documents, or activities other than those at issue in this case.

10.     Emerson Electric objects to the Interrogatories to the extent they are premature, as discovery is ongoing. Emerson Electric reserves the right to supplement these objections and responses.

11.     Emerson Electric objects to the phrases "each," "all," and "any" as used throughout the Interrogatories as being overly broad and unduly burdensome and not proportional to the needs and issues in this Litigation.

12.     Emerson Electric objects to the Interrogatories to the extent they call for information constituting or reflecting privileged attorney-client communications or material protected from discovery by the work-product doctrine, including but not limited to the thoughts and mental impressions of Emerson Electric's attorneys in connection with the preparation, prosecution, or defense of any claim by or against Emerson Electric, or to the extent they call for information that is otherwise privileged or immune from discovery under the Federal Rules of Civil Procedure or other applicable authority, including but not limited to the joint defense or common interest privilege. Emerson Electric does not waive any of these limitations on the discoverability of information.  To the extent a disclosure containing such information occurs, it is inadvertent, shall not constitute a waiver, and should be brought to the attention of counsel for Emerson Electric immediately, and the provisions of Fed. R. Evid. 502 shall apply.

13.     Emerson Electric objects to the Interrogatories to the extent they seek information that is not within Emerson Electric's possession, custody, or control, including information from

agents, contractors, and/or other third parties whom Emerson Electric does not control. Emerson Electric's responses herein are based on information known to Emerson Electric Co.

14.    Emerson Electric objects to the Interrogatories to the extent that they seek the disclosure of information that is not relevant to this action or that is not reasonably calculated to lead to the discovery of admissible evidence, or that is not proportional to the needs and issues of this litigation.

15.    Emerson Electric objects to the Interrogatories to the extent they seek information that is equally accessible to, or readily available to, Defendants, including but not limited to information available from publicly-accessible websites.

16.    All answers given below are made subject to each and every General Objection stated above, and to the specific objections made in the response in which the answer is given.  By providing a response, Emerson Electric has not waived any objection on the ground of competency, relevancy, materiality, privilege, admissibility as evidence, or any other ground, for any purpose, in any means in this proceeding or any other action.  Nor has Emerson Electric waived its right to make further objections to further discovery requests.  Nor is any response to be deemed an admission or acknowledgement that the information sought is within the proper scope of discovery.

17.    The answers provided herein are based on Emerson Electric's current knowledge and are made in a good-faith effort to respond to the extent of the information currently known to Emerson Electric. Discovery requests calling for or pertaining to ultimate conclusions are premature and are necessarily limited by the present lack of discovery. Emerson Electric has not completed its investigation of the facts, testimony, witnesses, or documents relating to this litigation, and has not completed its analysis of available data or begun preparation for trial.

Emerson Electric expressly reserves the right to produce additional information that may come to its attention as this litigation proceeds, or to otherwise supplement its responses in accordance with the Federal Rules of Civil Procedure or other applicable rule, order, or stipulation of the parties. Discovery responses will be supplemented as appropriate and as provided in Fed. R. Civ. P. 26(e).

These general objections are incorporated into each and every specific answer below.

## INTERROGATORIES

**Interrogatory No. 21.**

Describe any efforts taken by You or anyone related to You to register the mark EMERSON QUIET KOOL in China and any other countries outside the U.S., including the reasons for seeking such registrations.

**ANSWER:** Emerson Electric incorporates its General Objections above. Emerson Electric objects to this Interrogatory as vague and ambiguous as to the meaning of the term "the mark EMERSON QUIET KOOL" because that term is undefined. Emerson Electric objects to this Interrogatory as seeking information that is not relevant to, and/or not proportional to, the issues in this litigation to as it seeks disclosure of information relating to registration of the "mark EMERSON QUIET KOOL" outside the United States, which is not relevant to Emerson Electric's claims of trademark infringement against Defendants. Emerson Electric objects to this Interrogatory to the extent that the terms "any efforts" and "the reasons for seeking such registrations" seek the disclosure of information protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege and/or immunity. Emerson Electric objects to this Interrogatory as compound and containing multiple interrogatories because there are at least two separate and distinct inquires (*e.g.*, describe the efforts, describe the products or services). Based on these objections, Emerson Electric will not respond to this Interrogatory as currently formulated. Emerson Electric notes that

Defendants have brought a separate action asserting claims which arise from alleged actions taken by Emerson Electric in China. That action is pending under the case caption *Emerson Quiet Kool Co. Ltd., et.al*, 1:20-cv-01449 (D. Del.). Emerson Electric is willing to conduct a meet and confer with Defendants' counsel in order to discuss Emerson Electric's position on this Interrogatory.

