# EXHIBIT 6

I, Pi Yin Chiang, hereby declare:

That I possess advanced knowledge of Mandarin and English. My qualifications are as follows:

- BA from National Cheng Chi University in Taipei Taiwan and an MBA from Baruch College
- 20 years of experience in the translation and interpretation field
- A New York court certified interpreter in 2018

The attached translation of "2-No. 25323977-CNIPA decision" and "4-No. 8571479-CNIPA re-examination decision" is, to the best of my knowledge and belief, a true and accurate translation from Mandarin to English.


All statements made in this declaration of my own knowledge are true and all statements made on information and belief are believed to be true.  I make these statements with the understanding that willful false statements are the like are punishable by fine or imprisonment, or both.


I declare under penalty of perjury that the forgoing is true and correct.


Executed on this 5th day of March, 2021.


At: email


*Pi Yin Chiang*

_____

Pi Yin Chiang


*CXFS20190000003462CXFS01*

# 国家知识产权局

关于第8571479号"EMERSON QUIET KOOL"商标
撤销复审决定书

商评字[2020]第0000093588号

申请人（原撤销申请人）：艾默生静酷有限公司

委托代理人：广东中亿律师事务所

被申请人（原撤销被申请人）：艾默生电气公司

委托代理人：北京市君合律师事务所

申请人因第8571479号"EMERSON QUIET KOOL"商标（以下称复审商标）撤销一案，不服我局商标撤三字[2019]第Y007526号决定，于2019年05月09日向我局申请复审。我局予以受理，现已审理终结。

我局决定认为，被申请人（原撤销被申请人）提供的其在2015年7月13日至2018年7月12日期间（以下称指定期间）使用复审商标的证据有效。驳回申请人的撤销申请，复审商标不予撤销。

申请人复审的主要理由：申请人认为复审商标没有在指定期间内真实有效使用，恳请对被申请人提供的证据材料进行质证。综上，请求撤销复审商标的注册。

被申请人答辩的主要理由：被申请人是一家美国的多元化全球制造商企业，成立于1890年。被申请人通过与其下属企业艾默生环境优化技术（苏州）有限公司（以下称艾默生苏州公司）、中国经销商上海锐服环境科技有

1/4

限公司（以下称上海锐服公司）及上海永乐楼宇设备销售有限公司合作、生产、销售及推广复审商标的产品。被申请人提交的在案证据足以证明在指定期间内对复审商标在空气调节装置等指定商品上进行了真实、合法、有效的持续使用，并取得了较高的知名度。综上，请求维持复审商标的注册。

被申请人向我局提交了商标使用许可协议、产品供销协议、出货单、发票、采购订单、产品及包装图片等证据材料复印件。

为了查明案件事实，我局调取了被申请人在复审商标连续三年不使用撤销程序中提交的使用证据，该部分证据材料与被申请人复审阶段提交的证据材料基本相同。

我局将被申请人上述证据寄送申请人进行质证，申请人提出如下质证意见：申请人对被申请人提交的在案证据材料的真实性、合法性、关联性均不予认可，不能证明被申请人在指定期间内对复审商标在核定商品上进行了有效使用。请求撤销复审商标注册。

经复审查明：复审商标由被申请人于2010年8月13日提出注册申请，2011年9月28日获准注册，核定使用在第11类空调机、空气调节设备等商品上，现处于专用期内。2018年7月13日，申请人以连续三年停止使用为由，向我局申请撤销复审商标。

以上事实有商标档案及撤销决定为证。

我局认为，本案复审商标使用的指定期间晚于2014年5月1日，早于2019年11月1日，根据法不溯及既往的原则，实体问题应适用2013年《商标法》，相关程序问题仍适用2019年《商标法》。

本案的焦点问题为，被申请人是否在指定期间对复审商标进行了商标法意义上的使用。本案中，根据被申请人提交的商标使用许可协议可知：被申请人授权艾默生苏州公司在中国就生产和销售空调产品使用"EMERSON及

2/4

图"、"EMERSON QUIET KOOL"商标，许可期限为2016年12月31日至2019年12月31日；提交的2018年5月29日艾默生苏州公司与上海锐服公司签订的购销协议内容中可体现出"艾默生EMERSON QUIET KOOL"标识在空调（舒适系统）产品上的销售情况，并附有相对应的编号为04376324江苏增值税专用发票予以佐证该购销协议已实际履行，提交的产品及包装图片也进一步佐证了"EMERSON QUIET KOOL"商标实际使用的情况和事实。鉴于上述证据材料中所体现的英文标识与复审商标"EMERSON QUIET KOOL"相同，对此可认定复审商标在空调机商品上的有效使用；同时鉴于复审商标核定使用的第11类空气调节设备等其余全部商品与空调机商品属于类似商品，故可视为复审商标在全部核定商品上进行了真实有效的使用，应予维持。

依照2019年《商标法》第五十四条、第五十五条的规定，我局决定如下：

复审商标的注册予以维持。

当事人如不服本决定，可以自收到本决定书之日起三十日内向北京知识产权法院起诉，并在向法院递交起诉状的同时或者至迟十五日内将该起诉状副本抄送或者另行书面告知我局。

3/4

Exhibit 6, Page 4

合议组成员：马媛媛
　　　　　　张旭
　　　　　　张萌



Exhibit 6, Page 5







*CXFS20190000003462CXFS01*

### China National Intellectual Property Administration

Decision Regarding the Request for Cancellation

For No. 8571479 "EMERSON QUIET KOOL" Trademark

Trademark Ping Zi [2020] No. 0000093588

Applicant (the applicant of the original cancellation): EMERSON QUIET KOOL Co., Ltd.

