# EXHIBIT 13

I, Pi Yin Chiang, hereby declare:

That I possess advanced knowledge of Mandarin and English. My qualifications are as follows:

- BA from National Cheng Chi University in Taipei Taiwan and an MBA from Baruch College
- 20 years of experience in the translation and interpretation field
- A New York court certified interpreter in 2018

The attached translation of "4-No. 29560444-Favorable Invalidation Decision-20200326" is, to the best of my knowledge and belief, a true and accurate translation from Mandarin to English.

All statements made in this declaration of my own knowledge are true and all statements made on information and belief are believed to be true.  I make these statements with the understanding that willful false statements are the like are punishable by fine or imprisonment, or both.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on this 5th day of March, 2021.

At: email

*Pi Yin Chiang*
_____
Pi Yin Chiang



# 国家知识产权局

关于第29560444号"EMERSON QUIET KOOL"商标
无效宣告请求裁定书

商评字[2020]第0000053006号

申请人：艾默生静酷有限公司

委托代理人：广东中亿律师事务所

被申请人：艾默生电气公司

委托代理人：北京市君合律师事务所

申请人于2019年04月15日对第29560444号"EMERSON QUIET KOOL"商标（以下称争议商标）提出无效宣告请求，我局予以受理，现已审理终结。

申请人的主要理由：申请人于2017年1月10日受让"EMERSON QUIET KOOL"商标，在美国拥有对"EMERSON QUIET KOOL"的商标权，商品涉及空调器、除湿器，是一个历史悠久的知名商标。2009年被申请人与"EMERSON QUIET KOOL"商标原注册人欧威尔香港技术有限公司（以下称欧威尔公司）签订《同意协议》约定被申请人不得在空调器、除湿器或类似商品上注册带有"EMERSON"字样的商标，该协议是全球性协议，申请人作为"EMERSON QUIET KOOL"商标的受让方，同样享有上述协议的相关权利。被申请人明知申请人"EMERSON QUIET KOOL"商标的存在，却在同一种或类似商品上申请注册与之相同的争议商标，明显存在抢注

的恶意。综上，依据2013年《商标法》第十五条第二款、第四十五条第一款的规定，请求对争议商标予以无效宣告。

申请人向我局提交了以下主要证据（复印件）：1、经公证认证的《同意协议》、《商标转让说明》、"EMERSON QUIET KOOL"美国商标注册证；2、"EMERSON QUIET KOOL"商标在美国的转让记录；3、飞达仕公司历史简介；4、其他证据材料。

被申请人答辩的主要理由：被申请人成立于1890年，在融合科技与技术工程领域中占据世界领导地位，是"EMERSON"系列商标的真正所有人。申请人援引在美国注册的第4688893号商标非《同意协议》中所涉及的商标，且指定使用的商品与本案争议商标指定使用商品也不属于类似商品。前述《同意协议》效力范围仅针对美国境内的特定美国商标申请或注册，并非全球性协议，且协议中所涉及的特定美国商标并没有实际转让至申请人名下，申请人并不是该协议中权利和义务的承继主体。本案申请人提交的证据材料不能证明其在争议商标申请日前已在中国市场中对"EMERSON QUIET KOOL"商标进行了使用，且申请人对"EMERSON QUIET KOOL"商标的使用也是对被申请人"EMERSON"系列商标权的侵犯，不能成为合法的商业使用。综上，请求维持争议商标的注册。

被申请人向我局提交了中国工业机房空调行业年度研究报告、"EMERSON"在中国大陆的期刊宣传报道、"EMERSON"系列商标档案、美国商标查询记录、申请人侵权产品照片、相关商标案件行政裁定书和法院判决书等证据材料（光盘）。

经审理查明：争议商标由被申请人于2018年3月13日提出注册申请，2019年1月28日获准注册，核定使用在第11类空调机、水供暖装置、卫生器械和设备等商品上，现处于专用期内。