**Interrogatory No. 22.**

Identify all current and former employees of Emerson Electric Co. who have been involved in any way with filing for EMERSON QUIET KOOL marks, manufacturing EMERSON QUIET KOOL products, or interacting with other people or parties who are or were using the EMERSON QUIET KOOL mark, and describe the role of each such employee with respect to the EMERSON QUIET KOOL mark or products.

**ANSWER:** Emerson Electric incorporates its General Objections above. Emerson Electric objects to this Interrogatory as vague and ambiguous as to the meaning of the terms "EMERSON QUIET KOOL marks" and "EMERSON QUIET KOOL products" because these terms are undefined. Emerson Electric objects to this Interrogatory as seeking information that is not relevant to, and/or not proportional to, the issues in this litigation to the extent it seeks disclosure of information relating to the use of EMERSON QUIET KOOL by third parties who are not associated with Emerson Electric. Emerson Electric objects to this Interrogatory as seeking information that is not relevant to, and/or not proportional to, the issues in this litigation to as it seeks disclosure of information relating to registration of the "mark EMERSON QUIET KOOL" outside the United States, which is not relevant to Emerson Electric's claims of trademark infringement against Defendants. Emerson Electric objects to this Interrogatory as overly broad and unduly burdensome because the Interrogatory is not limited in time, geography, or scope (e.g., specific goods and services). Emerson Electric objects to this Interrogatory to the extent that the term "describe the

6

role of each such employee with respect to the EMERSON QUIET KOOL mark or products" seeks the disclosure of information protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege and/or immunity. Emerson Electric objects to this Interrogatory as compound and containing multiple interrogatories because there are at least six separate and distinct inquires (*e.g.*, identify employees involved with filing, identify employees involved with manufacturing, identify employees interacting with users, describe role of employees involved with filing, describe role of employees involved with manufacturing, describe role of employees interacting with users). Emerson Electric objects to this Interrogatory as exceeding the permissive number of Interrogatories allowed to be served by Defendants. Based on these objections, Emerson Electric will not respond to this Interrogatory as currently formulated. Emerson Electric notes that Defendants have brought a separate action asserting claims which arise from alleged actions taken by Emerson Electric in China. That action is pending under the case caption *Emerson Quiet Kool Co. Ltd., et.al*, 1:20-cv-01449 (D. Del.). Emerson Electric is willing to conduct a meet and confer with Defendants' counsel in order to discuss Emerson Electric's position on this Interrogatory.

Dated:  January 4, 2021                          Respectfully submitted,

                                                 /s/ Joel R. Samuels
                                                 George D. Moustakas
                                                 Lisa M. DuRoss
                                                 Joel R. Samuels
                                                 Harness, Dickey & Pierce PLC
                                                 5445 Corporate Drive, Suite 200
                                                 Troy, MI  48098
                                                 248-641-1600
                                                 gdmoustakas@hdp.com
                                                 lduross@hdp.com
                                                 jsamuels@hdp.com

                                                 YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                                 Adam W. Poff (No. 3990)

Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington DE 19801
302-571-6600
apoff@ycst.com
rvrana@ycst.com
*Attorneys for Plaintiff Emerson Electric Co.*

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 4, 2021 a copy of the foregoing

**Emerson Electric Co.'s Responses to Defendants' Third Set of Interrogatories** was served

via Electronic Mail to the following:

PANITCH SCHWARZE BELISARIO & NADEL, LLP
John D. Simmons (Bar. No. 5996)
Dennis J. Butler (Bar No. 5981)
Wells Fargo Tower
2200 Concord Pike, Suite 201
Wilmington, DE 19803
Telephone: (302) 394-6030
Facsimile: (302) 394-6031
jsimmons@panitchlaw.com
dbutler@panitchlaw.com

Keith A. Jones (pro hac vice)
Panitch Schwarze Belisario & Nadel LLP
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 965-1330
kjones@panitchlaw.com