Attorney: Guangdong Zhongyi Law Firm

Respondent (the respondent of the original cancellation): Emerson Electric

Attorney: Beijing JunHe LLP

The Applicant was dissatisfied with our Office's decision for the Trademark Che San Zi (2019) No. Y007526 case in regards to the No. 8571479 "EMERSON QUIET KOOL" trademark (hereinafter referred to as the re-examined trademark) cancellation proceeding, and applied to our Office for re-examination on May 9, 2019. Our Office accepted the application, and the re-examination has now been completed.

Our Office believes that the evidence provided by the Respondent (the respondent of the original cancellation) for the use of the re-examined trademark during the period from July 13, 2015 to July 12, 2018 (hereinafter referred to as the designated period) is valid. The applicant's application for cancellation shall be rejected, and the re-examined trademark shall not be cancelled.

The main reason for the Applicant's re-examination: The Applicant believes that the re-examined trademark has not been used in a real and effective manner within the designated period, and the Applicant urges to cross-examine the evidence and materials provided by the Respondent. To sum up, the Applicant requests to cancel the registration of the re-examined trademark.

The main reason for the Respondent's re-examination: the Respondent is a diversified global manufacturer in the United States, established in 1890, and through the cooperation with its subsidiaries Emerson Environmental Optimization Technology (Suzhou) Co., Ltd. (hereinafter referred to as Emerson Suzhou Company), the Chinese distributors, Shanghai Ruifu Environmental Technology Co., Ltd. (hereinafter referred to as Shanghai Ruifu Company) and Shanghai Yongle Building Equipment Sales

1/4

Co., Ltd., the Respondent produces, sells and promotes products with the re-examined trademark. The evidence submitted by the Respondent is sufficient to prove that the re-examined trademark has been used on air-conditioning devices and other designated commodities in a true, legal, and effective manner within the designated period, and has achieved a high reputation. In summary, it is requested to sustain the registration of the re-examined trademark.

The Respondent submitted the copies of the trademark license agreement, the product supply and marketing agreement, shipping orders, invoices, purchase orders, product and packaging pictures and other evidence and materials to our Office.

In order to ascertain the facts of the case, our Office collected the use evidence submitted by the Respondent during the cancellation procedure for no-use of the re-examined trademark for three consecutive years. This part of the evidence was basically the same as the evidence submitted by the Respondent during the re-examination stage.

Our Office sent the above-mentioned evidence submitted by the Respondent to the Applicant for cross-examination. The Applicant put forward the following cross-examination opinions: the Applicant did not recognize the authenticity, legality, and relevance of the evidence submitted by the Respondent. It cannot prove that the Respondent has effectively used the re-examined trademark on the approved goods within the designated period. The Applicant requests to cancel the registration of the re-examined trademark.

After re-examination, it is clear that the re-examined trademark was filed by the Respondent for registration on August 13, 2010, and was approved on September 28, 2011. It was approved for use on commodities such as Class 11 air conditioners and air conditioning equipment. It is currently in a designated period. On July 13, 2018, the Applicant applied to our Office for the cancellation of the re-examined trademark on the grounds of no use for three consecutive years.

The above facts are evidenced by the trademark files and the cancellation decision.

Our Office believes that the designated period for the use of the re-examined trademark in this case was later than May 1, 2014 and earlier than November 1, 2019. According to the principle of non-retroactivity, substantive issues should be subject to the 2013 Trademark Law, and procedural issues should still be subject to the 2019 Trademark Law.

The focus of this case is whether the Respondent used the re-examined trademark in the sense of trademark law during the designated period. In this case, according to the trademark license agreement submitted by the Respondent, it is known that the Respondent authorized Emerson Suzhou Company to produce and sell air-conditioning products in China to use "EMERSON and drawing(s)" and the "EMERSON QUIET KOOL" trademarks. The license period is December 31, 2016 to December 31, 2019; The contents of the purchase and sale agreement signed between Emerson Suzhou and Shanghai Ruifu on May 29, 2018 reflect the sales situation of the air condition products (the comfort system) with "EMERSON QUIET KOOL" logos, along with the corresponding Jiangsu VAT invoice number 04376324 to prove that the purchase and sale agreement has been actually fulfilled, and the submitted product and packaging pictures also further support the actual use of the "EMERSON QUIET KOOL" trademark. In view of the fact that the English logo embodied in the above-mentioned evidence is the same as the re-examined trademark "EMERSON QUIET KOOL", it can be determined that the re-examined trademark is effectively used on air-conditioning products; at the same time, all other products of category 11 air-conditioning equipment approved for use for the re-examined trademark are similar to the air-conditioning products, so it can be deemed that the re-examined trademark has been truly and effectively used on all approved products and should be sustained.

In accordance with Article 54 and Article 55 of the Trademark Law of 2019, our Office has decided as follows:

The registration of the re-examined trademark shall be sustained.

If the parties are dissatisfied with this decision at that time, they may file a suit in the Beijing Intellectual Property Court within thirty days from the date of receipt of this decision, and submit a copy of the complaint to the court at the same time or within fifteen days at the latest or inform our Office in writing separately.

Members of the collegiate group: Yuan Yuan MA

Xu ZHANG

Meng ZHANG

[seal:] China National Intellectual Property Administration/April  24, 2020/Trademark review stamp/ 1101081467335

4/4





Beijing

Dong Dan (Tou) 1

Langfang Yonghua Paper Plastic Product Factory
Standard GB/T 1416-2003
Volume: 200000
Produced in 2019
Supervised by Hebei Postal Management Bureau
05-R018-C5 domestic envelope