Exhibit 13, Page 3

以上事实有商标档案为证。

我局认为，本案中，争议商标获准注册日期早于2019年11月1日，根据法不溯及既往的原则，实体问题应适用2013年《商标法》。本案的相关程序问题仍适用2019年《商标法》。

申请人称争议商标的注册违反了2013年《商标法》第十五条第二款的的规定，该条款是指存在除第一款规定以外的合同、业务往来关系或者其他关系而明知该他人商标存在，并在相同或类似商品及服务上抢先注册他人商标的情形。本案中，申请人提交的经公证认证的《同意协议》内容中并未明确其效力范围涉及中国境内或全球范围内，并且申请人提交的美国商标注册证、飞达仕公司简介等在案证据亦不能证明申请人或所主张的"EMERSON QUIET KOOL"商标原权利人欧威尔公司在争议商标申请日前，已在中国大陆地区在争议商标核定使用的空调机、水供暖装置、卫生器械和设备等商品或与之类似商品上使用了"EMERSON QUIET KOOL"商标，故本案难以认定申请人在中国大陆地区对"EMERSON QUIET KOOL"商标享有在先权利。因此，被申请人申请注册争议商标的行为未构成2013年《商标法》第十五条第二款所指情形。

依照2019年《商标法》第四十五条第二款和第四十六条的规定，我局裁定如下：

争议商标予以维持。

当事人如不服本裁定，可以自收到本裁定书之日起三十日内向北京知识产权法院起诉，并在向法院递交起诉状的同时或者至迟十五日内将该起诉状副本抄送或者另行书面告知我局。

        合议组成员：马媛媛
             张旭
             张萌



4/4



廊坊市永华纸塑制品厂
执行标准GB/T1416-2003
印量：50000枚
2020年出厂
河北省邮政管理局监制
05-R018-C5 国内信封



# China National Intellectual Property Administration

Decision Regarding the Request for Invalidation
For No. 29560444 "EMERSON QUIET KOOL" trademark

Shang Ping Zi (2020) No. 0000053006

Applicant: EMERSON QUIET KOOL Co., Ltd.

Attorney: Guangdong Zhongyi Law Firm

Respondent: Emerson Electric

Attorney: Beijing JunHe LLP

    The Applicant filed an invalidation request for the No. 29560444 "EMERSON QUIET KOOL" trademark (hereinafter referred to as the disputed trademark) on April 15, 2019, which was reviewed by our Office and the trial has now been concluded.

    The Applicant's position: The Applicant was assigned the "EMERSON QUIET KOOL" trademark on January 10, 2017, and has the trademark rights to "EMERSON QUIET KOOL" in the United States. The products involve air conditioners and dehumidifiers. The trademark has a long-standing history. It is a well-known trademark. In 2009, the Respondent and the original registrant of the "EMERSON QUIET KOOL" trademark, Airwell Hong Kong Technology Co., Ltd. (hereinafter referred to as Airwell Corporation) signed a "Consent Agreement". It is agreed that the Respondent shall not register trademarks with the word "EMERSON" on air conditioners, dehumidifiers or similar products. The agreement is a global agreement, and the Applicant, as the transferee of the "EMERSON QUIET KOOL" trademark, also enjoys the related rights of the above agreement. The Respondent was clearly aware of the existence of the Applicant's "EMERSON QUIET KOOL" trademark, but still applied for the registration of the same disputed trademark on the same or similar goods, and the preemptive registration was obviously malicious. In summary,

in accordance with the provisions of Article 15 Paragraph 2 and Article 45 Paragraph 1 of the 2013 Trademark Law, the disputed trademark is requested to be invalidated.

The Applicant submitted the following main evidence (photocopies) to our Office: 1. The notarized and certified "Consent Agreement", "Trademark Assignment Instructions", "EMERSON QUIET KOOL" US trademark registration certificate; 2. the transfer records of "EMERSON QUIET KOOL" trademark in the United States; 3. A brief introduction of Fedders' history; 4. Other evidence and materials.