*Attorneys for Defendant Emerson Quiet Kool Co Ltd. and Defendant Home Easy Ltd.*

/s/ Joel R. Samuels

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMERSON ELECTRIC CO., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CASE NO. 1:17-cv-01846-LPS-JLH |
| | ) | |
| EMERSON QUIET KOOL CO. LTD., and | ) | |
| HOME EASY LTD., | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANTS EMERSON QUIET KOOL CO. LTD. AND HOME EASY LTD'S
NOTICE OF 30(b)(6) DEPOSITION OF EMERSON ELECTRIC CO.**

**PLEASE TAKE NOTICE** that, Pursuant to Federal Rule of Civil Procedure 30(b)(6),

Defendants Emerson Quiet Kool Co. Ltd. and Home Easy Ltd., by their attorneys, Panitch

Schwarze Belisario & Nadel LLP, will take the deposition upon oral examination of Plaintiff

Emerson Electric Co. via remote means on February 24, 2021 starting at 9:00 A.M. Eastern

Standard Time.

**PLEASE TAKE FURTHER NOTICE** that the deposition will be taken before an

officer authorized by law to administer oaths under Federal Rule of Civil Procedure 28.  Pursuant

to Federal Rule of Civil Procedure 30(b)(3), the deposition shall be recorded stenographically

and may be videotaped and/or audiotaped.

Plaintiff Emerson Electric Co. is directed, pursuant to Rule 30(b)(6), to designate one or

more officers, directors, managing agents, or other persons who consent and are knowledgeable

to testify on its behalf with respect to each of the topics set forth in Schedule A attached hereto.

The person or persons so designated shall testify as to the matters known or reasonably known to

Plaintiff Emerson Electric Co.

Dated:  <u>January 29, 2021</u>                     <u>/s/ Keith A. Jones</u>

                                                   John D. Simmons (No. 5996)
                                                   Dennis J. Butler (No. 5981)
                                                   Keith A. Jones (*pro hac vice*)
                                                   PANITCH SCHWARZE BELISARIO & NADEL LLP
                                                   Wells Fargo Tower
                                                   2200 Concord Pike, Suite 201
                                                   Wilmington, DE 19083
                                                   Telephone: (302) 394-1330

                                                   *Counsel for Defendants Emerson Quiet Kool Co.,*
                                                   *Ltd. and Home Easy Ltd.*

## SCHEDULE A

1.      All known instances of alleged actual confusion between Emerson Electric Co. and the mark EMERSON QUIET KOOL.

2.      The goods sold and services offered by Emerson Electric Co. under the Emerson Electric Marks listed in the Complaint.

3.      Any agreements between Emerson Radio Corp. and Emerson Electric Co. including, but not limited to, any agreements regarding the use of any trademarks having "Emerson" in the mark.

4.      Any agreements between Emerson Electric Co. and any other party or entity regarding the use of any trademarks having "Emerson" in the mark.

5.      Emerson Electric Co.'s responses to interrogatories and requests for admission served throughout this case.

6.      The Consent Agreements attached as Exhibits G and H to the Complaint and the circumstances surrounding those Agreements, including who participated in negotiating them, where they were negotiated, when they were negotiated, and where they were executed.

7.      Emerson Electric's 1977 agreement with National Union Electric Corp. and the circumstances surrounding that agreement, including any negotiations or communications with National Union Electric Corp. and the identity of any individuals associated with the agreement or the negotiations leading up to the agreement.

8.      Emerson Electric Co.'s registration of the mark EMERSON QUIET KOOL outside of the United States, including in China.

9.      Emerson Electric Co.'s filing of a legal proceeding in or around May 2018 with the Zhongshan Customs Office in China regarding the EMERSON QUIET KOOL mark and/or goods bearing the EMERSON QUIET KOOL mark.