The Respondent's arguments in the Respondent's reply: The Respondent was established in 1890, with a world leading position in the field of converging technology and technical engineering, and is the true owner of the "EMERSON" series of trademarks. The Applicant cited the No. 4688893 trademark registered in the United States that is not the trademark involved in the "Consent Agreement", and its designated use and the designated use of the disputed trademark in this case are not similar goods. The scope of effect of the aforementioned "Consent Agreement" only applies to specific U.S. trademark applications or registrations in the United States, and is not a global agreement, and the specific U.S. trademarks involved in the agreement were not actually transferred to the Applicant, and the Applicant is not the inheritor of the rights and obligations in the agreement. The evidence and materials submitted by the Applicant in this case cannot prove that it had used the "EMERSON QUIET KOOL" trademark in the Chinese market before the disputed trademark application date. Moreover, the Applicant's use of the "EMERSON QUIET KOOL" trademark is also an infringement of the Respondent's "EMERSON" trademark series and cannot be considered as legal commercial use. In summary, Respondent requests maintaining the registration of the disputed trademark.

The Respondent submitted evidence and materials (CD-ROM) to our Office, such as an annual research report on China's industrial computer room air-conditioning industry, "EMERSON" periodicals in Mainland China, trademark files for "EMERSON" series, US trademark search records, photos of the Applicant's infringing products, administrative rulings and court judgments in related trademark cases.

After the trial, it was found that the disputed trademark was filed by the Respondent for registration on March 13, 2018, and was approved for registration on January 28, 2019. It was approved for use in goods such as Class 11 air conditioners,

water heating devices, sanitary appliances and equipment. It is currently in the designated period.

The above facts are evidenced by the trademark files.

Our office believes that in this case, the disputed trademark was approved for registration earlier than November 1, 2019. According to the principle of non-retroactivity, the substantive issues should be governed by the 2013 Trademark Law, and the relevant procedural issues in this case should still be subject to the 2019 Trademark Law.

The Applicant claimed that the registration of the disputed trademark violated the second paragraph of Article 15 of the 2013 Trademark Law, which refers to the existence of a contract, business relationship or other relationship other than the provisions of the first paragraph and knowing that the other person's trademarks exist, and preemptively register the trademarks of others on the same or similar goods and services. In this case, the contents of the notarized and certified "Consent Agreement" submitted by the Applicant did not specify that its scope of validity involves China or the world, and the U.S. trademark registration certificate, the brief introduction of Fedders and other evidence submitted by the Applicant in the case cannot prove that the Applicant or the original right holder of the "EMERSON QUIET KOOL" trademark, Airwell Corporation, has used the "EMERSON QUIET KOOL" trademark on goods or similar goods approved for the use of the disputed trademark such as air conditioners, water heating devices, sanitary appliances and equipment in Mainland China before the disputed trademark application date. Hence, in this case, it is difficult to determine that the Applicant has prior rights to the "EMERSON QUIET KOOL" trademark in Mainland China. Therefore, the Respondent's application for the registration of the disputed trademark did not constitute the situation referred to in Article 15 Paragraph 2 of the 2013 Trademark Law.

In accordance with the provisions of Article 45, Paragraph 2 and Article 46 of the 2019 Trademark Law, our Office has ruled as follows:

The disputed trademark shall be sustained.

If the parties disagree with this ruling, they may file a suit with the Beijing Intellectual Property Court within thirty days from the date of receipt of this ruling, and a copy of the complaint may be sent to the court at the same time or within fifteen days at the latest or otherwise inform our office in writing.

4/4

Members of the collegiate group: Yuan MA

Xu ZHANG

Meng ZHANG

[seal:] China National Intellectual Property Administration/March 26, 2020/Trademark review stamp/ 1101081467335

4/4





Beijing

Dong Dan (Tou) 1

Langfang Yonghua Paper Plastic Product FactoryStandard GB/T1416-2003

Volume: 200000

Produced in 2019

Supervised by Hebei Postal Management Bureau

05-R018-C5 domestic envelope

Exhibit 13, Page 13