10.  Emerson Electric Co.'s possession of goods bearing the mark EMERSON QUIET KOOL.

11.  Emerson Electric Co.'s sales of goods branded EMERSON QUIET KOOL in China.

12.  Any profits lost by Emerson Electric as a result of Defendants' alleged improper acts as listed in the Complaint.

13.  Emerson Electric's knowledge of National Union Electric Co.'s ownership and use of the EMERSON QUIET KOOL mark.

14.  Emerson Electric's knowledge of Emerson Quiet Kool Corporation's ownership and use of the EMERSON QUIET KOOL mark.

15.  Emerson Electric's knowledge of Jepson Corporation's ownership and use of the EMERSON QUIET KOOL mark.

16.  Emerson Electric's knowledge of Falcon Manufacturing Inc.'s ownership and use of the EMERSON QUIET KOOL mark.

17.  Emerson Electric's knowledge of Fedders North America, Inc.'s ownership and use of the EMERSON QUIET KOOL mark.

18.  Emerson Electric's knowledge of Airwell Hong Kong Technologies Ltd.'s ownership and use of the EMERSON QUIET KOOL mark.

19.  Emerson Electric's knowledge of Fedders Hong Kong Company Ltd.'s ownership and use of the EMERSON QUIET KOOL mark.

20.  Emerson Electric's knowledge of Elco Holland B.V.'s ownership and use of the EMERSON QUIET KOOL mark.

21.     Emerson Electric's knowledge of American Ductless AC Corp.'s ownership and
use of the EMERSON QUIET KOOL mark.

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2021, a true and correct copy of DEFENDANTS

EMERSON QUIET KOOL CO. LTD. AND HOME EASY LTD'S NOTICE OF 30(b)(6)

DEPOSITION OF EMERSON ELECTRIC CO. was served upon the following via electronic

mail:

Adam W. Poff (No. 3990)
Robert M. Vrana (No. 5666)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington DE 19801
302-571-6600
apoff@ycst.com
rvrana@ycst.com

George D. Moustakas
Lisa M. DuRoss
Joel R. Samuels
**HARNESS, DICKEY & PIERCE PLC**
5445 Corporate Drive, Suite 200
Troy, MI  48098
248-641-1600
gdmoustakas@hdp.com
lduross@hdp.com
jsamuels@hdp.com

*Attorneys for Plaintiff Emerson Electric Co*

*/s/ Keith A. Jones*
Keith A. Jones

6

Exhibit 5, Page 32

# Exhibit D



**CompuMark™ | SERION®**                    ◇ | A **Clarivate Analytics** company

---

## STRATEGY

| | |
|---|---|
| **Reference** | 689408.0001 |
| **Selected Databases** | 2 |
| | **TRADEMARK DATABASES (2);** |
| | **Asia (1);** China; |
| | International (IR) trademarks with protection in selected countries/regions ONLY; |
| **Criteria** | **Options:***Active Only: off, Plurals: on, Phonetics: off, Cross References: on* |

| Q1 | 267 | Trademark : **emerson** |
|---|---|---|
| Q2 | 424 | Trademark : **quiet** |
| Q3 | 451 | Trademark : **kool** |
| Q4 | 7 | Trademark : **emerson quiet kool** |

| | |
|---|---|
| **Search Date** | 2020/08/11 14:56 GMT |

---

## HITS OVERVIEW

| Hit No. | Query | Trademark | Database | Status | International Class(es) | Owner Name |
|---|---|---|---|---|---|---|
| CN-1 | Q4 | EMERSON QUIET KOOL | China | UNPUBLISHED APPLICATION (PENDING) | 9 | Emerson Electric Company |
| CN-2 | Q4 | EMERSON QUIET KOOL | China | UNPUBLISHED APPLICATION (PENDING) | 11 | Emerson Quiet Kool Co.Ltd. |
| CN-3 | Q4 | EMERSON QUIET KOOL | China | UNPUBLISHED APPLICATION (PENDING) | 11 | Emerson Static Co., Ltd. |
| CN-4 | Q4 | EMERSON QUIET KOOL | China | UNPUBLISHED APPLICATION (PENDING) | 11 | Emerson Quiet Kool Co.Ltd. |
| CN-5 | Q4 | EMERSON QUIET KOOL | China | REGISTRATION (REGISTERED) | 11 | EMERSON ELECTRIC CO. |
| CN-6 | Q4 | EMERSON QUIET KOOL | China | REGISTRATION (REGISTERED) | 11 | EMERSON ELECTRIC CO. |
| CN-7 | Q4 | EMERSON QUIET KOOL | China | REGISTRATION (REGISTERED) | 11 | EMERSON ELECTRIC CO. |

## FULL TEXT RECORD(S)

### EMERSON QUIET KOOL
China CN-1:Q4

| | |
|---|---|
| **Image** | EMERSON QUIET KOOL |
| **Trademark** | EMERSON QUIET KOOL |
| **Design Type** | WORD ONLY |
| **Database** | China |
| **Application Number** | 43966973 |
| **Application Date** | 22-JAN-2020 |
| **Status** | UNPUBLISHED APPLICATION (PENDING) |
| **Owner** | Emerson Electric Company<br>CN (CHINA) |
| **International Class(es)** | **9** (Electrical and scientific apparatus) |
| **Subclass Description** | Computers and their external equipments<br>Data-processing equipments used in recording and automatic vending machines<br>Machines used in office (except for typewriters, duplicators and printers)<br>Scales<br>Measures<br>Signalling apparatus and instruments<br>Equipments used in communication and navigation<br>Apparatus for sound and images<br>Apparatus and instruments for photographic and cinematographic<br>Instruments and meters for measuring and electric measuring; apparatus and instruments for scientific research in laboratories<br>Optical instruments<br>Cables<br>Transistors and carbons used in electrical equipments; components of electron and electricity<br>Electrical controlling apparatus and equipments<br>Apparatus for electroplating and electrolysers<br>Fire extinguishing instruments<br>Electric arcs, cutting and welding equipments and apparatus<br>Industrial X ray equipments<br>Life-saving instruments<br>Warning equipments, bells<br>Glasses and those accessories<br>Batteries, chargers<br>Films, exposed materials<br>Electrical equipments which are not listed in other classes |

Exhibit 5, Page 35

**EMERSON QUIET KOOL**

|  |  |
|---|---|
| **Image** | EMERSON QUIET KOOL |
| **Trademark** | EMERSON QUIET KOOL |
| **Design Type** | WORD ONLY |
| **Database** | China |
| **Application Number** | 41367258 |
| **Application Date** | 27-SEP-2019 |
| **Status** | UNPUBLISHED APPLICATION (PENDING) |
| **Owner** | Emerson Quiet Kool Co.Ltd.<br>US (UNITED STATES OF AMERICA) |
| **International Class(es)** | **11** (Environmental control apparatus) |
| **Subclass Description** | Apparatus for drying and ventilating (include air-conditioners) |
| **Goods and Services** | 11 Household dehumidifiers, air conditioners for vehicles, air conditioners, air conditioning equipment, industrial window air conditioners, air conditioning equipment, air conditioning equipment (industrial), local induction air conditioning (industrial), evaporators for air conditioning, industrial Central air-conditioning equipment |

**EMERSON QUIET KOOL**                                              China CN-3:Q4China CN-2:Q4

| | |
|---|---|
| **Image** |  |
| **Trademark** | EMERSON QUIET KOOL |
| **Design Type** | WORD ONLY |
| **Database** | China |
| **Application Number** | 37544184 |
| **Application Date** | 16-APR-2019 |
| **Status** | UNPUBLISHED APPLICATION (PENDING) |
| **Owner** | Emerson Static Co., Ltd.<br>US (UNITED STATES OF AMERICA) |
| **International Class(es)** | **11** (Environmental control apparatus) |
| **Subclass Description** | Apparatus for lighting (not include gas lamps and oil lamps)<br>Welding lamps<br>Gas lamps and oil lamps<br>Electrical Apparatus for cooking and heating (not include hand tools and processing machines for foodstuffs)<br>Apparatus for freezing and refrigerating (not include refrigerated cars)<br>Apparatus for drying and ventilating (include air-conditioners)<br>Apparatus for heating and steam generating (include industrial boilers, not include those for vehicles and steamers)<br>Water heating equipments and those components<br>Sanitary apparatus and installations (not include those used in washroom)<br>Apparatus for sterilizing and purifying<br>Small - sized heaters<br>Lighters used in kitchen<br>Nuclear reacting apparatus |

Exhibit 5, Page 37

## EMERSON QUIET KOOL

China CN-4:Q4

| | |
|---|---|
| **Image** | EMERSON QUIET KOOL |
| **Trademark** | EMERSON QUIET KOOL |
| **Design Type** | WORD ONLY |
| **Database** | China |
| **Application Number** | 33057814 |
| **Application Date** | 22-AUG-2018 |
| **Status** | UNPUBLISHED APPLICATION (PENDING) |
| **Owner** | Emerson Quiet Kool Co.Ltd.<br>US (UNITED STATES OF AMERICA) |
| **International Class(es)** | **11** (Environmental control apparatus) |
| **Subclass Description** | Apparatus for lighting (not include gas lamps and oil lamps)<br>Welding lamps<br>Gas lamps and oil lamps<br>Electrical Apparatus for cooking and heating (not include hand tools and processing machines for foodstuffs)<br>Apparatus for freezing and refrigerating (not include refrigerated cars)<br>Apparatus for drying and ventilating (include air-conditioners)<br>Apparatus for heating and steam generating (include industrial boilers, not include those for vehicles and steamers)<br>Water heating equipments and those components<br>Sanitary apparatus and installations (not include those used in washroom)<br>Apparatus for sterilizing and purifying<br>Small - sized heaters<br>Lighters used in kitchen<br>Nuclear reacting apparatus |
| **Goods and Services** | Air conditioners; industrial central air conditioning equipment; air conditioning equipment; industrial window air conditioners; air conditioning equipment; air conditioning equipment (industrial); local induction air conditioning (industrial); air conditioning evaporator; household dehumidifier; Air conditioner |

Exhibit 5, Page 38

**EMERSON QUIET KOOL**                                                                    China CN-5:Q4

| | |
|---|---|
| Image | EMERSON QUIET KOOL |
| Trademark | EMERSON QUIET KOOL |
| Design Type | WORD ONLY |
| Database | China |
| Application Number | 29560444 |
| Registration Number | 29560444 |
| Application Date | 13-MAR-2018 |
| Registration Date | 28-JAN-2019 |
| Expiry Date | 27-JAN-2029 |
| Status | REGISTRATION (REGISTERED) |
| Owner | EMERSON ELECTRIC CO.<br>US (UNITED STATES OF AMERICA) |
| International Class(es) | **11** (Environmental control apparatus) |
| Subclass Description | Apparatus for drying and ventilating (include air-conditioners)<br>Apparatus for heating and steam generating (include industrial boilers, not include those for vehicles and steamers)<br>Water heating equipments and those components |
| Goods and Services | Air conditioner; air cooling device; household dehumidifier; air filtration equipment; air reheater; air conditioning filter; personal electric fan; electric heating device; used for lighting, heating, steam generation, cooking, freezing, water supply and Hygienic use device; air conditioning device; air conditioning device; household dehumidifier; fan (air conditioning); ventilation equipment and devices (air conditioning); regenerator; heating device; industrial air dehumidifier; fan (air conditioning unit) Wetting air device; regenerator; humidifier for central heating radiator; dehumidifier; HVAC; air dryer; air purifier and machine |
| Preliminary Gazette Date | 27-OCT-2018 |
| Preliminary Gazette No | 1621 |
| History | **PUBLICATION OF PRELIMINARY APPROVAL**<br>Volume 1621 Dated 27-OCT-2018<br><br>**NOTIFICATION OF REGISTRATION**<br>Volume 1633 Dated 27-JAN-2019 |

Exhibit 5, Page 39

## EMERSON QUIET KOOL

China CN-6:Q4

| | |
|---|---|
| Image | EMERSON QUIET KOOL |
| **Trademark** | EMERSON QUIET KOOL |
| **Design Type** | WORD ONLY |
| **Database** | China |
| **Application Number** | 25323977 |
| **Registration Number** | 25323977 |
| **Application Date** | 14-JUL-2017 |
| **Registration Date** | 14-JUL-2018 |
| **Expiry Date** | 13-JUL-2028 |
| **Status** | REGISTRATION (REGISTERED) |
| **Owner** | EMERSON ELECTRIC CO.<br>US (UNITED STATES OF AMERICA) |
| **International Class(es)** | **11** (Environmental control apparatus) |
| **Subclass Description** | Apparatus for drying and ventilating (include air-conditioners)<br>Apparatus for heating and steam generating (include industrial boilers, not include those for vehicles and steamers)<br>Water heating equipments and those components |
| **Goods and Services** | 11 Air conditioning equipment, air conditioners, air cooling equipment, air conditioning equipment, dehumidifiers, household dehumidifiers, household dehumidifiers, HVAC, industrial air dehumidifiers, air dryers, air filtration equipment, air purification equipment and Machines, air reheaters, fans (air conditioning), fans (air conditioning components), filters for air conditioning, ventilation equipment and devices (air conditioning), air wetting devices, personal electric fans, regenerators, heat exchange Heater, electric heating device, heating device, humidifier for central heating radiator |
| **Preliminary Gazette Date** | 13-APR-2018 |
| **Preliminary Gazette No** | 1595 |
| **Notes** | **SECOND REGISTRATION DATE**<br>20200328<br>**EXTRA REMARKS**<br>{vol.1631 invalid announcement}因异议无效 - {vol.1631 invalid announcement}第 25323977号商标刊登在第1607期商标注册公告的信息无效<br>vol.1689 registered2 准予注册 - Goods/Services: 初审公告的全部商品/服务 |
| **History** | **PUBLICATION OF PRELIMINARY APPROVAL**<br>Volume 1595 Dated 13-APR-2018 |

Exhibit 5, Page 40

**NOTIFICATION OF REGISTRATION**
Volume 1607 Dated 13-JUL-2018

**INVALID PUBLICATION**
Volume 1631 Dated 13-JAN-2019

**NOTIFICATION OF REGISTRATION CHAPTER 2**
Volume 1689 Dated 27-MAR-2020

---

## EMERSON QUIET KOOL

China CN-7:Q4

| | |
|---|---|
| **Image** | EMERSON QUIET KOOL |
| **Trademark** | EMERSON QUIET KOOL |
| **Design Type** | WORD ONLY |
| **Database** | China |
| **Application Number** | 8571479 |
| **Registration Number** | 8571479 |
| **Application Date** | 13-AUG-2010 |
| **Registration Date** | 28-SEP-2011 |
| **Expiry Date** | 27-SEP-2021 |
| **Status** | REGISTRATION (REGISTERED) |
| **Owner** | EMERSON ELECTRIC CO.<br>US (UNITED STATES OF AMERICA) |
| **International Class(es)** | 11 (Environmental control apparatus) |
| **Subclass Description** | Apparatus for drying and ventilating (include air-conditioners) |
| **Goods and Services** | Air conditioning equipment; air conditioning; air cooling apparatus; air conditioning; dehumidifiers; household dehumidifier; household-type dehumidifier; HVAC |
| **Preliminary Gazette Date** | 27-JUN-2011 |
| **Preliminary Gazette No** | 1269 |
| **History** | **PUBLICATION OF PRELIMINARY APPROVAL**<br>Volume 1269 Dated 27-JUN-2011 |

Exhibit 5, Page 42

## OWNER INDEX

| | |
|---|---|
| **EMERSON QUIET KOOL** | EMERSON ELECTRIC CO. <br> Ref.CN-5-Q4 |
| **EMERSON QUIET KOOL** | EMERSON ELECTRIC CO. <br> Ref.CN-6-Q4 |
| **EMERSON QUIET KOOL** | EMERSON ELECTRIC CO. <br> Ref.CN-7-Q4 |
| **EMERSON QUIET KOOL** | Emerson Electric Company <br> Ref.CN-1-Q4 |
| **EMERSON QUIET KOOL** | Emerson Quiet Kool Co.Ltd. <br> Ref.CN-2-Q4 |
| **EMERSON QUIET KOOL** | Emerson Quiet Kool Co.Ltd. <br> Ref.CN-4-Q4 |
| **EMERSON QUIET KOOL** | Emerson Static Co., Ltd. <br> Ref.CN-3-Q4 |

## FILE DATES

| | |
|---|---|
| China | Date Last Updated: 11-AUG-2020 <br> Shangbiao Gonggao no. 1696, dated 20-MAY-2020 <br> Unpublished Applications made available by the trademark office as of 22-JUN-2020 |
| International Register | Date Last Updated: 11-AUG-2020 <br> Gazette of International Marks no. 28/2020, dated 23-JUL-2020 <br> Unpublished Applications made available by the WIPO as of 14-JUL-2020 |

## ACCOUNT INFO

| Date | Time | Description | List Price | Charge |
|---|---|---|---|---|
| 2020/08/11 | 14:57:06 | Custom Search View Hits - 7 hits - Trademark Plus - Q4: Trademark : emerson quiet kool - Database=China | $28.70 | $28.70 |
| | | | **$28.70** | **$28.70** |

Exhibit 5, Page 43

# Exhibit E

### Consent Agreement

This Consent Agreement ("Agreement") is entered into and effective as of the last date written below, by and between Emerson Electric Co. ("Emerson"), a Missouri corporation having a principal place of business at 8000 West Florissant Avenue, St. Louis, Missouri 63136, and Airwell Hong Kong Technologies Ltd. ("Airwell"), a Hong Kong corporation having a principal place of business at Houston Centre, Room 805, 63 Mody Road, Tsim Sha Tsui East, Kowloon, Hong Kong, concerning Airwell's use and registration of the Airwell Mark (as set forth below) in the United States.

In consideration of the terms of this Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.    Airwell is the owner of U.S. Trademark Application Serial No. 77/946976 (the "Airwell Application") for the mark EMERSON QUIET KOOL (the "Airwell Mark") for "portable compact residential window and wall room air conditioning units" (the "Airwell Goods")

2.    Emerson is the owner of:  U.S. Trademark Registration No. 3,771,945 for the mark EMERSON for "environmental measuring, testing and monitoring instruments" and other goods more specifically set forth therein; U.S. Trademark Registration No. 1,795,612 for the mark EMERSON for "compressors for use in refrigeration" and other goods more specifically set forth therein; and U.S. Trademark Registration No. 1,742,773 for the mark EMERSON for "AC and DC adjustable speed drives for commercial and industrial use" and other goods more specifically set forth therein (together, the "Emerson Marks").

3.    The U.S. Patent & Trademark Office has cited the Emerson Marks as bars to registration of the Airwell Application.

4.    The parties do not anticipate any confusion arising from the concurrent use of their respective marks on or in connection with their respective goods and/or services as provided by this Agreement.

5.    Accordingly, Emerson hereby consents to registration of the Airwell Mark in the Airwell Application and to use of the Airwell Mark, in connection with the Airwell Goods, in light of the following:

    a.    The Airwell Mark and the Emerson Marks are, or can be made to be, sufficiently different in their entireties as to appearance and commercial impression, when taken with the differences between the distinct goods and/or services, such that there is no likelihood of confusion;

    b.    The Airwell Goods and Emerson's respective goods and/or services are sufficiently different when used in connection with their respective marks.

NY-732406 v1

Exhibit G

Case 1:20-cv-01449-LPS   Document 8-5   Filed 03/05/21   Page 47 of 47 PageID #: 235

Case 1:17-cv-01846-UNA-JLH   Document 1-1   Filed 12/22/17   Page 155 of 162 PageID #: 184
Case 1:17-cv-01846-LPS-JLH   Document 104-1   Filed 02/22/21   Page 43 of 43 PageID #: 1688

6.    Each party agrees not to promote, advertise, or distribute its respective goods and/or services in any way that would lead consumers to associate it with the other party or its goods and/or services.

7.    In the event this Agreement is not accepted by the U.S. Patent & Trademark Office or does not obviate the Office's refusal to register the Airwell Application, the parties will work together to draft a consent agreement that will permit Airwell's registration of the Airwell Application.

8.    Either party may license or assign its respective rights hereunder, in whole or in part, provided that such license, assignment, or other agreement does not conflict with the provisions of this Agreement and provided that the parties to the same ratify and expressly agree to be bound by the terms hereof.

9.    This Agreement shall be construed without regard to any presumption or any other rule requiring construction against the party causing it to be drafted.

10.    This Agreement shall not operate to alter, amend, replace or terminate the Consent Agreement dated August 21, 2009, previously entered by the parties, which shall remain in effect pursuant to its terms.

11.    This Agreement may be executed in two counterparts, each of which, when executed, shall be deemed an original and such counterparts together shall constitute a single instrument.

In witness whereof, the parties have executed this Agreement by their respective duly authorized representatives.

Airwell Hong Kong Technologies, Ltd.

By: _____

Name: _____CHONG AH KEOH____

Title: ____Managing Director____

Emerson Electric Co.

By: _Timothy G. Westman_____

Name: Timothy G. Westman

Title: Vice President, Assistant Secretary & Associate General Counsel

- 2 -